UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RYAN ROBB,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS,<br><br>    Defendant. | Case No. 2:18-cv-02307-CSB-EIL<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his Second Amended Complaint against the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEQITT, DOUGLAS, EDGAR, FORD, IROQUIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILLION AND STATE OF ILLINOIS ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages and equitable and injunctive relief for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

4.  All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

   a.  Plaintiff filed a Charge of Discrimination/Retaliation, number 440-2017-02132, with the Equal Employment Opportunity Commission ("EEOC").

   b.  The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on September 6, 2018.

## PARTIES

5.  Plaintiff is an individual who was at all relevant times residing in within the Central District of Illinois in the area covered by the Urbana Division.

6.  On information and belief, Defendant is a board of education organized under the laws of the State of Illinois, whose principal place of business is located in Champaign, Illinois.

7.  Plaintiff and Defendant are "persons" as defined in 42 U.S.C. § 2000e(a).

8.  Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b), as, on information and belief, it engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

9.  At all relevant times, Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 2000e(f), as he was an individual who employed by Defendant, an employer.

## BACKGROUND FACTS

**A. FACTS RELATED TO DEFENDANT'S INITIAL RETALIATION AGAINST PLAINTIFF FOR HIS INVOLVMENT IN THE INVESTIGATION OF CASSANDRA WOLSIC'S EEOC CHARGE OF DISCRIMINATION**

10. Plaintiff began his employment with Defendant on or about August 18, 2003.

11. Plaintiff's most recent position with Defendant was as a full-time faculty member and college professor in the Agricultural Program within the Agriculture, Engineering, Science, and Technology Department of Parkland College.

12. Throughout Plaintiff's entire career at Parkland College, he has received positive course evaluations from both his students and department chairs.

13. During or about October 2015, Plaintiff acted as a witness in investigation resulting from an EEOC Charge of Discrimination filed by Cassandra Wolsic ("Wolsic"), a part-time faculty member at Parkland College, against Defendant.

14. During or about December 2015, Defendant's Chair of Business and Agri-Industries Department at Parkland College, Bruce Henrikson ("Henrikson") requested to evaluate Plaintiff and arbitrarily assign course load affecting Plaintiff's pay for the upcoming Spring 2016 Semester.

15. Defendant learned of Plaintiff's involvement as a witness in the investigation into Wolsic's EEOC Charge of Discrimination (the "EEOC investigation") on December 8, 2015, when Plaintiff sent an email to Kathleen McAndrew ("McAndrew"), Defendant's and/or Parkland College's Director of Human Resources, telling McAndrew about his involvement in the EEOC investigation.

16. Plaintiff also advised McAndrew in said email that he believed Henrikson's actions described above to be in retaliation against Plaintiff for acting as a witness in the EEOC

3

investigation. Thus, Plaintiff believed Henrikson was also aware of Plaintiff's involvement in the EEOC investigation.

17. During the 2016 Summer Semester, which started in June 2016, Henrikson denied Plaintiff the ability to bank hours and instead paid those hours at a reduced rate. Also, Plaintiff was given an inequitable number of student interns to supervise during summer semesters compared to other faculty.

18. On or about July 1, 2016, James Mansfield ("Mansfield") became the new Chair of Defendant's Agricultural Department. Mansfield worked alongside Henrikson during the 2016 Spring Semester. Mansfield was aware of Plaintiff's participation in an EEOC Charge of Discrimination.

19. During the 2016 Fall Semester, which started in September 2016, Plaintiff was initially denied equitable pay for his role as an advisor in the Parkland College Agricultural Club. However, the pay was eventually corrected.

20. During the 2016 Fall Semester, Plaintiff was provided a lesser course load than other full-time faculty members in the Defendant's and/or Parkland College's Agriculture Program.

21. During the 2017 Spring Semester, which started in January 2017, new part-time faculty members were hired to teach courses Plaintiff was qualified to teach, while Plaintiff was given a reduced teaching load and his pay was decreased.

22. During the 2017 Spring Semester, Plaintiff was provided only two courses to teach requiring him to use banked hours to meet the 15 minimum hours required by his contract, while all other full-time faculty members in Defendant's and/or Parkland College's Agriculture Program received over 15 equated contract hours, resulting in extra pay for those employees.

