E-FILED
Thursday, 02 May, 2019 11:24:59 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| RYAN ROBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-CV-2307 |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| COMMUNITY COLLEGE DISTRICT | ) | |
| NO. 505 (PARKLAND COLLEGE) | ) | |
| COUNTIES OF CHAMPAIGN, | ) | |
| COLES, DEWITT, DOUGLAS, | ) | |
| EDGAR, FORD, IROQUOIS, | ) | |
| LIVINGSTON, MCLEAN, | ) | |
| MOULTRIE, PIATT, VERMILION | ) | |
| AND STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff Ryan Robb filed a Second Amended Complaint for damages, equitable relief, and injunctive relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. against a single defendant, Board of Trustees of Community College District No. 505 (Parkland College) Counties of Champaign, Coles, DeWitt, Douglas, Edgar, Ford, Iroquois, Livingston, McLean, Moultrie, Piatt, Vermilion and State of Illinois. Defendant has filed

a Motion to Dismiss, Or Alternatively, Motion to Strike Second Amended Complaint (d/e 15) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

The Motion is DENIED. Defendant has not met its burden of proof on the affirmative defense of failure to exhaust. Moreover, Plaintiff has sufficiently alleged an entitlement to a permanent injunction and declaratory relief.

## I. JURISDICTION

This Court has subject matter jurisdiction because Plaintiff's claims are based on Title VII, a federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Venue is proper because Defendant resides in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Central District of Illinois. 28 U.S.C. § 1391(b).

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only

provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

Pursuant to Rule 12(f) of the Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because such motions often only delay the proceedings. See Heller Fin., Inc.

v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). However, if a motion to strike removes unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings. Id.

### III. BACKGROUND

The following facts come from the Second Amended Complaint and are accepted as true at the motion to dismiss stage. Tamayo, 526 F.3d at 1081.

Plaintiff began his employment with Defendant on August 18, 2003. His most recent position was as a full-time faculty member and college professor in the Agricultural Program within the Agriculture, Engineering, Science, and Technology Department of Parkland College. Under his contract, Plaintiff was required to teach a minimum of 15 credit hours per semester. See Sec. Am. Compl. ¶¶ 31, 39.

In October 2015, Plaintiff acted as a witness in an investigation resulting from an Equal Employment Opportunity Commission (EEOC) Charge of Discrimination filed by Cassandra Wolsic, a part-time faculty member at Parkland College, against Defendant. Plaintiff alleges that Defendant, through its employees,

agents, and/or authorized representatives, knew about Plaintiff's actions and thereafter retaliated against Plaintiff.  The retaliation included (1) denying Plaintiff the ability to "bank hours" and paying those hours at a reduced rate; (2) giving Plaintiff an inequitable number of student interns to supervise during summer semesters compared to other faculty; (3) denying Plaintiff equitable pay for his role as an advisor in the Parkland College Agricultural Club, although the pay was eventually corrected; and (4) denying Plaintiff's 2017 Spring Semester without review.  See Sec. Am. Compl. ¶¶ 17, 19, 23. Plaintiff also alleges he was provided a "lesser course load than other full-time faculty members in Defendant's and/or Parkland College's Agriculture Program." Id. ¶ 20.

In April 2017, Plaintiff filed the EEOC Charge of Discrimination (id. ¶ 24), on which he marked the box "retaliation."[1]

---

[1] Although Plaintiff did not attach to the Second Amended Complaint a copy of the EEOC Charge and the Right to Sue Letter, Defendant asks the Court to take judicial notice of those documents.  A motion under Rule 12(b)(6) can be based on documents that are critical to the complaint and referred to in the complaint as well as information that is subject to proper judicial notice. Geinosky v. City of Chi., 675 F.3d 743, 745 n.1 (7th Cir. 2012); Metz v. Joe Rizza Imports, Inc., 700 F. Supp. 2d 983, 989 n.2 (N.D. Ill. 2010) (taking judicial notice of EEOC charge and determination letters attached to the defendants' motion to dismiss).  Because the EEOC Charge and Right to Sue Letter meet these requirements, the Court will consider them.

Plaintiff alleged the latest date the discrimination took place was April 5, 2017, and he did not mark the box reading "continuing action." The EEOC Charge alleges:

> I began my employment with Respondent in or around August 2003. My current position is Professor of Agriculture. During my employment, I participated in an EEOC investigation. Since in or around December 2015, Respondent has subjected me to different terms and conditions of employment, including, but not limited to, assigning me to teach fewer courses, excluding me from departmental meetings and seminars, and failing to provide reimbursements for expenses associated with professional conferences. Also excluding me from program meetings, hiring processes, and student club activities.

The Second Amended Complaint alleges that Defendant received notice of the EEOC Charge within approximately 10 days of April 10, 2017. Sec. Am. Compl. ¶ 25. Plaintiff alleges that, between April 2017 and February 2019, Defendant retaliated against Plaintiff by giving him a reduced teaching load, which resulted in decreased pay and required Plaintiff to use all of his "banked" hours; attempting to force Plaintiff to apply for Family and Medical Leave Act leave; changing teaching qualifications so that Plaintiff was no longer qualified to teach courses he had taught since 2003; implementing a reduction in force that only affected

Plaintiff; and hiring new part-time instructions with no teaching experience to teach courses Plaintiff had taught at Parkland College since 2003.  See, generally, Sec. Am. Compl. ¶¶ 26-59.  Plaintiff is currently teaching one class in the 2019 Spring Semester.  Id. ¶ 53.

Counts I and II of the Second Amended Complaint are based on all of the same allegations.  In Count I, Plaintiff alleges that Defendant retaliated against him in violation of Title VII for acting as a witness in the investigation that resulted from Wolsic's EEOC Charge of Discrimination.  In Count II, Plaintiff alleges that Defendant retaliated against him in violation of Title VII for filing his own Charge of Discrimination.

Plaintiff seeks liquidated damages, compensatory damages, punitive damages, costs, and attorney's fees.  Plaintiff seeks an order "[d]eclaring the Defendant's ongoing practices complained of herein unlawful and in violation of Title VII."  Sec. Am. Compl., Prayer for Relief (a).  Plaintiff also seeks a permanent injunction enjoining Defendant from engaging in unlawful practices, policies, customs, and usages.  See id. ¶ 71-72; Prayer for Relief (b), (c).  Finally, Plaintiff seeks assignment to the position he would be

occupying but for the discriminatory/retaliatory practices of Defendant or an award of front-end and future pay.

In March 2019, Defendant filed a Motion to Dismiss, or Alternatively, Motion to Strike Second Amended Complaint. Defendant argues (1) Count I should be dismissed because the Count contains multiple allegations for which Plaintiff has failed to exhaust his administrative remedies; (2) Plaintiff has not adequately alleged he is entitled to a permanent injunction; (3) Plaintiff improperly seeks a declaratory judgment declaring Defendant's past conduct unlawful; and (4) in the alternative, that the Court should strike Paragraphs 17, 19, 23, and 25 through 59 of Count I, Paragraphs 71 and 72, the prayer for relief paragraph (a) for a declaratory judgment, and the prayer for relief paragraphs (b) through (d) seeking injunctive relief.

## IV. ANALYSIS

**A.   Defendant's Motion to Dismiss Count I or, Alternatively, Strike Paragraphs 17, 19, 23, and 25 Through 59 is Denied**

Defendant requests that the Court dismiss Count I because the Count contains multiple allegations for which Plaintiff failed to exhaust his administrative remedies.  Specifically, Defendant

asserts that Paragraphs 17, 19, 23, and 25 through 59 are either outside the scope of the activities listed in Plaintiff's EEOC charge or outside the dates (December 2015 to April 5, 2017) listed in Plaintiff's EEOC Charge. Defendant alternatively asks the Court to strike Paragraphs 17, 19, 23, and Paragraphs 25 through 59. Paragraphs 17, 19, and 23 involve conduct that predates Plaintiff's EEOC Charge and Paragraphs 25 through 49 involve conduct that postdates the EEOC Charge.

Before filing a Title VII lawsuit, a plaintiff must exhaust his administrative remedies by filing a timely charge with the EEOC and receiving a right to sue letter. Doe v. Oberweis Dairy, 456 F.3d 704, 708 (7th Cir. 2006). A plaintiff may not bring claims in a lawsuit under Title VII that were not included in the charge of discrimination. Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 550 (7th Cir. 2002). This exhaustion requirement gives the EEOC and the employer a chance to settle the dispute and also gives the employer notice of the employee's grievances. Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty., 804 F.3d 826, 831 (7th Cir. 2015).

However, failure to exhaust is an affirmative defense. Salas v. Wis. Dep't of Corr., 493 F.3d 913, 922 (7th Cir. 2007). A complaint need not anticipate and rebut an affirmative defense. U.S. Gypsum Co. v. Ind. Gas Co., Inc., 350 F.3d 623, 626 (7th Cir. 2003). A litigant may, however, plead himself out of court if he alleges "the ingredients of a defense." Id.

The Court finds that Plaintiff has not pled himself out of court. Because most charges of discrimination are drafted by laypersons, courts review the scope of the charge liberally. Huri, 804 F.3d at 831. Consequently, a plaintiff need not include in his charge every fact that forms the basis of a subsequent lawsuit's claims. Id.

In particular, a plaintiff can bring federal court claims that were not included in the charge of discrimination if the federal claims are "like or reasonably related to the allegations of the charge and growing out of such allegations." Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) (internal quotation marks omitted) (quoting Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). The test is satisfied if "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the

complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." Id. (noting that the second part of the test is difficult because what might be discovered during the investigation is speculative and finding that the court need not so speculate when the plaintiff fails to satisfy the first part of the test). To be like or reasonably related, the federal claim and the claim in the charge of discrimination "'must, at a minimum, describe the same conduct and implicate the same individuals.'" Moore v. Vital Prods., Inc., 641 F.3d 253, 258 (7th Cir. 2011) (quoting Cheek, 31 F.3d at 501).

Paragraphs 17, 19, and 23 allege conduct that occurred prior to Plaintiff filing his EEOC Charge but that is not, according to Defendant, contained in the EEOC charge. Paragraph 17 alleges that Plaintiff was denied the ability to bank hours and paid those hours at a reduced rate. Plaintiff was also given an inequitable number of student interns to supervise. Paragraph 19 alleges that, during the 2016 Fall semester, Plaintiff was denied equitable pay for his role as an advisor in the Parkland College Agricultural Club, although the pay was eventually corrected. Finally, in Paragraph 23, Plaintiff alleges that, during the 2017 Spring Semester, Plaintiff

filed a grievance, which was denied by the grievance committee without review.  At this stage of the litigation, the Court finds the affirmative defense of failure to exhaust is not satisfied.  Plaintiff has not pleaded himself out of Court as the allegations contained in Paragraphs 17, 19, and 23 could be like or reasonably related to the EEOC Charge and grow out of the allegations contained in the EEOC Charge.

Paragraphs 25 through 59 generally detail alleged retaliation that occurred during the 2017 Fall Semester, after Plaintiff filed his EEOC Charge.  This retaliation includes the reduced teaching load; pay decrease; attempts to force Plaintiff to apply for FMLA; changing the teaching qualifications; executing a reduction in force; and hiring less qualified instructors.

When retaliation occurs after an individual has filed an EEOC charge of discrimination, the individual does not need to file a second charge of discrimination to sue for that additional retaliation.  Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1030 (7th Cir. 2013).  A second filing "would serve no purpose except to create additional procedural technicalities.'" McKenzie v. Illinois Dep't of Transp., 92 F.3d 473, 482 (7th Cir. 1996) (quoting Steffen

v. Meridian Life, Ins. Co., 859 F.2d 534, 545 (7th Cir. 1988)); Luevano, 722 F.3d at 1030 (noting that the rule avoids "futile procedural technicalities and endless loops of charge/retaliation/charge/ retaliation, etc.").

The Court recognizes that Defendant only challenges Paragraphs 25 through 59 with regard to Count I—the Count alleging retaliation for acting as a witness in an investigation resulting from Wolsic's EEOC Charge—and not Count II—pertaining to the alleged retaliation for Plaintiff filing an EEOC Charge himself. However, at least at this stage of the litigation, the Court finds that the same rationale applies to Count I. Having filed an EEOC Charge challenging the alleged retaliation, a second filing for the continued retaliation would serve no purpose.

In sum, at this stage of the litigation, Defendant has not met its burden of proof that Plaintiff failed to exhaust with regard to the allegations contained in Paragraphs 17, 19, 23, and 25 through 59. Therefore, the Motion to Dismiss is denied without prejudice to raising the affirmative defense later in the litigation. In addition, because the allegations in Paragraph 17, 19, 23, and 25 through 59

are neither redundant, immaterial, impertinent, or scandalous, the Court will not strike those paragraphs pursuant to Rule 12(f).

**B.     Defendant's Motion to Dismiss or Strike Paragraphs 71 and 72 and Prayer for Relief Paragraphs (b)-(d) Pertaining to Plaintiff's Request for Permanent Injunction is Denied**

Defendant next argues that Plaintiff's request for a permanent injunction must be dismissed because Plaintiff has not properly alleged a claim for a permanent injunction. According to Defendant, Plaintiff merely alleges he is seeking a permanent injunction followed by "a bare and conclusory recitation" of the elements of a permanent injunction—irreparable injury; no remedy at law; balance of the hardships; and public interest. Alternatively, Defendant asks the Court to strike Paragraphs 71 and 72.

Title VII provides for injunctive relief in certain circumstances, including to enjoin the defendant from engaging in an unlawful employment practice:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as

> the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate.

42 U.S.C. § 2000e-5(g)(1). Once a Title VII violation has been shown, "district judges have broad discretion to issue injunctions addressed to the proven conduct." E.E.O.C. v. Ilona of Hungary, Inc., 108 F.3d 1569, 1578 (7th Cir. 1997). A successful Title VII plaintiff is entitled to injunctive relief if he can show that the "employer's discriminatory conduct could possibly persist in the future." Bruso v. United Airlines, Inc., 239 F.3d 848, 863 (7th Cir. 2001) (Title VII retaliatory demotion case); see also O'Sullivan v. City of Chi., 478 F. Supp. 2d 1034, 1043 (N.D. Ill. 2007) (rejecting argument that a successful Title VII plaintiff must show irreparable injury, no remedy at law, balance of hardship, and public interest).

Here, Plaintiff seeks a permanent injunction enjoining Defendant from engaging in the unlawful practices as set forth in the Second Amended Complaint. Plaintiff alleges that he continues to work for Defendant, at least through the Spring 2019 Semester, and seeks reassignment to the position he would now be occupying but for the discriminatory/retaliatory practices of Defendant. As such, Plaintiff has alleged that the alleged unlawful conduct would

> the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate.

42 U.S.C. § 2000e-5(g)(1). Once a Title VII violation has been shown, "district judges have broad discretion to issue injunctions addressed to the proven conduct." E.E.O.C. v. Ilona of Hungary, Inc., 108 F.3d 1569, 1578 (7th Cir. 1997). A successful Title VII plaintiff is entitled to injunctive relief if he can show that the "employer's discriminatory conduct could possibly persist in the future." Bruso v. United Airlines, Inc., 239 F.3d 848, 863 (7th Cir. 2001) (Title VII retaliatory demotion case); see also O'Sullivan v. City of Chi., 478 F. Supp. 2d 1034, 1043 (N.D. Ill. 2007) (rejecting argument that a successful Title VII plaintiff must show irreparable injury, no remedy at law, balance of hardship, and public interest).

Here, Plaintiff seeks a permanent injunction enjoining Defendant from engaging in the unlawful practices as set forth in the Second Amended Complaint. Plaintiff alleges that he continues to work for Defendant, at least through the Spring 2019 Semester, and seeks reassignment to the position he would now be occupying but for the discriminatory/retaliatory practices of Defendant. As such, Plaintiff has alleged that the alleged unlawful conduct would

possibly persist in the future. Because Plaintiff has alleged a plausible claim for injunctive relief, the Court will neither dismiss nor strike the claim for a permanent injunction.

**C.     Defendant's Motion to Dismiss or Strike Paragraph 71 and Prayer for Relief Paragraph (a) Pertaining to Plaintiff's Request for Declaratory Relief is Denied**

Defendant also argues that declaratory relief is not available because Plaintiff is only seeking to have Defendant's past conduct declared unlawful. Mem. at 6 (d/e 16) (citing <u>Green v. Mansour</u>, 474 U.S. 64, 74 (1985) (holding that the Eleventh Amendment and the principles governing the issuance of declaratory judgments forbid a declaration that a defendant's prior conduct violated federal law). Alternatively, Defendant asks the Court to strike Paragraph 71 and the prayer for relief in Paragraph (a).

Plaintiff seeks a declaration that Defendant's ongoing practices complained of in the Second Amended Complaint and in violation of Title VII are unlawful. On its face, the Second Amended Complaint does not seek to have Defendant's past conduct declared unlawful but instead seeks to define the parties' rights with regard to the future application of Defendant's practices. Moreover, Plaintiff alleges that he continues to work for Defendant, at least through

the Spring 2019 Semester, and seeks reassignment to the position he would now be occupying but for the alleged discriminatory/retaliatory practices of Defendant. Because Plaintiff is not seeking a declaratory judgment that Defendant's prior conduct violated Title VII, the Court denies the motion to dismiss or strike the request for declaratory relief at this time. See, e.g., Fischer v. Canteen Corp., No. 87 C 1718, 1987 WL 12938, at *5 (N.D. Ill. June 19, 1987) (holding in Title VII case that, even though it remained to be seen whether the plaintiff could establish that she was entitled to reinstatement that would give rise to the possibility that she may be subjected to the same conduct, the court refused to strike request for declaratory relief "at this early stage of this case"); see also, e.g., Feliciano v. Jerry's Fruit & Garden Ctr., Inc., No. 93 C 5911, 1994 WL 142963, at *6 (N.D. Ill. Apr. 15, 1994) (striking request for declaratory relief where the plaintiff was no longer an employee and did not seek reinstatement, finding that the plaintiff failed to make a showing of some likelihood of recurrence of the discrimination and harassment).

## V. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss, Or Alternatively, Motion to Strike Second Amended Complaint (d/e 15) is DENIED. Defendant shall file an answer on or before May 15, 2019.

**ENTERED: May 1, 2019**

**FOR THE COURT:**

           *s/Sue E. Myerscough*
           **SUE E. MYERSCOUGH**
           **UNITED STATES DISTRICT JUDGE**