IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN ROBB, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:18-cv-02307-SEM-EIL |
| ) | |
| v. ) | Honorable Judge Sue E. Myerscough |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| COMMUNITY COLLEGE DISTRICT ) | |
| NO. 505 (PARKLAND COLLEGE) ) | |
| COUNTIES OF CHAMPAIGN, COLES, ) | |
| DEWITT, DOUGLAS, EDGAR, FORD, ) | |
| IROQUOIS, LIVINGSTON, MCLEAN, ) | |
| MOULTRIE, PIATT, VERMILION AND ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION IN LIMINE TO BAR ANY REFERENCE
TO A POTENTIAL RECOVERY OF ATTORNEY' FEES**

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his Motion in Limine to Bar Any Reference to a Potential Recovery of Attorneys' Fees, Plaintiff states as follows:

To be admissible, evidence must be relevant. Fed. R. Evid. 402. To be relevant, evidence must have "…any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence may still be inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

The case at bar involves alleged violations of the Title VII of the United States Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, by Defendant. Plaintiff's Third Amended Complaint (ECF #26) alleges that Defendant terminated his employment pursuant to a reduction-

1

in-force in retaliation for Plaintiff having engaged in protected activities, and prays for all relief available to him, including but not limited to attorney fees and litigation costs. If Plaintiff is the prevailing party at trial, the Court may allow Plaintiff to recover his reasonable attorney's fees, expert fees, and costs. 42 U.S.C. § 2000e-5(k).

The main issue to be determined at trial is, in essence, whether Defendant's decision to end Plaintiff's employment by the reduction-in-force was in retaliation for Plaintiff's protected activities. Plaintiff's ability to recover attorney's fees if he prevails in this case has no tendency to make the existence of any fact of consequence to the determination of Defendant's liability, or an award of compensatory damages, which are to be determined by the jury, more or less probable. Furthermore, even if Plaintiff's ability to recover attorney's fees was for the sake of argument somehow relevant, its probative value to the jury is substantially outweighed by the prejudicial effect it could have on Plaintiff at trial.

Given the issues to be decided by the jury in this case, it would be improper to allow any references to Plaintiff's potential recovery of attorney fees before the jury. The remedies available to Plaintiff should he prevail on his claims do not make it more or less probable that Defendant unlawfully retaliated against him. Plaintiff's ability to recover attorney fees also poses a significant threat of unfairly prejudicing the jury against Plaintiff. The risk of prejudice to Plaintiff clearly and substantially outweighs the probative value of a potential recovery of attorney fees, of which there is no probative value.

This Court reached exactly this conclusion in *Tallman v. Freedman Anselmo Lindberg, LLC*, No. 11-3201, 2013 WL 2631754, at *2 (C.D. Ill. June 12, 2013). "In this case, whether Plaintiff may recover attorney fees if he is successful on his claim does not have any tendency to make it more or less probable that Defendant violated the Act. Moreover, even if the ability to

recovery attorney fees bears some relevance to the action, such relevance is substantially outweighed by the possibility of unfair prejudice, confusion of the issues, and misleading the jury." *Id. See also Grenyador v. Ukrainian Village Pharmacy, Inc.*, Case No. 09 C 7891, 2019 WL 1200780, at *4 (N.D. Ill. March 14, 2019) , citing *Tallman, supra.* ("The fact that Plaintiff may recover a double backpay award, attorneys' fees, and litigation costs does not have any tendency to make it more or less probable that UVP unlawfully retaliated against Plaintiff…[I]n this case, discussion of the mandatory statutory relief would be irrelevant and prejudicial to Plaintiff.").

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order barring any reference to a possible recovery of attorney's fees, expert fees, and/or litigation costs before the jury during the trial of this matter, and granting such further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

RYAN ROBB

By: /s/ David B. Levin
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that, on January 17, 2023, a copy of the foregoing Motion in Limine was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                            /s/ David B. Levin
                                            Attorney for Plaintiff