IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN ROBB, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:18-cv-02307-SEM-EIL |
| ) | |
| v. ) | Honorable Judge Sue E. Myerscough |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| COMMUNITY COLLEGE DISTRICT ) | |
| NO. 505 (PARKLAND COLLEGE) ) | |
| COUNTIES OF CHAMPAIGN, COLES, ) | |
| DEWITT, DOUGLAS, EDGAR, FORD, ) | |
| IROQUOIS, LIVINGSTON, MCLEAN, ) | |
| MOULTRIE, PIATT, VERMILION AND ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE WITNESSES**

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his Motion in Limine to Exclude Witnesses, Plaintiff states as follows:

Plaintiff requests that the Court order all witnesses, other than one employee of Defendant that is designated as Defendant's representative by its attorney, be excluded from the courtroom so they cannot hear the other witnesses' testimony.

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. "But this rule does not authorize excluding…an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney..." *Id.*

Both Plaintiff and Defendant plan to call several employees of Defendant as witnesses during the trial. Other than one designated representative of Defendant, Plaintiff requests that the Court exclude those witnesses from the courtroom during other witnesses' testimony pursuant to

1

Fed. R. Evid. 615. Plaintiff further requests that the Court limit Defendant to one "party representative" consistent with the spirit of Rule 615.

This Court, in *United States v. Sheffler*, No. 19-30067, 2021 WL 2742742, at *1 (C.D. Ill. July 1, 2021), held that the Government would be adequately represented by having one case agent present throughout the trial. "Rule 615(b) does not refer to multiple individuals serving as the party's representative. Because of the pandemic, there remains a strong interest in minimizing the number of people in the Courtroom."

Further, to the extent that any witness concludes his or her testimony and remains in the courtroom during another part of the trial, Plaintiff requests that the Court prohibit that witness from testifying further, whether in rebuttal or otherwise. *See, e.g., U.S. v. Tedder*, 403 F.3d 836, 840 (7th Cir. 2005).

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion in Limine to Exclude Witnesses, and enter an order excluding witnesses during other witnesses' testimony, barring those witnesses from reading transcripts of the trial testimony of other witnesses or otherwise being informed of other witnesses' trial testimony, and granting such further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

RYAN ROBB

By:  /s/ David B. Levin
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that, on January 17, 2023, a copy of the foregoing Motion in Limine was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                        /s/ David B. Levin
                                        Attorney for Plaintiff