IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN ROBB, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:18-cv-02307-SEM-EIL |
| ) | |
| v. ) | Honorable Judge Sue E. Myerscough |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| COMMUNITY COLLEGE DISTRICT ) | |
| NO. 505 (PARKLAND COLLEGE) ) | |
| COUNTIES OF CHAMPAIGN, COLES, ) | |
| DEWITT, DOUGLAS, EDGAR, FORD, ) | |
| IROQUOIS, LIVINGSTON, MCLEAN, ) | |
| MOULTRIE, PIATT, VERMILION AND ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION IN LIMINE TO BAR ANY REFERENCE
TO DISCIPLINARY ACTIONS AND STUDENT COMPLAINTS**

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his Motion in Limine to Bar Any Reference to Disciplinary Actions and Student Complaints, Plaintiff states as follows:

To be admissible, evidence must be relevant. Fed. R. Evid. 402. To be relevant, evidence must have "…any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence may still be inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

This case involves alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, by Defendant. Plaintiff alleges that Defendant terminated his employment pursuant to a reduction-in-force in retaliation for Plaintiff having engaged in

1

protected activities. Plaintiff also alleges other adverse employment actions that preceded the reduction-in-force, including inequitable course and intern supervision assignments compared to his colleagues, moving his campus mailbox to the other side of campus, separating him from the rest of his department by moving all of the offices except for his to another building, interfering with his efforts to recruit students to the courses he taught, and excluding him from departmental meetings. But the operative adverse employment action from which the majority of Plaintiff's damages flow, including, at this point, nearly four years of backpay and lost benefits, is the reduction-in-force that terminated his tenured teaching position at Parkland College.

It is expected that Defendant plans to present a great deal of evidence at trial related to disciplinary proceedings it took against Plaintiff after it had already determined his employment would be terminated pursuant to the reduction in force. All of the alleged actions for which Plaintiff was disciplined occurred after he had engaged in the protected activities for which he claims he was being retaliated against, and many occurred after the reduction-in-force had been finalized by Defendant. Plaintiff anticipates Defendant will attempt to present this evidence in order to argue to the jury that due to the disciplinary actions, Plaintiff's employment would have been terminated anyway. At a minimum, Defendant will use the evidence of disciplinary action to try to plant a seed in the minds of the jurors in the hope they will feel he was a bad employee who is undeserving of compensation.

Evidence of Defendant's disciplinary actions against Plaintiff does not have a tendency to make it more or less probable that the reduction-in-force was retaliatory. The probative value of the disciplinary evidence is also clearly and substantially outweighed by the danger of unfair prejudice to Plaintiff, confusion of the issues, and misleading the jury. As another judge in this District put it, "Discipline of [the plaintiff] that is unrelated to the issues in this case is marginally

probative and probably completely irrelevant. Moreover, such evidence would inject a significant likelihood of prejudice which clearly outweighs any value at all. Such evidence may not be introduced. See, Fed.R.Evid. 402 and 403." *Bratek v. BNSF Ry. Co.*, No. 08-1243, 2011 WL 1883042, at *3 (C.D. Ill. May 13, 2011). "[T]he ultimate question in any Title VII action is the actual reason for the plaintiff's discharge—whether it was discriminatory [or retaliatory] or not." *Plair v. E.J. Brach & Sons, Inc.*, 864 F.Supp. 67, 70 (N.D. Ill. 1994), citing *St. Mary's Honor Center v. Hicks*, 113 S.Ct. 2742, 2747–48 (1993).

> Although an employer's state of mind is of central importance in Title VII cases, state of mind evidence that was not instrumental to the termination decision would not be relevant. As Plair convincingly states in his reply brief:
>
>> An employer cannot have it both ways. If it expressly rejects certain evidence as a basis for discharge at the time of discharge, it cannot later invoke that evidence as a justification for discharge once litigation ensues.
>
> Reply at 8. Thus, evidence that suggests a genuine, although unstated, reason for Plair's discharge would not be clearly inadmissible. However, evidence that was not ultimately relied upon in making the discharge decision would be irrelevant and therefore would be inadmissible.

*Plair*, 864 F.Supp. at 70.

It is further expected that Defendant will argue the disciplinary action evidence is relevant to show that Plaintiff was not performing the duties of his job to Defendant's legitimate expectations. However, that is not an element of a Title VII retaliation claim which Plaintiff must prove at trial. "For a retaliation claim to succeed, a plaintiff must show that his protected activity caused an adverse action." *Stepp v. Convance Central Laboratory Services, Inc.*, 931 F.3d 632, 635 (7th Cir. 2019), citing *Boston v. U.S. Steel Corp.*, 816 F.3d 455, 464 (7th Cir. 2016). "[Plaintiff] must show that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two. She may prove

retaliation by either direct or circumstantial evidence. In other words, [Plaintiff] must provide evidence from which a reasonable jury could conclude that the protected conduct—her filing of the 2010 EEOC charge—'was a 'substantial' or 'motivating' factor in the defendant's action.'" *Boston*, 816 F.3d at 464 (citations omitted). *See also Lauth v. Covance, Inc.*, 863 F.3d 708, 716 (7th Cir. 2017) ("[Plaintiff] must establish that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action.").

*Federal Civil Jury Instructions of the Seventh Circuit* pattern instruction 3.02, "RETALIATION," is, according to Committee Comment (a), to be used in Title VII cases. There is no mention in this pattern instruction of whether Plaintiff was performing the duties of his job to Defendant's legitimate expectations at the time of the adverse employment action. The pattern instruction reads as follows:

> Plaintiff claims that he was [*adverse action*] by Defendant because of [*protected activity*]. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant [*adverse action*] him because of his [*protected activity*]. To determine that Plaintiff was [*adverse action*] because of his [*protected activity*], you must decide that Defendant would not have [*taken adverse action against*] Plaintiff if he had [*not engaged in protected activity*] but everything else had been the same.
>
> If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

The same arguments set forth above apply equally to any evidence Defendant may try to introduce regarding complaints allegedly lodged against Plaintiff by any of his former students, whether before or after the alleged acts of retaliation. There is no reason for any such evidence to be presented to the jury. It does not have a tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be

without the evidence. Even if such evidence were relevant, its probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff, confusion of the issues, and misleading the jury.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order barring any evidence or reference before the jury at the trial of this matter to disciplinary actions taken against Plaintiff, the alleged reasons for those disciplinary actions, and any complaints lodged against Plaintiff by any of his former students, and granting such further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

RYAN ROBB

By: /s/ David B. Levin
   Attorney for Plaintiff
   Law Offices of Todd M. Friedman, P.C.
   707 Skokie Blvd., Suite 600
   Northbrook, IL 60062
   Phone: (224) 218-0882
   Fax: (866) 633-0228
   dlevin@toddflaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that, on January 17, 2023, a copy of the foregoing Motion in Limine was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

              /s/ David B. Levin
              Attorney for Plaintiff