E-FILED
Wednesday, 18 January, 2023  03:31:11 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| RYAN ROBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    18-cv-02307 |
| | ) | |
| BOARD OF TRUSTEES OF COMMUNITY COLLEGE | ) | |
| DISTRICT NO. 505 (PARKLAND COLLEGE) | ) | |
| COUNTIES OF CHAMPAIGN, COLES, DEWITT, | ) | |
| DOUGLAS, EDGAR, FORD, IROQUOIS, | ) | |
| LIVINGSTON, MCLEAN, MOULTRIE, PIATT, | ) | |
| VERMILION AND STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

### OBJECTION TO MOTION TO CONTINUE TRIAL

NOW COMES the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS ("Parkland College,") by its attorneys Meyer Capel, A Professional Corporation, and for its Objection to Motion to Continue Trial states, as follows:

1.      On January 18, 2023, Plaintiff filed his Plaintiff's Motion to Continue Trial scheduled for January 30, 2023.

2.      In support of his Motion to Continue, Plaintiff argues that a witness, Kaizad Irani, who he believes will provide testimony important to proving various aspects of his claim cannot testify because he suffered a heart attack over the weekend of January 14-15, 2023.

3.      Plaintiff seeks "an order continuing the trial of this matter to allow sufficient time for Mr. Irani's recovery. . ."

4.      Initially, when considering Plaintiff's Motion to Continue Trial, the following points should be acknowledged and considered:

- This case has been pending for over four (4) years - since December 5, 2018.

- This case has been set for trial on seven (7) different dates:

    o   June 6, 2020 at 9:00 AM (Docket entry on 3/30/2019)

    o   July 21, 2020 at 9:00 AM (Docket entry on 10/9/2019)

    o   December 15, 2020 at 9:00 AM (Docket entry on 01/14/2020)

    o   March 23, 2021 at 9:00 AM (Docket entry on 11/6/2020)

    o   July 11, 2022 at 1:30 PM (Docket entry on 1/25/2022)

    o   August 1, 2022 at 9:00 AM (Docket entry on 6/2/2022)

    o   January 30, 2023 at 9:00 AM (Docket entry on 7/11/2022)

- Although it is his right, Plaintiff's refusal to consent to trial or jury selection before three (3) different magistrate judges has contributed to the delay in bringing this case to trial.

5.      Defendant is certainly sympathetic to Mr. Irani's health and well-being, but disagrees that he is an important or key witness and disagrees that his recent heart attack requires a continuance of trial.

6.      Plaintiff disclosed Mr. Irani as a potential witness in his Answers to Defendant's Interrogatories (a copy of which is attached hereto as **Exhibit 1**.)  Specifically, on page 6 of his Answers to Defendant's Interrogatories, Plaintiff states:

> Kaizad Irani – Instructor of Agriculture and Horticulture; has knowledge relating to Defendant excluding Plaintiff from certain department meetings; also has knowledge of the fact that he only has an architecture degree but was allowed to teach courses outside of that subject, including agricultural business courses Plaintiff was qualified to teach.

7.     On the morning of January 18, 2023, after receiving an email from counsel for the Plaintiff concerning Mr. Irani's heart attack, counsel for Defendant asked Plaintiff's counsel what Plaintiff wanted to elicit from Mr. Irani at trial and suggested that the Defendant may be will to stipulate to this information.  (A copy of the email string exchanged between counsel for the Plaintiff and counsel for the Defendant is attached hereto as **Exhibit 2**.)

8.     The subjects of testimony identified by counsel for Plaintiff in his January 18, 2023 email and Defendant's responses are as follows:

**From Mr. Levin's email** – "we are not under an obligation to disclose specifically what we intend to elicit from a witness. However, this is a unique situation. First, there is the Clayton Smith issue, which Plaintiff alleges is another example of retaliation against him."

**Defendant's Response – Plaintiff can testify as to his interaction with Mr. Irani (which was seen by Clayton Smith), and to the extent it survives a relevancy objection, either admit or deny whether he was yelling at Mr. Irani.  Further, as a condition of it's Order to deny the Motion to Continue the Trial, the Court could order the Defendant to stipulate that, if called to testify, Mr. Irani would testify that the Plaintiff did not scream at him on February 8, 2017 and the Defe4ndant would so stipulate.  This matter does not require Mr. Irani's live testimony.  Further, this topic is beyond the scope of Plaintiff's disclosure regarding Mr. Irani in his Answers to Interrogatories.**

**From Mr. Levin's email –** "Plaintiff believes he can testify to meetings and events from which Plaintiff was excluded that affected his ability to do his job."

**Defendant's Response – Plaintiff can testify as to this subject.  This matter does not require Mr. Irani's live testimony.**

**From Mr. Levin's email –** "Plaintiff also believes he can testify to a wide variety of agriculture and horticulture classes for which Plaintiff created lessons and which he taught, that the administration later determined to be outside his qualifications."

**Defendant's Response – Plaintiff can testify as to this Subject.  The parties have the teaching assignments of the Plaintiff and those are uncontested.  To the extent Plaintiff will claim that Mr. Irani would testify that on occasion the Plaintiff substitute taught for one of his classes, the Plaintiff can testify to this.  This matter does not require Mr. Irani's live testimony.  Further, this topic is beyond the scope of Plaintiff's disclosure regarding Mr. Irani in his Answers to Interrogatories.**

**From Mr. Levin's email –** "Plaintiff also believes he can testify to Plaintiff's efforts in recruitment, retention, advising and registering students for courses that helped grow their programs."

**Defendant's Response – Plaintiff and others can testify as to this Subject.  This matter does not require Mr. Irani's live testimony.  Further, this topic is beyond the scope of Plaintiff's disclosure regarding Mr. Irani in his Answers to Interrogatories.**

9.      Plaintiff has had nearly five years to preserve Mr. Irani's testimony via deposition, but has failed to do so even though he has known, since at least May 2020 (the date of the

Declaration obtained by the Plaintiff from Mr. Irani in opposition to the Motion for Summary Judgment specifically notes Mr. Irani's poor health), that Mr. Irani's health was not good.

10.    It is well-settled that district courts have wide discretion to control their docket by granting or denying motions to continue. *Brooks v. United States*, 64 F.3d 251, 256 (7th Cir. 1995).

11.    In *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986), the appellate court advised that district court's should "prevent needless delay," noting that "[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible. This is not an easy task in view of the nearly impossible demands placed on trial judges in the overburdened federal court system."

12.    "In moving for a continuance based on the unavailability of witnesses, a movant must show that: 'due diligence has been exercised to obtain the attendance of the witness, that substantial favorable evidence would be tendered by the witness, that the witness is available and willing to testify, and that the denial of the continuance would materially prejudice the defendant.'" *United States v. Shields*, 789 F.3d 733, 749 (7th Cir. 2015).

13.    Although not binding precedent, the court's finding in *Pupillo v. Pupillo*, 863 S.W.2d 631, 633 (Mo. Ct. App. 1993) is instructive.  In *Pupillo*, the court explained:

> His medical condition was longstanding and appears to be permanent. Although this action had been set for trial for some time, defendant made no effort to preserve his testimony via deposition which could later have been admitted in his absence. *Albi v. Reed*, 281 S.W.2d 882 (Mo. 1955). In light of these circumstances, the trial court's denial of a continuance was neither arbitrary nor capricious.

14.    Again, in this case, Plaintiff has known for at least two and a half years that Mr. Irani was in failing health.  Despite this knowledge, Plaintiff has failed to take his deposition to preserve his testimony.

15.     There is no reasonable basis to believe that Mr. Irani will ever be able to appear at trial and testify in this matter given his longstanding and ongoing health issues.

16.     Of the non-expert witnesses that are disclosed to testify in this matter, over the course of the progression of this case, eleven have either left for other positions or retired from Parkland College and at least one more has notified Parkland of his intent to retire within the next three years.

16.     Ultimately, Defendant objects to any further delay or continuance in this case:

    a.     Plaintiff has not shown due diligence in regard to securing Mr. Irani's testimony (via deposition);

    b.     Plaintiff has failed to establish that Mr. Irani is a material witness – in fact, to the extent Mr. Irani has been disclosed as a witness, the topics for Mr. Irani's disclosed potential testimony can be covered by Plaintiff's own testimony or through other witnesses also under subpoena by the Plaintiff;

    c.     Outside of Plaintiff's unsupported self-serving statement that Mr. Irani is an important witness (although clearly not important enough to depose to preserve testimony,) Plaintiff has failed to establish how he would be prejudiced by denial of a continuance; and,

    d.     Further delay or continuance will result in prejudice to the Defendant by making witness availability even more difficult, duplicating trial preparation which has already been partially duplicated due to the continuance of the trial on earlier occasions, creating not only additional expense, but also the associated stress for the witnesses inherent in trial testimony.

WHEREFORE, the Defendant, prays that this Court deny the Plaintiff's Motion to Continue Trial, enter an order compelling Plaintiff to proceed to trial on January 30, 2023 at 9:00 AM, and for such other relief as the Court deems just and proper.

Respectfully submitted,

**BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS**, Defendant,

By: Meyer Capel, A Professional Corporation

By: **/s/ Lorna K. Geiler**
Lorna K. Geiler, Bar#6192940
Attorney for the Defendant
Meyer Capel, A Professional Corporation
306 W. Church St.
Champaign, IL 61820
Phone: (217) 352-1800
Email: lgeiler@meyercapel.com

7

## <u>CERTIFICATE OF SERVICE BY ATTORNEY</u>

   In accordance with Fed.R.Civ.P. 5(a) and LR5.3(c) the undersigned attorney certifies that the foregoing **<u>OBJECTION TO MOTION TO CONTINUE TRIAL</u>** was filed with the Clerk of this Court by submission of the same via this Court's Electronic Case File System ("ECF") on January 18, 2023 and that notice of said electronic filing will automatically be transmitted by email to:

**David Brian Levin -** dlevin@toddflaw.com

**Steven Gene Perry -** sperry@toddflaw.com


      By:  **/s/ Lorna K. Geiler     **
          Lorna K. Geiler, Bar#6192940
          Attorney for the Defendant
          Meyer Capel, A Professional Corporation
          306 W. Church St.
          Champaign, IL 61820
          Phone: (217) 352-1800
          Email: lgeiler@meyercapel.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

RYAN ROBB,

     Plaintiff,

     v.

BOARD OF TRUSTEES OF
COMMUNITY COLLEGE
DISTRICT NO. 505 (PARKLAND
COLLEGE) COUNTIES OF
CHAMPAIGN, COLES, DEWITT,
DOUGLAS, EDGAR, FORD,
IROQUOIS, LIVINGSTON,
MCLEAN, MOULTRIE,
PIATT, VERMILION AND STATE
OF ILLINOIS,

     Defendant.

Case No. 2:18-cv-02307-CSB-EIL

## PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his

Answers to the Interrogatories propounded by the Defendant, BOARD OF TRUSTEES OF

COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF

CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON,

MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS, Plaintiff hereby

states as follows:

1.     Identify each expert who you intend to call at trial or who has been consulted,

retained or specially employed by you in anticipation of this litigation or in order to assist your

preparation of this case, whether or not such person is expected to be called as a witness at trial,

1



and with respect to each expert provide the information required by Rule 26(a)(1)(B) of the

Federal Rules of Civil Procedure. Identify all documents relating to this Answer.

**ANSWER:**   Objection; this interrogatory is premature. Plaintiff has not yet determined

who he will call as expert witnesses in this case. Plaintiff will disclose his expert witnesses in

accordance with any deadlines set by the Federal Rules of Civil Procedure, the Local Rules of

this Court, and any orders of this Court regarding expert witness disclosures. Investigation

continues.

2.     Have you obtained a statement, either written or recorded, from any person who

has knowledge of the facts alleged in the Complaint? If so, please attach a copy of said statement

to your answers to these Interrogatories.

**ANSWER:**   No such statements have been obtained at this time. Plaintiff will

supplement his answer to Interrogatory No. 2 if any statements are obtained in the future.

3.     State whether you have filed any other lawsuit, charge or grievance against any

employer, including but not limited to the Defendant, and describe the forum, nature and

disposition of any such lawsuit, charge or grievance.  Identify all documents relating to this

Answer.

**ANSWER:**   Objection; irrelevant and not reasonably calculated to lead to the discovery

of admissible evidence. Subject to said objection, Plaintiff has not filed any such lawsuit, charge,

or grievance against any employer other than Defendant. All charges, grievances, or other

complaints filed against Defendant have been previously listed and disclosed in Plaintiff's Third

Amended Complaint. If Defendant seeks a particular document related to one of the Plaintiff's

grievances filed against Defendant, please specify which document so Plaintiff can produce it, if

2

it is in his possession. Plaintiff's EEOC charges are attached to his Responses to Defendant's Requests to Produce.

  4.  State whether the Plaintiff has been self-employed or employed in manner, other than with the Defendant, at any time since, January 1, 2016 and if so:

    a. state the name and address of each and every company or business employer where Plaintiff is or has been employed (or self-employed), and the dates of the Plaintiff's employment in each position;

**ANSWER:**  Objection as to any employment of Plaintiff prior to the circumstances alleged in Plaintiff's Third Amended Complaint as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections:

- Plaintiff has been self-employed from January 1, 2016, to the present.

- Plaintiff has been employed by Richland Community College, One College Park, Decatur, IL 62521, from January 2017 to present.

- Plaintiff has been employed by American Chianina Association, 1708 N. Prairie View Road, Platte City, MO 64079, from February 2019 to present.

    b. for each of the above companies or business enterprises, state the title of each position the Plaintiff has held, the date he held the position and the salary he received in each position;

**ANSWER:**  Objection as to any employment of Plaintiff prior to the circumstances alleged in Plaintiff's Third Amended Complaint as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections:

- Self-employed farm owner and operator; earnings dependent on production.

- Richland Community College, Adjunct Instructor of Agriculture, $3,632.10.

- American Chianina Association, Director of Sales and Marketing, $30,000/year starting March 1, 2019.

  c.  state the Plaintiff's gross earnings to date received from each of the above employers or businesses and the gross earnings Plaintiff has received from self-employment;

**ANSWER:**  Objection as to any employment of Plaintiff prior to the circumstances alleged in Plaintiff's Third Amended Complaint as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections:

- Self-employment gross earnings to date: $220,693.00. Plaintiff's 2018 income has not yet been finalized, as Plaintiff obtained an extension for the filing of his 2018 tax returns.

- Richland Community College gross earnings to date: $8,750.00

- American Chianina Association gross earnings to date: $10,000.00

  d.  state any discipline received and if Plaintiff has terminated employment with any company, and the reason for that termination; and

**ANSWER:**  Plaintiff has not been terminated or disciplined by any previous or current employer other than Defendant.

  e.  Identify all document relating to the foregoing answers.

**ANSWER:**  Objection as to any employment of Plaintiff prior to the circumstances alleged in Plaintiff's Third Amended Complaint as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections:

4

- Plaintiff will provide a Schedule F 1040 form to verify his farm income.

- Plaintiff will provide a W-2 statement to verify his Richland Community College Earnings.

- Plaintiff will provide his most recent paystub to verify his year-to-date gross earnings with American Chianina Association.

- Plaintiff will supplement his answer to this interrogatory as he obtains the above-mentioned documents.

5. State whether the Plaintiff has received income since January 1, 2016 from sources other than those identified in the answer to Interrogatory No. 4 and, if so, state the nature and source of any such income, the gross amount of any such income and the dates on which such income was received.  Identify all documents relating to this Answer.

**ANSWER:**  Plaintiff has earned no additional income not identified above.

6. Identify all persons, including, without limitation, present or past employees with whom you have had any communications (oral or written) regarding any of the allegation of the Complaint.  In addition, set forth the content of the communication or contact, the date it occurred, all persons whom you believe have knowledge of the communication or contact, and the place or manner of the communication or contact.  Identify all documents relating to this Answer.

**ANSWER:**  Objection to this Interrogatory as overly board and unduly burdensome to the extent it requests the specific details of every conversation or communication Plaintiff has ever had with anyone related to the allegations he raised in this case; also calls for a narrative response more properly suited for a deposition. Subject to said objection, Plaintiff believes all of

the individuals listed below have knowledge related to his claims and that he has communicated

with all of them regarding the categories of information listed. Plaintiff cannot personally recall

the date of every such communication. Some of those communications are being produced with

these Answers.

<u>Cassandra Wolsic</u> – Agriculture Instructor at Parkland College who filed an EEOC

Charge of Discrimination against Defendant; has knowledge of Plaintiff's role as a witness in

that investigation.

<u>Bruce Henrikson</u> – Department Chair; has knowledge of Defendant's course load

assignment procedures. Also aware of Plaintiff's involvement in Wolsic's EEOC charges.

<u>Kathleen Charleston</u> – Human Resources Director; has knowledge of investigations into

complaints made by Cassandra Wolsic and Plaintiff.

<u>James Mansfield</u> – Replaced Bruce Henrikson as Department Chair; has knowledge of

Defendant's reduction in course load and familiarity with Defendant's process for assigning

courses. Also aware of Plaintiff's involvement in Wolsic's EEOC charges.

<u>Kaizad Irani</u> – Instructor of Agriculture and Horticulture; has knowledge relating to

Defendant excluding Plaintiff from certain department meetings; also has knowledge of the fact

that he only has an architecture degree but was allowed to teach courses outside of that subject,

including agricultural business courses Plaintiff was qualified to teach.

<u>Jennifer Fridgen</u> – Agriculture Program Director; has knowledge of her involvement in

assigning pay for agriculture club and assigning course load to instructors. Also aware of

Plaintiff's involvement with Wolsic's EEOC charges.

6

Roberta "Bobbi" Scholze – Dean of Career and Technical Education; has knowledge of Defendant's retaliatory course assignments to Plaintiff and inequitable pay to Plaintiff. Also aware of Plaintiff's involvement in Wolsic's EEOC charges.

Pamela Lau – Vice President of Academics; has knowledge of Plaintiff's complaints regarding retaliation and harassment. Also has knowledge of Plaintiff's involvement with Wolsic's EEOC charge.

Aimee Densmore –Advisor and recruiter for the agriculture program during Plaintiff's employment with Defendant; has knowledge of Plaintiff being excluded from certain department meetings.

Betty Zeedyk – Human resources personnel; has knowledge regarding Plaintiff's inequitable pay.

Thomas Ramage – President of Parkland College; has knowledge of Plaintiff's appeal of his complaint of harassment filed in April of 2017 and his involvement in the process of hearing Plaintiff's appeal. Also has knowledge of Plaintiff's and Wolsic's EEOC charges.

Brian Mercer – President of the Parkland Academic Employees Union; has knowledge pertaining to the Union's grievance and complaint process; also has knowledge of Defendant's reduction in force.

Curtis Shoaf – Chair of the Grievance Committee that handled all of Plaintiff's grievances; has knowledge of the factual allegations underlying Plaintiff's claims.

Paul Sarantakos – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of his involvement in hearing grievances filed by Plaintiff.

Tammy Kesler – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of her involvement in hearing grievances filed by Plaintiff.

Jon Ross – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of his involvement in hearing grievances filed by Plaintiff.

Chris Randles – Vice President for Administrative Services and Chief Financial Officer of Parkland College; likely to have knowledge of Plaintiff's grievances, and Plaintiff's complaints about inequitable pay and his banked hours.

Don Bergfield – Previously worked as a Program Director with Defendant; has knowledge of his assignment of course loads for Cassandra Wolsic and Plaintiff.

Toni Burkhalter – Taught biology courses for multiple years when Plaintiff was not allowed to teach them despite having the same or a substantially similar degree to Plaintiff; has knowledge of Defendant's process for assigning courses.

Scott Seichen – Department Chair of Natural Sciences; has knowledge his involvement in the decision to deny Plaintiff the opportunity to teach certain courses.

Nancy Sutton – Department Chair of Natural Sciences; has knowledge his involvement in the decision to deny Plaintiff the opportunity to teach certain courses.

Marcia Hamor – Administrator in charge of payroll; has knowledge relating to Plaintiff's reduction in pay; also was in charge of recording banked hours and therefore likely has knowledge of any banked hours which Plaintiff alleges were not honored.

8

Deanna Blackford – Replaced Marcia Hamor in payroll during Plaintiff's employment; has knowledge relating to Plaintiff's reduction in pay; also was in charge of recording banked hours and therefore likely has knowledge of any banked hours which Plaintiff alleges were not honored.

Cathie Stalter – Dean of Career and Technical Education; has knowledge of Defendant's retaliatory course assignments and inequitable pay. Also has knowledge of Plaintiff's involvement with Wolsic's EEOC charges.

Kristine Young – Previously worked as Vice President of Academics during Cassandra Wolsic's employment with Defendant; likely has knowledge regarding Cassandra Wolsic's EEOC Charge and investigation; also likely has knowledge of Plaintiff's role as a witness in that process.

Megan Pryzgoda – Secretary for Dean Roberta Scholze; has knowledge pertaining to Defendant's procedures for recording lost time and coordinating substitute instructors.

Christine Murphy-Lucas – Secretary for Department Chair James Mansfield; has knowledge pertaining to Defendant's procedures for recording lost time and coordinating substitute instructors.

Terri Jones –Formerly worked as secretary for Department Chair Bruce Henrikson; has knowledge of Defendant's procedures for assigning courses, recording lost time, and coordinating substitute instructors.

Rochelle Harden – Board of Administration member; has knowledge of Cassandra Wolsic's EEOC Charge; also has knowledge of Plaintiff's role as a witness in that process and subsequent retaliation against Plaintiff.

Patricia Verstrat – Faculty member who shared an office with Rochelle Harden; has knowledge of Defendant's retaliation against Plaintiff, specifically pertaining to course load reduction. Also has knowledge of Plaintiff's involvement in multiple college committees.

Amy Myers – Economics Instructor who was allowed to substitute as an instructor for Plaintiff's course without proper credentials; has knowledge of her involvement in the retaliation against Plaintiff by Defendant when she intentionally solicited complaints from Plaintiff's classes; was on Plaintiff's hiring committee and reviewed his credentials.

Theresa Meers – Horticulture Instructor who was allowed to teach economics courses despite not having proper credentials; has knowledge of her involvement in the retaliation against Plaintiff by Defendant when she intentionally solicited complaints from Plaintiff's classes.

Ann Blackman – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of her involvement in hearing grievances filed by Plaintiff.

Lisa Eller – Instructor who replaced Plaintiff when he was terminated; has knowledge of Defendant's teaching credential rubric and that her credentials do not fulfill the requirements of the rubric set up by the college and used to terminate Plaintiff's employment.

Matthew Watt – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of his involvement in hearing grievances filed by Plaintiff.

<u>Laurie Lobdell</u> – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of her involvement in hearing grievances filed by Plaintiff.

<u>John Sheahan</u> – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of his involvement in hearing grievances filed by Plaintiff.

<u>Lori Wendt</u> – Professional Development and Instructional Technology Learning Management Systems Specialist; has knowledge of and familiarity with Defendant's online system; likely also has knowledge of administrators' access and control over Plaintiff's course content.

<u>Sean Mauney</u> – Replaced Cassandra Wolsic as an Agriculture Instructor despite being hired to teach computer science; has knowledge of Defendant's process for approving instructors' department transfers.

<u>Heidi Leuszler</u> – Member of Defendant's hiring committee; has knowledge of Plaintiff's teaching credentials and Defendant's professional evaluations of Plaintiff.

<u>Kevin Knott</u> – Dean of Institutional Accountability and Research who oversaw student evaluations of Plaintiff's courses; has knowledge regarding Plaintiff's professional reputation and the harm caused by Amy Myers' and Theresa Meer's statements to students.

<u>Derek Dallas</u> – Program Director for Computer Science and Technology who was allowed to substitute as instructor for Plaintiff's course despite not having proper qualifications; likely to have knowledge of Defendant's procedure for selecting substitute instructors.

11

<u>All members of Grievance Committees</u> – Plaintiff believes there may be other members of grievance committees who are not named above, but possess information or knowledge pertaining to Plaintiff's grievances and any hearings that arose out of those grievances.

7.    With respect to your claim for damages in this case, please provide the following information:

a.    state precisely and separately each item of damage which you claim, and the amount alleged for each said item;

**ANSWER:**

- Lost benefits related to Plaintiff's banked hours calculated with denied contract load and overload; Plaintiff would be entitled to approximately $322,191.09.

- Punitive and compensatory damages based on Defendant's willful conduct and number of employees; amounts to be determined.

- Loss based on Plaintiff's lost tenure position. Plaintiff is unable to calculate the damages he has sustained by his loss of tenure at this time. Plaintiff is currently investigating this item of damages. Plaintiff will supplement his response to this interrogatory as investigation continues.

- Lost past and future pay based on Plaintiff's tenure and contractual provisions. At this time, Plaintiff is what his past and future lost wages amount to in total. Plaintiff is currently investigating this item of damages. Plaintiff will supplement his response to this interrogatory as investigation continues. However, at this time, Plaintiff believes his lost wages total at least $36,480.16.

12

- Lost profits from the farm Plaintiff owns. Due to Defendant's retaliatory actions against him, Plaintiff was required to prematurely sell multiple assets to pay his bills. Plaintiff is still investigating the total amount of the losses sustained by his farming business. Plaintiff will update his answer to this interrogatory as investigation continues.

- Reputational damages.  Plaintiff is unable to calculate the damages he has sustained to his reputation at this time. Plaintiff is currently investigating this item of damage. Plaintiff will update his response to this interrogatory as investigation continues.

b.      provide a detailed description as to how the total damages and each itemized element above were calculated;

**ANSWER:**  See Plaintiff's response to subsection a, above.

c.      to the extent not previously provided, state each assumption and fact upon which your calculations of damages were based; and

**ANSWER:**  Objection to this Interrogatory as overly board and unduly burdensome to the extent it requests every single assumption and fact upon which Plaintiff's damages are based; also calls for a narrative response more properly suited for a deposition. Subject to said objection, Plaintiff believes he is entitled to damages based upon Defendant's intentional and willful conduct in retaliating against Plaintiff for participating in Cassandra Wolsic's EEOC investigation and for filing his own EEOC charge, which ultimately led to his wrongful termination. Further explanation is more appropriate for a deposition. However, to the extent

13

Defendant can narrow the scope of this question, Plaintiff will attempt to provide a more specific answer.

        d.     Identify each person who has knowledge of the information sought by this Interrogatory.

**ANSWER:** Plaintiff has personal knowledge as to all losses he has sustained. See also, Plaintiff's Answer to Interrogatory No. 6.

        8.     Identify each and every individual who assisted in preparing these answers to Interrogatories or a response to the Request for Production of Documents, and for each such individual, describe his or her role in answering these discovery requests. Identify all documents relating to the foregoing Answer.

**ANSWER:** Plaintiff Ryan Robb; his attorneys David Levin and Steven Perry; and his attorneys' law clerk, Andrew Brashler. Any documents including attorney notes of discussions and confidential client emails to his attorneys are subject to the attorney-client privilege and/or work product protections. Any evidentiary documents serving as the basis for Plaintiff's answers are included in Plaintiff's Responses to Defendant's Requests for Production.

        9.     Identify with specificity each instance of retaliatory treatment to which you claim to have been subjected (see ¶¶63 and 69 of the Complaint) that is not otherwise identified in the Plaintiff's Complaint.

**ANSWER:** Objection; a listing of every single instance of a comment or communication that could be construed as retaliatory treatment is overly board and unduly burdensome and calls for a narrative response more properly suited for a deposition. Subject to said objections, the all

14

major categories of retaliatory treatment upon which Plaintiff's claims for damages are based are set forth in Plaintiff's Third Amended Complaint.

10.      Identify all healthcare conditions from which you suffered that caused absences from January 1, 2018 through May 15, 2019.

**ANSWER:**  Objection; overly board and unduly burdensome; irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, Plaintiff has suffered from respiratory distress, acute maxillary sinusitis, shortness of breath, heart palpations, tachycardia, migraine headaches, insomnia, anxiety, depression, and chronic pain.

11.      Identify all healthcare providers who provided treatment for any healthcare conditions you listed in Interrogatory No. 10 hereinabove.

**ANSWER:**  Objection; overly board and unduly burdensome; irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, Plaintiff has sought treatment from the following persons.

- Dr. Judy Ronan Woodburn
- Dr. Andre Francois
- Elizabeth Scanlon, CNP
- Dr. Osji Onachukwu
- Dr. Janine S. Fruhling
- Dr. Jacob Gray
- Scott Anderson D.D.S.
- Erik Bergwald OD

15

- Kelly Sanders

- See attachments with Medical Document supplements for medical provider contact information

12.    Identify with specificity all of Plaintiff's teaching credentials.

**ANSWER:**  Defendant should already be in possession of this information, but see Plaintiff's attached curriculum vitae.

13.    Identify with specificity all courses offered in the spring of 2016 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 133: Intro to Agricultural Mkt/Stand (3.6 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 290: Agri-Business Seminar (1 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

14.    Identify with specificity all courses offered in the fall of 2016 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 133: Intro to Agricultural Mkt/Stand (3.6 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 217: Principles of Animal Feed & Nutrition (3.6 ECH per section)

- AGB 232: Agriculture Business & Farm Management (4.0 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

15.    Identify with specificity all courses offered in the spring of 2017 that Plaintiff

17

claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 133: Intro to Agricultural Mkt/Stand (3.6 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 290: Agri-Business Seminar (1 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

16.     Identify with specificity all courses offered in the fall of 2017 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 217: Principles of Animal Feed & Nutrition (3.6 ECH per section)

- AGB 232: Agriculture Business & Farm Management (4.0 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

17.    Identify with specificity all courses offered in the spring of 2018 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 133: Intro to Agricultural Mkt/Stand (3.6 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

19

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 290: Agri-Business Seminar (1 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

18.    Identify with specificity all courses offered in the fall of 2018 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 217: Principles of Animal Feed & Nutrition (3.6 ECH per section)

- AGB 232: Agriculture Business & Farm Management (4.0 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

19.     Identify with specificity all courses offered in the spring of 2019 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 133: Intro to Agricultural Mkt/Stand (3.6 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 290: Agri-Business Seminar (1 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

20.     Identify with specificity all courses offered in the fall of 2019 that Plaintiff claims

21

to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 232: Agriculture Business & Farm Management (4.0 ECH per section)

- AGB 290: Agri-Business Seminar (1 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

RESPECTFULLY SUBMITTED,

RYAN ROBB

By:    <u>/s/ David B. Levin</u>
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, IL 60062

Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

23

## VERIFICATION OF INTERROGATORY ANSWERS

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the foregoing Answers to Defendant's Interrogatories are true and correct to the best of my knowledge and belief.

Signed:    _Ryan Robb_ _____
           Ryan Robb, Plaintiff

Dated:    _7/23/19_____, 2019

## <u>CERTIFICATE OF SERVICE</u>

I, David B. Levin, attorney for Plaintiff, certify that a copy of Plaintiff's Answers to

Defendant's Interrogatories was served upon the following individual by sending the same via

email transmission, and by depositing a copy in the U.S. Mail with first-class postage prepaid

thereon, on July 10, 2019.

      Lorna K. Geiler
      Meyer Capel, A Professional Corporation
      306 W. Church Street
      Champaign, IL 61820
      lgeiler@meyercapel.com

                            <u>/s/ David B. Levin</u>
                            Attorney for Plaintiff

25

| | |
|---|---|
| **From:** | Lorna K. Geiler |
| **To:** | David Levin |
| **Subject:** | RE: Kaizad Irani |
| **Date:** | Wednesday, January 18, 2023 8:29:00 AM |
| **Attachments:** | |

Defendants object.



## Lorna K. Geiler
306 W Church St.
Champaign, IL 61820
Phone: 217-352-1800 Ext. 115
Fax: 217-352-1083
www.meyercapel.com

A PROFESSIONAL
CORPORATION

This electronic message and the documents, items or messages transmitted herewith contain information from the law firm of Meyer Capel, A Professional Corporation, 306 West Church Street, Champaign, Illinois 61820, that may be confidential and/or privileged. The information is intended to be for the use of the person(s) named above. If you are not the intended recipient, you are advised that any disclosure, copying, distribution or other use of the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender by telephone at 217/352-1800 or by electronic mail. Thank you.
**DISCLOSURE UNDER TREASURY DEPARTMENT CIRCULAR NO. 230.** This communication (including any attachments) (a) was not intended or written to be used, and it cannot be used, by the recipient or any other taxpayer, for the purpose of avoiding penalties that may be imposed, under the Internal Revenue Code of 1986, as amended, on the taxpayer, and (b) cannot be used or referred to by anyone in promoting, marketing, or recommending a partnership or any other entity, investment plan or arrangement, to one or more taxpayers.

**From:** David Levin <dlevin@toddflaw.com>
**Sent:** Wednesday, January 18, 2023 8:27 AM
**To:** Lorna K. Geiler <lgeiler@meyercapel.com>
**Subject:** RE: Kaizad Irani

As you previously pointed out, we are not under an obligation to disclose specifically what we intend to elicit from a witness. However, this is a unique situation. First, there is the Clayton Smith issue, which Plaintiff alleges is another example of retaliation against him. Stipulating to that would essentially be stipulating that Smith was lying.

Plaintiff believes he can testify to meetings and events from which Plaintiff was excluded that affected his ability to do his job. Plaintiff also believes he can testify to a wide variety of agriculture and horticulture classes for which Plaintiff created lessons and which he taught, that the administration later determined to be outside his qualifications. Plaintiff also believes he can testify to Plaintiff's efforts in recruitment, retention, advising and registering students for courses that helped grow their programs.

Even assuming you were willing to stipulate to these issues, putting together the stipulation would require me to have an extensive conversation with Kaizad at a time where he is not in the condition to do so. Having given this some thought, I feel we have no choice but to file a

DEFENDANT'S
EXHIBIT
2

motion to continue the trial today. I want to get this on the record and make Judge Myerscough aware of it now, even if she does not rule on the motion until the final pretrial. We are looking forward to moving forward with the trial but not without his testimony. If you want me to indicate in the motion that we conferred and you advised me of Defendant's position regarding the request, please let me know.

*Please note our new Chicago office mailing address below, effective January 1, 2023.*

David B. Levin
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Direct: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

NOTICE: The information contained in this electronic communication is to be considered confidential and intended only for the use of the intended recipient. The information may be legally privileged. If the reader of this message is not the intended recipient, any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender and delete the original message and any copy of it from your computer system. Thank you.

**From:** Lorna K. Geiler <lgeiler@meyercapel.com>
**Sent:** Wednesday, January 18, 2023 7:47 AM
**To:** David Levin <dlevin@toddflaw.com>
**Subject:** RE: Kaizad Irani

I don't know why Kaizad is "a key witness" for the Plaintiff; however, I will not be a part of forcing a deposition of court testimony of a man who is in this condition. I have asked in the past, because we both know Kaizad's health is precarious, what you want to get from him for the trial. I explained that perhaps I would be willing to stipulate to that. Again, I ask – what do you want from Kaizad for the trial. Perhaps I would be willing to stipulate to that. Please advise.



**Lorna K. Geiler**
306 W Church St.
Champaign, IL 61820
Phone: 217-352-1800 Ext. 115
Fax: 217-352-1083
www.meyercapel.com

This electronic message and the documents, items or messages transmitted herewith contain information from the law firm of Meyer Capel, A Professional Corporation, 306 West Church Street, Champaign, Illinois 61820, that may

be confidential and/or privileged. The information is intended to be for the use of the person(s) named above. If you are not the intended recipient, you are advised that any disclosure, copying, distribution or other use of the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender by telephone at 217/352-1800 or by electronic mail. Thank you.
**DISCLOSURE UNDER TREASURY DEPARTMENT CIRCULAR NO. 230**. This communication (including any attachments) (a) was not intended or written to be used, and it cannot be used, by the recipient or any other taxpayer, for the purpose of avoiding penalties that may be imposed, under the Internal Revenue Code of 1986, as amended, on the taxpayer, and (b) cannot be used or referred to by anyone in promoting, marketing, or recommending a partnership or any other entity, investment plan or arrangement, to one or more taxpayers.

**From:** David Levin <dlevin@toddflaw.com>
**Sent:** Tuesday, January 17, 2023 8:10 PM
**To:** Lorna K. Geiler <lgeiler@meyercapel.com>
**Subject:** Kaizad Irani

I received a voicemail message from him today. He was calling from the ICU. As he put it, he had a "massive" heart attack over the weekend. My client believes he is a key witness for Plaintiff's case. I'm not sure what will come of this but thought I would let you know. Perhaps there is some way we can take his deposition via Zoom but if he is in the ICU less than 2 weeks before the trial is supposed to start, I'm not sure how that is possible.

*Please note our new Chicago office mailing address below, effective January 1, 2023.*

David B. Levin
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Direct: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

NOTICE: The information contained in this electronic communication is to be considered confidential and intended only for the use of the intended recipient. The information may be legally privileged. If the reader of this message is not the intended recipient, any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender and delete the original message and any copy of it from your computer system. Thank you.