UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RYAN ROBB, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 18-cv-02307 |
| BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS, | ) |
|     Defendant. | ) |

**DEFENDANT'S SEVENTH MOTION IN LIMINE**
(Ryan Robb – Reputational Damages)

NOW COMES the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS ("Parkland College,") by its attorneys Meyer Capel, A Professional Corporation, and for its Seventh Motion in Limine requests that this Court prohibit the Plaintiff from testifying or counsel for the Plaintiff from introducing or eliciting any testimony, making any statement or offering any evidence relating to reputational damages. Defendant further states:

1.     Defendant originally propounded interrogatories that included the following:

> With respect to your claim for damages in this case, please provide the following information (a) state precisely and separately each item of damages which you claim, and the amount for each said item;

2.	Plaintiff answered and supplemented this interrogatory throughout the course of this litigation.

3.	In Plaintiff's Supplemental Answer to Defendant's Interrogatory No. 7a, sent on June 1, 2020 (attached hereto as **Exhibit 1**), Plaintiff identifies the following:

> Reputational damages. Plaintiff is unable to calculate the damages he has sustained to his reputation at this time. Plaintiff is currently investigating this item of damage. Plaintiff will update his response this Interrogatory as investigation continues.

4.	At no time has the Plaintiff updated his response to this Interrogatory to confirm any basis for reputational damages. As a result, Plaintiff should not be allowed to offer testimony as to any damage he now alleges to his reputation.

WHEREFORE, the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS, moves the Court to enter an order excluding the evidence or testimony outlined above, and prohibiting any questions, arguments or commentary during any stage of the trial relating in any way to the aforesaid matters.

GRANTED:_____   DENIED: _____

Respectfully submitted,

**BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS**, Defendant,

By: Meyer Capel, A Professional Corporation

By: **/s/ Lorna K. Geiler**
Lorna K. Geiler, Bar#6192940
Attorney for the Defendant
Meyer Capel, A Professional Corporation
306 W. Church St.
Champaign, IL 61820
Phone: (217) 352-9294
Email: lgeiler@meyercapel.com

**CERTIFICATE OF SERVICE BY ATTORNEY**

      In accordance with Fed.R.Civ.P. 5(a) and LR5.3(c) the undersigned attorney certifies that the foregoing **DEFENDANT'S SEVENTH MOTION IN LIMINE (Ryan Robb – Reputational Damages)** was filed with the Clerk of this Court by submission of the same via this Court's Electronic Case File System ("ECF") on January 18, 2023 and that notice of said electronic filing will automatically be transmitted by email to:

**David Brian Levin -** dlevin@toddflaw.com

**Steven Gene Perry -** sperry@toddflaw.com

      By:    **/s/ Lorna K. Geiler**
                    Lorna K. Geiler, Bar#6192940
                    Attorney for the Defendant
                    Meyer Capel, A Professional Corporation
                    306 W. Church St.
                    Champaign, IL 61820
                    Phone: (217) 352-1800
                    Email: lgeiler@meyercapel.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RYAN ROBB,<br><br>      Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS,<br><br>      Defendant. | Case No. 2:18-cv-02307-CSB-EIL |

**PLAINTIFF'S SUPPLEMENTAL ANSWER TO
DEFENDANT'S INTERROGATORY NO. 7a**

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his Supplemental Answer to Interrogatory No. 7a propounded by the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS, Plaintiff hereby states as follows:

7.      With respect to your claim for damages in this case, please provide the following information:

1



a.     state precisely and separately each item of damage which you claim, and the amount alleged for each said item;

**Plaintiff's Supplemental Answer:**

- Lost benefits related to Plaintiff's banked hours calculated with denied contract load and overload. Plaintiff would be entitled to approximately $322,191.09. Plaintiff calculated this amount as follows.

    o Spring 2016 Semester – Plaintiff requested to use banked hours for Spring 2016 semester under duress from Bruce Henrikson ("Henrikson"). Course registrations were handled through Henrikson's office and enrollments for courses Plaintiff taught were manipulated lower. Plaintiff was only allowed to teach two sections of AGB 102 (8 total ECH). This was communicated in emails from Henrikson, Pam Lau ("Lau"), and Brian Mercer ("Mercer") during or about October 2015-January 2016. Plaintiff should have been provided 15 ECH regular load and up to 8 ECH overload. In comparison, Jennifer Fridgen was allowed 22.5 ECH for this semester. Plaintiff lost seven banked hours and was denied an opportunity to earn an additional eight ECH banked load. If Plaintiff had unbanked these 15 denied hours to use in the 2019-20 academic year, they would have been paid at $2,831.77 ($84,953.13 base pay/30 ECH required for full time faculty).

    - 15 ECH x $2,831.77 = $42,476.55
    - 7 ECH x $2,554.09 = $17,878.67
    - $42,476.55 - $17,878.67 = $24,597.88

    o Summer 2016 Semester – Plaintiff taught AGB 102 (4 ECH) and those hours were supposed to be banked per emails with Henrikson, but were

instead paid at a lower rate initially. Plaintiff had to resubmit the payment to the college in the form of a check and the ECH was later corrected and restored to bank. Plaintiff has emails documenting the issues from June 2016. Fridgen was paid 12.33 ECH this semester and load should have been shared equitably. Plaintiff should have been allowed 8 ECH total. He was denied 4 ECH this semester.

- 4 ECH x $2,831.77 = .$11,327.08

o Fall 2016 Semester – Following a grievance process, Plaintiff was provided 21.53 ECH for this semester. Plaintiff banked 6.53 ECH. Plaintiff should have been allowed at least one additional OJT student to supervise and bank the load.

- 0.33 ECH x $2,831.77 = $934.48

o Spring 2017 Semester – Plaintiff was allowed to teach two sections of AGB 102 and had to use 7 hours of banked load. Plaintiff should have been allowed 15 ECH and 8 ECH overload. Fridgen had over 23 ECH for this semester. Plaintiff lost 7 banked hours and was denied an opportunity to earn an additional 8 ECH banked load. If Plaintiff had unbanked these 15 denied hours to use in 2019-20 academic year, they would have been paid at $2,831.77 ($84,953.13 base pay/30 ECH required for full time faculty).

- 15 ECH x $2,831.77 = $42,476.55
- 7 ECH x $2,645.05 = $18,515.35 (paid as part of 2017 contract)
- $42,476 - $18,515.35 = $23,961.20

3

- Summer 2017 Semester – Plaintiff taught AGB 102 (4 ECH) and banked the hours. Plaintiff should have received equitable ECH for this term. Further information is needed to determine the loss for this semester. Investigation continues.
- Fall 2017 Semester – Plaintiff taught 15 ECH but was not allowed overload courses. Plaintiff should have been allowed BIO 120 courses and AGB 232 based on emails from Jim Mansfield ("Mansfield"), Scott Siechen ("Siechen"), and the grievance committee. An additional 8 ECH could have been banked.
    - 8 ECH x $2,831.77 = $22,654.16
- Spring 2018 Semester – Under duress from Mansfield and enrollment manipulation, Plaintiff was allowed only 13.6 ECH teaching load and had to use 1.4 banked hours. This is set forth in emails from November-December of 2017. Plaintiff lost 1.4 banked hours and was denied an opportunity to earn an additional 8 ECH banked load.
    - 9.4 ECH x $2,831.77 = $26,618.64
    - 1.4 ECH x $2,736.01 = $3,830.41
    - $26,618.64 - $3,830.41 = $22,788.54
- Summer 2018 Semester – Plaintiff traditionally had taught AGB 102 during summer semester. Mansfield cancelled the course in November 2017. This was not normal practice to cancel AGB courses semesters in advance. Plaintiff earned no summer pay for 2018. A grievance was filed. Further

information is needed to determine the loss for this semester. Investigation continues.

- Fall 2018 Semester – Plaintiff was allowed only 8.66 ECH. He refused to use banked hours. Other faculty were allowed a full course load and overload assignments. Defendant paid Plaintiff full pay but later stated he owed the college a refund, as set forth in the January 2019 emails from Betty Zeedyk. Plaintiff should have been allowed the additional 6.34 ECH to complete normal load and up to 8 ECH hours to bank for future years. Up to 14.34 ECH was denied. Assuming a 3.5% raise for academic year 2020-21, Plaintiff's base salary for the 2020-21 academic year would have been $87,926.49 or $2,930.88 per ECH.
    - 14.34 x $2,930.88 = $42,028.86
- Spring 2019 Semester – Plaintiff was only allowed to teach AGB 101 (4.6 ECH) and Defendant removed his remaining 3.6 banked hours. Administration removed Plaintiff from teaching and replaced him with another faculty member from another department who did not have the credentials as required by Defendant's guidelines. Plaintiff was not paid after January 2018. Plaintiff should have been allowed 15 ECH normal load and up to 8 ECH banked load. Plaintiff was denied 10.4 ECH normal load. Plaintiff's 2018-2019 base pay was $82,080.32 or $2,736.01/ECH.
    - 10.4 ECH - 3.6 ECH = 6.8 ECH x $2,736.01 = $18,604.87
    - 8 ECH banked hours x $2,930.88 = $23,447.04

- - Summer 2019 Semester – Plaintiff had traditionally taught AGB 102 during summer semester. Mansfield cancelled the course in November 2017. This was not normal practice to cancel AGB courses semesters in advance. Plaintiff earned no summer pay for 2018. A grievance was filed. Further information is needed to determine the loss for this semester. Investigation continues.
  - Fall 2019 Semester – Because of the Reduction in Force (RIF), Plaintiff was denied 15 ECH normal load and up to 8 ECH overload that could have been banked for the future.
    - 15 ECH normal load x $2,831.77 = $42,476.55
    - 8 ECH normal load x $2,930.88 = $23,447.04
  - Spring 2020 Semester – Because of the RIF, Plaintiff was denied 15 ECH normal load and up to 8 ECH overload that could have been banked for the future.
    - 15 ECH Normal load x $2831.77 = $42,476.55
    - 8 ECH Normal load x $2930.88 = $23,447.04
  - Summer 2020 Semester – Because of the RIF, Plaintiff was denied Summer load which by contract should have been distributed equitably among faculty.
- Punitive and compensatory damages based on Defendant's willful conduct and number of employees; amounts to be determined.
- Loss based on Plaintiff's lost tenure position. Plaintiff is unable to calculate the damages he has sustained by his loss of tenure at this time. Plaintiff is currently

investigating this item of damages. Plaintiff will supplement his response to this interrogatory as investigation continues.

- Lost past and future pay based on Plaintiff's tenure and contractual provisions. For the 2019-2020 and 2020-2021 school years, Plaintiff calculates his lost pay as at least that of his salary for the 2018-2019 school year, which was $82,080.32. See Plaintiff's expert witness report for additional information regarding Plaintiff's lost pay and benefits.

- Lost profits from the farm Plaintiff owns. Due to Defendant's retaliatory actions against him, Plaintiff was required to prematurely sell multiple assets to pay his bills. Plaintiff is still investigating the total amount of the losses sustained by his farming business. Plaintiff will update his answer to this interrogatory as investigation continues. Plaintiff produces registered breeding cattle and show cattle of several breeds that are sold through live breed sales, online sales, and on farm at premium prices. In recent years, Plaintiff has retained many of the females to expand his herd instead of selling them as calves. The valuations of registered breeding and show cattle are significantly higher than market cattle which are sold at a sale barn or auction barn for beef. Because of financial hardship due to loss of earnings at Parkland College, Plaintiff has had to sell quality show cattle much earlier than planned in order to maintain cash flow. As part of Plaintiff's operation, he utilizes artificial insemination ("AI"). Heifers and cows are bred by AI to some of the top sires in the industry and their offspring command a premium. In recent years, registered females bred by AI sell for $4,000-$10,000 or more. Plaintiff also utilizes embryo transfer technologies. Embryos from donor cows with top end

genetics are collected by superovulation and in vitro fertilization. These embryos are transferred to recipient cows (surrogates). The pregnant surrogate can be sold for several thousand dollars. Plaintiff has sold some online for $7,500 each. A pregnant cow at a sale barn or auction barn is worth about $1,500, a major difference in values of approximately $6,000 each.

- Reputational damages.  Plaintiff is unable to calculate the damages he has sustained to his reputation at this time. Plaintiff is currently investigating this item of damage. Plaintiff will update his response to this interrogatory as investigation continues.

- See Plaintiff's expert witness report for additional information regarding Plaintiff's damages calculations.

        RESPECTFULLY SUBMITTED,

        RYAN ROBB

        By:    /s/ David B. Levin
                  Attorney for Plaintiff
                  Illinois Attorney No. 6212141
                  Law Offices of Todd M. Friedman, P.C.
                  333 Skokie Blvd., Suite 103
                  Northbrook, IL 60062
                  Phone: (224) 218-0882
                  Fax: (866) 633-0228
                  dlevin@toddflaw.com

## CERTIFICATE OF SERVICE

I, David B. Levin, attorney for Plaintiff, certify that a copy of Plaintiff's Supplemental Answer to Defendant's Interrogatory 7a was served upon the following individual by sending the same via email transmission on June 1, 2020.

>Lorna K. Geiler
>Meyer Capel, A Professional Corporation
>306 W. Church Street
>Champaign, IL 61820
>lgeiler@meyercapel.com

>/s/ David B. Levin
>Attorney for Plaintiff