IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN ROBB, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:18-cv-02307-SEM-EIL |
| ) | |
| v. ) | Honorable Judge Sue E. Myerscough |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| COMMUNITY COLLEGE DISTRICT ) | |
| NO. 505 (PARKLAND COLLEGE) ) | |
| COUNTIES OF CHAMPAIGN, COLES, ) | |
| DEWITT, DOUGLAS, EDGAR, FORD, ) | |
| IROQUOIS, LIVINGSTON, MCLEAN, ) | |
| MOULTRIE, PIATT, VERMILION AND ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT PLAINTIFF'S MOTION TO CONTINUE TRIAL**

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his reply in support of his Motion to Continue Trial, Plaintiff hereby states as follows:

1. In its Objection to Plaintiff's Motion to Continue Trial (ECF #111), Defendant begins by pointing out that this case has been pending for over four (4) years. What Defendant does not mention is of course the unfortunate circumstance of the COVID-19 pandemic. Surely Defendant, the Court, and Plaintiff would agree that had the pandemic not caused unprecedented delays in the judicial system, due to the inability to safely conduct jury trials for an extended period of time, this case would have been tried by now.

2. Defendant then lists seven dates upon which this case has been previously set for trial. It is not clear if it was Defendant's intention to imply that the parties and witnesses were fully preparing to try this case on each of those dates, or that these continuances were caused by Plaintiff,

but neither is the case. On each of those dates, the circumstances below resulted in the rescheduling of the trial dates.

- a. June 16, 2020 – This trial date was rescheduled to July 21, 2020 pursuant to the Parties' Joint Motion to Amend Scheduling Order, to allow more time for the completion of discovery. *See* ECF #32 and Text Order of October 9, 2019. In retrospect, the Parties would not have been able to try this case on that date due to the onset of the pandemic. The trial was rescheduled approximately eight months before that June 16, 2020 date.

- b. July 21, 2020 – This trial date was rescheduled to November 30, 2020 pursuant to the Parties' Second Joint Motion to Amend Scheduling Order. *See* ECF #40 and Text Order of January 14, 2020. In retrospect, the Parties also would not have been able to try this case on that date due to the onset of the pandemic. The trial was rescheduled approximately six months before that July 21, 2020 date.

- c. December 15, 2020 – This trial date was rescheduled because Defendant's Motion for Summary Judgment was still pending before the Court. Furthermore, at that time the Presiding Judge had ordered that due to the pandemic, no jury trials would take place before January 25, 2021. *See* Minute Entry of November 6, 2020. This trial was rescheduled at a time when, for the stated reasons, it should have been apparent to Defendant that the trial would not be taking place on December 15, 2020.

- d. March 23, 2021 – This trial date was rescheduled pursuant to the Parties' Joint Motion to Continue Trial and Final Pretrial. *See* ECF #71 and Text

        Order of February 10, 2021. At that time, Defendant's Motion for Summary Judgment was still pending before the Court. Furthermore, the Presiding Judge had ordered that due to the pandemic, all jury trials should be rescheduled to a date after March 23, 2021. No further trial date was set at that time.

    e.    July 11, 2022 – This trial date was rescheduled on the Court's own Order, after the Court conferred with Judge Bruce's chambers and determined that this case would not be transferred from the Springfield Division. *See* Text Order of June 2, 2022.

    f.    August 1, 2022 – This trial date was rescheduled on the Court's own Order because a criminal trial, which took priority, was scheduled to begin on the same date. *See* Text Order of July 11, 2022. The length of the continuance was due to difficulty in finding a date which worked for the Parties, their attorneys, and the Court, given the anticipated length of this trial.

3.    Given the circumstances described above, it appears neither party had a reasonable expectation that the trial would proceed on June 16, 2020, July 21, 2020, December 15, 2020, or March 23, 2021. Both Parties were preparing to proceed forward with the trial on July 11, 2022 and August 1, 2022, when it was continued due to the Court's docket. This is the first time Plaintiff has unilaterally requested a continuance of the trial date, and only due to the unfortunate circumstances described in Plaintiff's Motion.

4.    Defendant is correct that it is Plaintiff's absolute right to refuse to consent to the jurisdiction of a magistrate judge for trial or jury selection. However, for Defendant to suggest that

Plaintiff's exercise of his legal right to try the case before this Court instead of a magistrate judge is a basis for his Motion to Continue to be denied is inappropriate.

5. The interrogatory answer quoted by Defendant in its Objection to Plaintiff's Motion (ECF #111, at p. 2-3) is not a basis for the Court to deny Plaintiff's Motion. Defendant does not quote the Interrogatory itself, nor Plaintiff's objections to it, in the body of its motion. Both are set forth below and can also be found in the exhibit to Defendant's Objection, ECF #111, at p. 13-14.

> Identify all persons, including, without limitation, present or past employees with whom you have had any communications (oral or written) regarding any of the allegation of the Complaint. In addition, set forth the content of the communication or contact, the date it occurred, all persons whom you believe have knowledge of the communication or contact, and the place or manner of the communication or contact. Identify all documents relating to this Answer.
>
> **ANSWER:** Objection to this Interrogatory as overly board and unduly burdensome to the extent it requests the specific details of every conversation or communication Plaintiff has ever had with anyone related to the allegations he raised in this case; also calls for a narrative response more properly suited for a deposition. Subject to said objection, Plaintiff believes all of the individuals listed below have knowledge related to his claims and that he has communicated with all of them regarding the categories of information listed. Plaintiff cannot personally recall the date of every such communication. Some of those communications are being produced with these Answers.

6. Defendant did not engage Plaintiff in any attempt to confer regarding the above objections and no motion to compel was filed. Regardless, the objections are well-founded. Defendant essentially asked Plaintiff to recount any written or oral communication or contact he ever had with anyone that relates in any way to any allegation in this case, including the date the communication or contact occurred, all persons whom Plaintiff believed to have knowledge of the communication or contact, and the place or manner of the communication or contact. That is an incredible amount of information which no individual could reasonably be expected to be able to

recount, much less in writing in an interrogatory answer. The issues in this case span occurrences that took place over several years. Plaintiff and Mr. Irani worked together at Parkland College for approximately 16 years.

7. If Defendant felt a more detailed answer to this interrogatory was necessary, Defendant could have conferred with Plaintiff regarding supplementing the answer, filed a motion to compel, taken Mr. Irani's deposition, or asked Plaintiff questions about Mr. Irani's knowledge during one of Plaintiff's two depositions.

8. Simply because Plaintiff himself could testify to some of the issues for which Mr. Irani would be called to testify does not lead to the conclusion that Mr. Irani's testimony would not help Plaintiff's cause before the jury. If Plaintiff is the only person to testify to certain occurrences, that opens the door for Defendant to argue that Plaintiff's testimony is self-serving and unsupported by any other evidence. A witness who can corroborate some of Plaintiff's accounts and support Plaintiff's arguments regarding the many ways in which he will claim he was retaliated against is an important witness for Plaintiff.

9. The email counsel for Plaintiff sent to counsel for Defendant which is recounted in Defendant's Objection was sent quickly and on short notice due to Plaintiff's desire to file his Motion to Continue and get this matter before the Court. It was not intended to be an official recitation of every question Mr. Irani might be asked when he is called to testify at trial.

10. Defendant's statement that "Plaintiff has had nearly five years to preserve Mr. Irani's testimony via deposition" is an exaggeration. Further, simply because the Parties were aware that Mr. Irani had a heart condition which required surgery approximately three years ago does not mean Plaintiff would have had any way to know that Mr. Irani was likely to suffer a heart attack two weeks before the trial of this case was scheduled to begin. Any witness could suffer an

unexpected health emergency at any time, regardless of their prior health concerns. Defendant's argument might be more persuasive if the Parties were aware that Mr. Irani's death could be imminent, which is not the case here.

11. Plaintiff was diligent in seeking to obtain the testimony of Mr. Irani at trial. A subpoena was served with the necessary witness fee, requiring his appearance at trial. Upon receiving that subpoena, Mr. Irani contacted the undersigned counsel for Plaintiff and expressed some concern about having to travel from Champaign to Springfield to testify. He indicated that he did not drive because his eyesight was poor. Counsel for Plaintiff contacted counsel for Defendant and some discussion was held regarding whether Defendant would agree to allow Mr. Irani to testify via Zoom, an accommodation the Parties had agreed to make for some of the other witnesses.[1] Counsel for Defendant expressed reservations about allowing Mr. Irani to testify via Zoom and has not indicated that Defendant would agree to that accommodation.

12. Plaintiff does not seek to unnecessarily prolong this case. Plaintiff only seeks a continuance for a reasonable period of time to either (1) allow the Parties to take Mr. Irani's deposition to be presented in lieu of his testimony at trial, or (2) allow Mr. Irani sufficient time to recover so that he can competently testify via Zoom at trial, assuming the Court orders his testimony proceed via Zoom or Defendant agrees.

13. Counsel for Plaintiff attempted to reach Mr. Irani again by phone on January 19, 2023, prior to the filing of this Reply, but there was no answer. Without being able to speak with Mr. Irani, Plaintiff could only guess as to how long might be needed for Mr. Irani to be well enough to proceed with one of the above two options. However, at this time, Plaintiff requests a

---

[1] For example, at the status hearing on January 10, 2023, counsel for Plaintiff agreed on the record to allow Defendant's expert witness to testify via Zoom for the reason that she recently gave birth, although, as far as counsel for Plaintiff is aware, she is otherwise in fine health.

6

continuance of approximately 45 days. Counsel for Plaintiff will continue his attempts to contact Mr. Irani, while still respecting his unfortunate circumstances, to try to obtain more information about his condition. Plaintiff could notify the Court if any such contact is made in whatever manner the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order continuing the trial of this matter to allow sufficient time for Mr. Irani's recovery, and granting such further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

RYAN ROBB

By: /s/ David B. Levin
    Attorney for Plaintiff
    Law Offices of Todd M. Friedman, P.C.
    707 Skokie Blvd., Suite 600
    Northbrook, IL 60062
    Phone: (224) 218-0882
    Fax: (866) 633-0228
    dlevin@toddflaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 19, 2023, a copy of the foregoing Reply in Support of Motion to Continue Trial was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff