IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN ROBB, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:18-cv-02307-SEM-EIL |
| ) | |
| v. ) | Honorable Judge Sue E. Myerscough |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| COMMUNITY COLLEGE DISTRICT ) | |
| NO. 505 (PARKLAND COLLEGE) ) | |
| COUNTIES OF CHAMPAIGN, COLES, ) | |
| DEWITT, DOUGLAS, EDGAR, FORD, ) | |
| IROQUOIS, LIVINGSTON, MCLEAN, ) | |
| MOULTRIE, PIATT, VERMILION AND ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RESET TRIAL DATE**

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his Response to Defendant's Motion to Reset Trial Date, Plaintiff hereby states as follows:

1. In its Motion, Defendant requested the Court reset the June 26, 2023 trial date because its counsel has a trial scheduled in another court the week of June 12, 2023, and has other unnamed obligations during the months of June and July 2023. Defendant therefore requested the Court reschedule the trial for either the week of August 7, August 21, or August 28, 2023.

2. Plaintiff understands Defendant's need for a continuance if its attorney has other scheduled obligations which would prevent the trial of this case. Counsel for Plaintiff is also currently scheduled for trial in a case in the U.S. District Court for the Eastern District of Michigan, *Kenneth Discipio v. Maserati North America, Inc.*, Case No. 3:22-cv-11451-RHC-APP, which could overlap with the June 26, 2023 date set in this case. Attached hereto as Exhibit 1 is the

1

Scheduling Order for that case, which is assigned for trial on the court's trailing trial docket for June 19, 2023 (see pgs. 11 and 15).

3. Plaintiff has informed his counsel that he is unavailable for trial during the months of September (after September 8) and October 2023. The only dates during July or August on which counsel for Plaintiff is currently unavailable for trial are August 17-22, 2023.

4. Plaintiff's expert witness is unavailable to testify on August 1-3 and September 4-8, 2023. It was agreed between the Parties and the Court that if Plaintiff prevailed on liability before the jury at the trial that was scheduled to begin on January 30, 2023, then a hearing on back pay and front pay damages would be held before the Court beginning the following week. Therefore, if the case is set for trial on August 28, 2023 and Plaintiff prevails on liability before the jury, Plaintiff's expert will not be available to testify the following week.

5. With the caveat as to Plaintiff's expert witness as explained above, Plaintiff and his counsel are available to begin the trial of this case on either August 7 or August 28, 2023.

6. Plaintiff respectfully requests that when the Court enters its order on Defendant's Motion to Reset Trial Date, the Court also clarify the following:

    a. The date on which the hearing on back pay and front pay damages will be held before the Court if Plaintiff prevails on liability before the jury, or whether the date of that hearing will be set at a later time; and

    b. As the Parties filed their Motions in Limine, Proposed Voir Dire, and Final Pre-Trial Order on January 18, 2023 (ECF #107-109 and 112-121) – prior to the Court entering its order continuing the January 30, 2023 trial date – the date by which the Court wants the Parties to file objections to each

other's Motions in Limine, Jury Instructions, Exhibit Lists, Witness Lists, and Proposed Voir Dire.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order advising the Parties: (1) the date on which the jury trial of this case will begin; (2) the date on which the hearing on back pay and front pay damages will be held before the Court if Plaintiff prevails on liability before the jury; and (3) the date by which the Court wants the Parties to file objections to each other's Motions in Limine, Jury Instructions, Exhibit Lists, Witness Lists, and Proposed Voir Dire; and granting such further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

RYAN ROBB

By:  /s/ David B. Levin
     Attorney for Plaintiff
     Law Offices of Todd M. Friedman, P.C.
     707 Skokie Blvd., Suite 600
     Northbrook, IL 60062
     Phone: (224) 218-0882
     Fax: (866) 633-0228
     dlevin@toddflaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 24, 2023, a copy of the foregoing Response to Motion to Reset Trial Date was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH DISCIPIO,

  Plaintiff(s),              CIVIL NO.22-11451

v.

MASERATI NORTH AMERICA, INC,

  Defendant(s).
_____/

## **SCHEDULING ORDER (JURY)**

  The court has considered a written Rule 26(f) plan, held a scheduling conference or both, and advises counsel to carefully read the provisions of this Order. The court may shorten the deadlines established in this Order (*e.g.*, if no dispositive motion is filed by the deadline for such action, the court may advance all remaining dates by 60 days or more).

**IT IS HEREBY ORDERED** as follows:

**1.**  **ELECTRONIC FILING:**

  Use of the court's electronic filing system ("CM/ECF") is mandatory. Chambers' copies of *many* papers filed electronically need not be submitted (but see "Motion Guidelines," ¶ 7, below).

**2.**  **AMENDMENTS:**

  Any motion to add an allegedly indispensable party under Fed. R. Civ. P. 19 must be filed, or be deemed waived, not later than **11/4/2022.** Any motion to amend the complaint, answer or defenses must be based on reasonable cause and, if

based on newly discovered information, be made promptly after receipt of the information upon which the proposed amendment is based.

3.  **DISCOVERY DEADLINE:**

The deadline for completing (not simply scheduling) court-supervised discovery is **1/18/2023.** A discovery demand that is served such that a response is not due before the discovery deadline is deemed of no effect unless counsel agree to comply in spite of the discovery deadline. Extensions of court-supervised discovery are not ordinarily granted in the absence of unusual circumstances. Although unsupervised discovery may be agreed to among counsel, court deadlines are not changed based upon mere agreement. Any proposed protective order should include language limiting the amount of material filed under seal as described on this court's website.[1]

4.  **PRELIMINARY AND FINAL WITNESS LISTS:**

In order to properly orient each party to the expected trial position of the opposing side, each party must deliver a **preliminary witness list,** to the opposing party and file a copy with the court on or before **9/2/2022.**

Each party must deliver a **final witness list**, to the opposing party and file a copy with the court on or before **1/4/2023.** The list must constitute a full good-faith disclosure of each witness who is both known to the party and intended at that time to be called at trial. In the event that a party desires to supplement the list with additional witnesses, the party may do so by stipulation or, if a stipulation is not forthcoming, with a motion supported by a showing of good cause. Witness lists must include after each witness's

---

[1] *See http://www.mied.uscourts.gov/_practices/Cleland/discovery.htm*

name an informative synopsis (one or two sentences) outlining the witness's expected testimony.

5. **EXPERT REPORTS REQUIRED BY Fed. R. Civ. P. 26(a) (2) (B):**

The report of a proposed expert witness for Plaintiff must be provided to opposing counsel **not later than fifty-six days (eight weeks) before the end of discovery.** Plaintiff's expert must be available and prepared for deposition within **fourteen days** after the date the expert report is provided (i.e., not later than six weeks before the end of discovery).

The report of any proposed expert witness for Defendant must be provided to opposing counsel **not later that twenty-eight days (four weeks) before the end of discovery.** Defendant's expert must be available and prepared for deposition within **fourteen days** after the date the expert report is provided (i.e., not later than two weeks before the end of discovery.

In the event that a 26(a)(2)(B) report and deposition availability is not provided as required herein, the proposed expert testimony may be excluded. Expert reports are not to be filed with the court unnecessarily (*e.g.,* an expert report might be filed as an exhibit to a *Daubert* motion).

6. **DISPOSITIVE MOTION DEADLINE:**

The deadline for filing pretrial motions requiring extensive briefing and consideration (including motions under Rule 56 and those challenging a purported expert under *Daubert v Merrell Dow Pharmaceuticals, Inc,* 509 U. S. 579 (1993)) is **2/21/2023.**

**7.     MOTION GUIDELINES:**

**a) Concurrence.**   Before filing *any motion*, read and closely follow E. D. Mich. LR 7.1(a)(2) in seeking concurrence. Moving counsel must ***specifically report*** the events that lead to concurrence being refused. Unreasonable withholding of consent may lead to sanctions under LR 7.1(a)(3), as may the absence (or functional absence) of effort to seek an agreement that was later accomplished upon the motion being filed.

**b)  Form issues.**

 **i) Chambers' copies of complex briefs.** The court does not require chambers' copies of rudimentary and reasonably concise motions and briefs. However, motions that are complex and accompanied by extensive briefs and numerous exhibits are requested to be provided in physical form as chambers' copies. Generally, if a brief exceeds **twenty pages,** or is accompanied by more than **five exhibits or exhibits totaling more than twenty pages**, a chambers' copy should be provided. **Please deliver such chambers' copies within 48 hours after the brief is filed.   Insert a tabbed divider at each exhibit or affix a tab to the first page of the exhibit**.

**Chambers copies should be printed from the docket so that they contain the Pg ID in the upper right hand corner.**

**ii) Binding:** *avoid top-punching of chambers' copies.*

> **Bind any judge's or chambers' copies of briefs and appendices with a staple in the upper left corner unless more than about 20 pages are presented, in which case please bind in "book form" along the left margin.**

> **iii) Page limits on text.** The "text" of a brief as discussed in Local Rule 7.1(c)(3) includes things such as the case summary and argument, but does not apply to the statement of facts, table of contents, index of authorities, etc.

> **iv) Avoid presenting a "Notice of hearing."** This court always sets its own hearing dates, and it is a waste of time and paper to include a "Notice of Hearing" form in your motion. Such notices are not required either by the Federal or Local Rules.

c) **Time of Filing**. Dismissal Motions may be filed at any time. Summary Judgment Motions *usually* are filed closely following the end of discovery; those filed much earlier often must wait for additional discovery to be completed. In municipal liability cases, motions to dismiss for qualified immunity, if based on pleadings, raise only questions of law and are to be filed before discovery commences.

d) **Briefing and Hearings.** Responses to motions in this case are due as specified in the Federal and Local Rules. The court may set other specific, shorter dates for responses and replies in some motions. An "oral argument" or "hearing" date may be identified, but such date is merely a scheduling device and and not a guarantee that argument will be conducted. A motion may be decided on the briefs only, and

sometimes just days before argument.  Short extensions of deadlines that do not affect other deadlines may be granted by the court's Case Manager Lisa Wagner. Counsel must seek concurrence before contacting the court.

    **e) Hearings by telephone.**  The court will on its own initiative or at the request of counsel conduct some conferences and hearings by telephone or video conference; other reasonable suggestions that may reduce time, expense, and inconvenience require to resolve a case are invited.

    **f) Motion Standards.**  Clearly describe the standard governing your motion, but please avoid lengthy boilerplate recitations of legal standards or lengthy "string cites" in support of well-established principles.  On the merits, please focus your analysis on a few well-chosen cases, preferably recent and from controlling courts.  You are encouraged to lodge with judge's chambers copies of your main cases, with relevant passages highlighted and tabbed (an equivalent copy to be provided to opposing counsel, but not to be filed with the Clerk).  Copies of multiple cases, if provided, are to be submitted in a separate "case appendix" beginning with an index.

    **g) Rule 56 Motion Statement of Material Facts; format of "fact appendix."** A Rule 56 motion must begin with a "Statement of Material Facts." Such a Statement is to be included as the first section of the Rule 56 Motion, but the pages of that section do not count against the page limit for briefs. **The Statement must consist of numbered paragraphs briefly describing each material fact underlying the motion**. Each

proffered fact must be supported by a citation to record evidence, presented in a separate Fact Appendix.[2]

The response to a Rule 56 Motion must begin with a "Counter-statement of Material Facts" if any of the moving party's proffered facts are contested. **The paragraph numbering in the Response must correspond to the first Statement of Material Facts.** Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted.[3]

The factual record is to be contained in a separate "fact appendix." Begin the appendix with an index, followed by the tabbed exhibits. Submit enough of a document or deposition to allow it to be read in context, but avoid unnecessarily submitting things, including depositions, *in toto*. Documents and exhibits such as interrogatories, deposition and affidavits provided in the appendix should be highlighted to focus attention on your point.

---

[2] Examples of movant's separate material factual statements:
1. Plaintiff Jones worked for ABC Corp. in an at-will position from 1999 until his termination in 2005. *Jones* dep., Appdx Ex. 4, pg. 10.
* * *
25. ABC Corp. Human Resources Director Smith testified that the only reason Jones was terminated was repeated tardiness. Smith dep., Appdx. Ex. 15, pg. 5.

[3] For examples of non-movant's corresponding factual statements:
1. Plaintiff admits that he worked for ABC Corp. in an at-will position, but the commencement of employment was in 1997. *Jones* dep., Appdx Ex. 4, pg. 22.
* * *
25. Plaintiff admits that Human Resources Director Smith testified at page 5 that Jones was terminated for tardiness, however Smith also agreed that he said in an email to ABC Corp. Vice President Brown that Jones should "move out" since he was "getting along in years." Smith dep., Appdx. Ex. 15, pg. 39.

Chambers' copies of fact appendices of more than 20 pages must be separately bound and include a cover sheet identifying the motion to which they are appended. All pages from the same deposition or document should be at the same tab.

**h)** The court endeavors to decide pending motions promptly, ordinarily within four weeks after a hearing, or within two weeks after the time for a response has passed without a response being filed. Complex motions or those raising novel issues may require additional time to conclude. If a motion has been pending in chambers without resolution for an apparently inordinate time, counsel are asked to notify the court's case manager by telephone or in writing (jointly if possible) as to the status of the motion. Such notification is a service that is appreciated by the court and is not viewed by the court as inappropriate or impertinent.

8. **MOTIONS IN LIMINE:**

Motions in limine must be filed on or before **5/30/2023**. The court will not receive Motions in limine on the day of trial without good cause shown for the delay. "Motions in limine," as used here, indicates the relatively uncomplicated cautionary motions often seen at the commencement of a case. A motion, even if labeled as one "*in limine*," which will require extensive briefing and consideration (such as a *Daubert* motion; *see* section 5, above) must be filed in accordance with the deadline for filing dispositive motions.

9. **JOINT JURY INSTRUCTIONS:**

**a)** Plaintiff's counsel is hereby ORDERED to convene a meeting of the attorneys (*see* Fed. R. Civ. P. 51); all counsel are ORDERED to confer prior to trial to

discuss the indispensable "core" jury instructions in a good faith effort to narrow the areas of dispute and with a view toward reaching agreement as to an acceptable form. The court will deliver its own standard introductory and concluding instructions[4] and will instruct the jury at the beginning of the case at least on the elements of proof. The object of the instruction conference, then, should include principally these matters:

1) The elements of the plaintiff's claim;
2) The elements of any affirmative defenses;
3) Specialized case-specific instructions, e.g., concerning unusual factors in this case;
4) A form of the verdict, usually incorporating logically sequential questions based on the elements of proof.

    **b)** Plaintiff's counsel is ORDERED to lodge with judge's chambers a unified set of stipulated proposed jury instructions no later than **5/30/2023.**

    **c)** Instructions are to be written with WordPerfect© or compatible software, and transmitted through e-mail and not filed with the Clerk.

    ***c)*** *Instructions are to be submitted similar to a proposed order using the utilities link of CM/ECF (See section 9.3 Utilities Features - Proposed Orders of the Electronic Case Filing User Manual) with a courtesy copy delivered to chambers.*

    **d)** If counsel are unable to fully agree as specified herein, plaintiff's counsel is ORDERED to so inform the court in writing by the deadline for the filing of instructions listed above and to lodge with judge's chambers all agreed-on and contested instructions. The court will ordinarily conduct an expedited in-person conference.

---

[4] See *http://www.mied.uscourts.gov/_practices/Cleland//jurytrial.htm*,

The court ORDERS objecting counsel to supply opposing counsel in writing the reason(s) for any objections to a proposed instruction so that each contested instruction can be followed by a statement of case law, statutory or other basis of support and a verbatim restatement of the basis given for any objection.

10. **JOINT FINAL PRETRIAL STATEMENT:**

Plaintiff's counsel must submit a proposed joint final pretrial order pursuant to Local Rule 16.2 to chambers on or before **5/30/2023.**

11. **FINAL PRETRIAL/SETTLEMENT CONFERENCE:**

The court will conduct in chambers a Final Pretrial and Settlement Conference under the provisions of Fed. R. Civ. P. Rule 16(d) on **6/5/2023, at 2:00 p.m.**

   a) **Demand and response.** Plaintiff is hereby ORDERED to transmit a clear, written and good faith settlement demand insuring that it is received by defendant not later than 14 days before the conference. Defendant is ORDERED to respond to that demand in writing, clearly and in good faith, insuring that it is received by plaintiff not later than 7 days before the conference. Further communication is strongly encouraged.

   b) **Attendance.** The following persons and entities are hereby ORDERED to personally attend the conference:

   • **Trial counsel** for each party;

   • **All parties** who are natural persons;

   • **A representative** on behalf any other party;

- **A representative of any insurance carrier** which has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

A "representative" must possess full authority to engage in settlement discussions and to agree upon a full and final settlement. "Full authority" is measured by the last demand of plaintiff and authority must extend at least to that level.

The requirement that each party "personally attend" is not satisfied by trial counsel professing to have full authority and attending on behalf of the client. Being "available by telephone" does not equal "personally attending" the conference. *A party who disregards these conference requirements risks fines, costs, fees, foreclosure of witnesses, loss of claims or loss of defenses under Fed. R. Civ. P. 16(f) and Local Rule 16.1.*

In the event that a party determines that it will not participate in negotiation toward case settlement and intends simply to proceed to trial, that fact must be made known to the court and the opposing party as early as possible. Substitute arrangements for a final pretrial conference will follow.

12. **JURY TRIAL SCHEDULE:**

This case is assigned for trial on the court's trial docket for **6/19/2023.**

Counsel are directed to make whatever adjustments that may be required in trial or vacation schedules as soon as possible. The court uses the "Blind Strike" system of jury selection. [5]

---

[5] See *http://www.mied.uscourts.gov/_practices/Cleland//jurytrial.htm*

**13.     EXHIBITS; EXAMINING, PRE-MARKING AND LISTING:**

Plaintiff's counsel is hereby ORDERED to convene a meeting of the attorneys at which all counsel are ORDERED to meet and:

**a)**   identify any objections as to authenticity, foundation, relevance, etc., of ea*ch* proposed exhibit and deposition.  Each party's exhibits and depositions must then be listed separately, first those as to which there are no objections, and second those as to which there are objections.  An "exhibit" includes both those which a party fully intends to introduce and those which the party simply *might* introduce.  A "deposition" includes redacted portions thereof intended for trial use. Agreed-upon exhibits and depositions, identified on a separate listing and prepared for submission to the court as explained more fully in ¶14(a), below, will be considered admitted at the outset of trial and may be used by either party at any time.

**b)**  supply to opposing counsel in writing the reason(s) for the withholding of such stipulation or assertions of such objections as to each exhibit proposed by the opposing party as to which counsel has objected or withheld stipulation.

**c)**  arrange to number and label all exhibits (both those agreed to and those objected to) IN ADVANCE OF TRIAL (court time cannot be used for the labeling of exhibits and the court's reporter does not label exhibits for counsel).  Plaintiff should use exhibit numbers beginning with 101 and defendant should use numbers beginning with 501. In the event of an extraordinarily large number of exhibits or for other reasons, counsel should agree upon a reasonable alteration to π-101 / Δ-501 numbering.

14. **EXHIBIT LISTS, TRIAL BRIEFS AND ELECTRONIC PRESENTATION:**

   **a)** Counsel for plaintiff is ORDERED by **5/30/2023:**

   i)   to file a list of exhibits, the admissibility of which is stipulated to by both parties, and a list of the depositions similarly stipulated to, and

   ii) to lodge with judge's chambers an electronic copy of the exhibits

   **b)**  Counsel for plaintiff and for defendant each are ORDERED by the same date noted in section a), above, to file:

   i)  a trial brief,[6] and

   ii)  a list of that party's *proposed* exhibits, the admissibility of which has been objected to by the opposing party, and the reason (supplied by opposing counsel) for the objection, and

   iii) proposed findings of fact and proposed conclusions of law if there are any issues to be decided by the court alone.

   **c)**  Counsel are directed to consider the use of electronic presentation technologies to minimize the need for paper copies of documents. The court can make available certain kinds of electronic presentation technology.

---

[6] A good trial brief will do more than merely restate the case summary contained in the JFPTO, although a theory of the case is usually the core. It may, for example, assist the court by outlining counsel's intended position on anticipated evidence or witness problems.

15. **ELECTRONIC PRESENTATION TECHNOLOGIES:**

Counsel are directed to prepare and use electronic presentation technologies at trial to eliminate, or at least substantially minimize, the need for any physical copies of documents in court. The court is equipped with electronic presentation technology. Counsel are expected to acquire working knowledge before trial.

16. **DEPOSITION USE AT TRIAL:**

Electronically-recorded depositions for use at trial must be carefully edited in order to meet ordinary trial limitations, limited to direct examination, cross examination on matters raised in direct, and possibly redirect. See, Fed. R. Evid. 611). Any extended rounds of questions and answers beyond redirect must be redacted unless the court has been persuaded, in advance, that unusual circumstances require such extended questioning. All objections, commentary by counsel and other extraneous material (which, the court urges, include obviously irrelevant or superfluous testimony even if no objection was lodged) must be effectively redacted. It is not sufficient to merely reduce the volume in court. The court will explain to the jury that editing of such depositions is necessary and common practice.

| SUMMARY OF MAJOR DEADLINES | |
|---|---:|
| **Final Witness List** | **1/4/2023** |
| **Discovery Deadline** | **1/18/2023** |
| **Dispositive Motion Deadline** | **2/21/2023** |
| **Joint Final Pretrial Order and Instructions** | **5/30/2023** |
| **Final Pretrial/Settlement Conference** | **6/5/2023** |
| **Trailing Docket** | **6/19/2023** |

*Counsel are cautioned not to rely upon this summary alone. Important detailed information is contained in the Scheduling Order, ignorance of which can imperil claims or defenses.*

IT IS SO ORDERED.

                                                 s/ Robert H. Cleland
                                                 ROBERT H. CLELAND
                                                 UNITED STATES DISTRICT JUDGE

August 18, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 18, 2022, by electronic and/or ordinary mail.

                                                 s/Lisa Wagner
                                                 Case Manager and Deputy Clerk
                                                 (810) 292-6522

(CMO-Jury Rev.11/17)