23. During the 2017 Spring Semester, Plaintiff filed a grievance with Defendant related to the above incidents, but it was denied by the grievance committee without review.

24. During or about April 2017, Plaintiff filed his Charge of Discrimination/Retaliation with the EEOC.

**B. FACTS RELATED TO DEFENDANT'S RETALIATION AGAINST PLAINTIFF AFTER THE FILING OF HIS OWN EEOC CHARGE OF DISCRIMINATION**

25. Upon information and belief, Defendants received notice of the filing of Plaintiff's EEOC Charge of Discrimination from the EEOC within approximately 10 days of April 10, 2017.

26. During the 2017 Fall Semester, which started in September 2017, part-time faculty were hired to teach courses Plaintiff was qualified to teach, while Plaintiff was given a reduced teaching load and his pay was decreased.

27. During the 2017 Fall Semester, Plaintiff received less than the required 15 equated contract hours required in the CBA, while other faculty members in Defendant's and/or Parkland College's Agriculture Program received over 15 equated contract hour, resulting in extra pay for those employees.

28. During the 2018 Spring Semester, Plaintiff received less than the required 15 equated contract hours required under the CBA, while other faculty members in Defendant's and/or Parkland College's Agriculture Program received over 15 equated contract hours, resulting in extra pay for those employees.

29. During the 2018 Spring Semester, Plaintiff filed another grievance with Defendant's collective bargaining unit for which he was disciplined and a final discipline notice was placed in his personnel file.

30. Shortly thereafter, Defendant's human resources department attempted to force Plaintiff to apply for Family and Medical Leave Act ("FMLA") time off when he had ample sick leave to use and did not need FMLA leave.

31. During the 2018 Spring Semester, Plaintiff's sick time benefits were inequitably reduced, in part because he received less than the required 15 equated contract hours required under the CBA.

32. During the 2018 Summer Semester, which started in June 2018, the course Plaintiff had traditionally taught was not offered and Plaintiff was denied an equitable course load, despite the fact that Plaintiff was qualified to teach other courses offered that semester.

33. During the 2018 Fall Semester, Defendant's human resources department again tried to force Plaintiff to take FMLA time off for which he did not qualify, and placed a final discipline notice in his personnel file.

34. During the 2018 Fall Semester, which started in September 2018, Defendant made changes to certain teaching qualifications so that Plaintiff was no longer qualified to teach courses he had taught at Parkland College since 2003.

35. During the 2018 Fall Semester, Plaintiff was assigned only two courses, which he was supposedly no longer qualified to teach, while all other full-time faculty members in his department received over 15 equated contract hours, resulting in extra pay for those employees.

36. During the 2018 Fall Semester, Defendant allowed Kaizad Irani ("Irani") to teach several agricultural classes, despite Irani having neither any relevant course work in agriculture, nor the qualifications of Plaintiff to teach such courses. Instead, Irani has a Master's Degree in Architecture.

37. Defendant also allowed other individuals to teach courses that Plaintiff was far more qualified to teach.

38. Between 2015 and the present, as a result of Defendant's retaliation for Plaintiff acting as a witness in the investigation resulting from Wolsic's EEOC Charge of Discrimination and/or for filing his own Charge of Discrimination/Retaliation, Plaintiff has been denied approximately 60.6 total equated contract hours that he should have been allowed to teach.

39. Due to Defendant's course of action between 2015 and present, which required Plaintiff to repeatedly use his banked hours to meet the 15 credit hour minimum requirements under his contract, Plaintiff has run out of banked hours.

40. As a result of Defendant wrongfully forcing Plaintiff to deplete his banked hours, Plaintiff has been deprived of the ability to use those hours at a later date under a contract with a higher salary. If those banked hours are calculated with denied contract load and overload over just the next two contractual periods, Plaintiff would be entitled to approximately $171,625.80.

41. On or about October 17, 2018, Defendant executed a reduction in force, thereby eliminating Plaintiff's position.

42. In October 2018, Plaintiff was subjected to a reduction in force proceeding, by which Plaintiff was given a four-day period between October 19, 2018 and October 23, 2018 to respond to the proceeding. However, Plaintiff did not receive notice of the reduction in force proceeding until after the four-day period ended.

43. Plaintiff is the only full-time faculty member of any department at Parkland College to be affected by said reduction in force.

44. Defendant's reduction in force referenced low student enrollment in animal science classes and the animal science program as the justification for eliminating Plaintiff's position,

despite his long history of teaching a wide variety of agriculture classes in the Agriculture Program at Parkland College and other community colleges in Illinois.

45. The reduction in force eliminates Plaintiff's position while retaining employees with less seniority to teach classes Plaintiff is competent to teach, in violation of Illinois law.[1]

46. During the 2018 Fall Semester, Plaintiff was assigned only one class to teach for the 2019 Spring Semester at a maximum of 4.6 credit hours.

47. Based on Plaintiff's employment contract signed July 16, 2018, he earns an annual base salary of $82,080.32, or $2,736.01 per credit hour.

48. Based on the CBA, Plaintiff's base salary for August 2019 through May 2020 (i.e. the 2019-20 academic year), would have been $84,544.73. Plaintiff's base salary for the following academic year would have been $87,081.07.

49. On or about November 30, 2018, Defendant and/or Parkland College posted a job bulletin inviting applications for an Agriculture/Horticulture Tenure-Track Faculty member, despite the reduction in force which eliminated Plaintiff's position due to supposed low enrollment.

50. During or about November 2018, Jennifer Fridgen ("Fridgen"), Defendant's and/or Parkland College's Agricultural Program Director, and Roberta "Bobbi" Scholze ("Scholze"), Defendant's and/or Parkland College's Career & Technical Education Dean, asked Plaintiff to agree to teach Spring 2019 course at pro rata pay level based on enrollment instead of full pay.

---

[1] "The employment of no tenured faculty member may be terminated …while any probationary faculty member, or any other employee with less seniority, is retained to render a service which the tenured employee is competent to render." 110 ILCS 805/3B-5.

Plaintiff refused those payment terms, because he had never previously been required to teach courses at a pro rata payment level.

51.     During or about November 2018, Scholze confirmed that Plaintiff would not be allowed to teach courses he had been teaching at Parkland College, and other colleges, since 2003.

52.     Throughout the Fall 2018 Semester, Scholze calculated eight hours of lost sick leave time per day for November absences while Defendant did not allow Plaintiff full time course loads.

53.     During or about December 2018, Pam Lau ("Lau") emailed Plaintiff confirming that he would only be assigned to teach one course, AGB 101: Introduction to Animal Sciences, for the Spring Semester of 2019, and that Defendant would be removing Plaintiff's remaining banked hours to apply to Plaintiff's course load, but that Plaintiff's course load would still be less than full time.

54.     On information and belief, new part-time instructors with no teaching experience were hired for the Spring Semester of 2019 to teach courses Plaintiff has taught at Parkland College since 2003.

55.     During or about December, 2018, Fridgen assigned herself to co-teach courses with new part time instructors with no teaching experience. Fridgen does not fit the credential rubric to teach those courses.

56.     During the 2018 Fall Semester, Fridgen and Scholze selected unqualified substitute teachers for Plaintiff's AGB 102: Introduction to Agricultural Economics course. The substitute teachers informed Plaintiff's students that Plaintiff would be removed as the course professor because he was unqualified to teach.

9

57. As a result of the substitute teachers' statements to students, Plaintiff received the worst course evaluations he had ever received. Students wrote that Plaintiff was unqualified to teach the course. Plaintiff has taught Introduction to Agricultural Economics at Parkland College since 2003, and had consistently received positive course evaluations until the 2018 Fall Semester.

58. During January, 2019, Plaintiff received an email from Betty Zeedyk ("Zeedyk"), Defendant's Human Resources Benefits and Compensation Manager, informing him that he could choose between allowing Defendant to use the rest of his banked hours and pay him a total of $528.94 for the entirety of the 2019 Spring Semester, or to not receive any further paychecks and owe the college $6,963.07.

59. On February 1, 2019, Plaintiff received a second email from Zeedyk stating that because Plaintiff refused both options presented to him, that Defendant made the decision to remove the rest of Plaintiff's banked hours and to proceed with paying him $528.94 as his final payment for this academic year.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DUE TO RETALIATION

60. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 59 above as if fully reiterated herein.

61. Defendant, in violation of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity in retaliation for acting as a witness in the investigation resulting from Wolsic's EEOC Charge of Discrimination.

62. During Plaintiff's employment with Defendant and when Plaintiff was laid-off by Defendant, he was subjected to retaliation for engaging in a legally-protected activity, as set forth above.

63. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents and/or authorized representatives of Defendant.

64. Defendant, through its employees, agents and/or authorized representatives, knew that its retaliation against Plaintiff for acting as a witness in the investigation resulting from Wolsic's EEOC Charge of Discrimination.

65. This Complaint seeks restitution to Plaintiff for the denial of all of his rights, privileges, benefits and income that would have been received by him but for Defendant's unlawful and illegal retaliatory acts and practices.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DUE TO RETALIATION

66. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 65 above as if fully reiterated herein.

67. Defendant, in violation of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity in retaliation for filing his own EEOC Charge of Discrimination/Retaliation.

68. During Plaintiff's employment with Defendant and when Plaintiff was laid-off by Defendant, he was subjected to retaliation for engaging in a legally-protected activity, as set forth above.

69. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were

undertaken in their capacities as the employees, agents and/or authorized representatives of Defendant.

70. Defendant, through its employees, agents and/or authorized representatives, knew that its retaliation against Plaintiff for filing his own EEOC Charge of Discrimination/Retaliation violated Title VII.

71. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage or custom of retaliating against Plaintiff because of his partaking in a protected activity with respect to compensation, terms, conditions and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, for filing his own EEOC Charge of Discrimination/Retaliation. This Complaint also seeks restitution to Plaintiff for the denial of all of his rights, privileges, benefits and income that would have been received by him but for Defendant's unlawful and illegal retaliatory acts and practices.

72. Plaintiff has suffered and irreparable injury because Defendant has wrongfully drained his banked hours, as alleged above, which could have been used at a later date when inflation rates were higher and Plaintiff was entitled to more pay per credit hour, and Defendant's retaliatory acts are ongoing. Remedies available at law such as monetary damages are inadequate to fully compensate Plaintiff for his banked hours because he has already been forced to use his banked hours at a lessor rate than he would have otherwise used them. Remedies available at law such as monetary damages are inadequate because the value of damages Plaintiff will continue to suffer as result of Defendant's continuing actions are impossible to calculate, as they are ongoing. The balance of hardships warrants remedy in equity because Defendant will suffer not hardship by abstaining from continually breaking the law, while Plaintiff will continue to suffer incalculable

monetary damages as a result of Defendant's ongoing actions. Finally, public interest would be served by enjoining Defendant's unlawful activity, as Plaintiff and other employee's legal rights under Title VII would be bolstered. Therefore, Plaintiff's claim for injunctive relief must be granted for the reasons alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RYAN ROBB, respectfully prays this Honorable Court enter judgment against Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEQITT, DOUGLAS, EDGAR, FORD, IROQUIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILLION AND STATE OF ILLINOIS, as follows:

   a. Declaring the Defendant's ongoing practices complained of herein unlawful and in violation of Title VII;

   b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

   c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to retaliate against individuals who file Charges of Discrimination or Retaliation with the EEOC or otherwise act as witnesses in EEOC investigations resulting from such Charges;

  d.  Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory and/or retaliatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory and/or retaliatory practices of Defendant, or awarding Plaintiff front-end and future pay;

  e.  Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory and/or retaliatory practices of Defendant;

  f.  Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory and/or retaliatory practices of Defendant;

  g.  Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees;

  h.  Awarding Plaintiff liquidated, compensatory, and/or punitive damages for Defendant's willful conduct; and

  i.  Granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of any attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

RYAN ROBB

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 5, 2019, a copy of the foregoing Second Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff