IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN ROBB, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:18-cv-02307-SEM-EIL |
| ) | |
| v. ) | Honorable Judge Sue E. Myerscough |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| COMMUNITY COLLEGE DISTRICT ) | |
| NO. 505 (PARKLAND COLLEGE) ) | |
| COUNTIES OF CHAMPAIGN, COLES, ) | |
| DEWITT, DOUGLAS, EDGAR, FORD, ) | |
| IROQUOIS, LIVINGSTON, MCLEAN, ) | |
| MOULTRIE, PIATT, VERMILION AND ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S FIFTH MOTION IN LIMINE (KAIZAD IRANI)**

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his Response in Opposition to Defendant BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE)'s Fifth Motion in Limine (Dkt. #116), Plaintiff states as follows:

Defendant's Fifth Motion in Limine seeks to limit the testimony of Kaizad Irani ("Irani") to the contents of his Declaration (Dkt. #55-7), which Plaintiff submitted in Opposition to Defendant's Motion for Summary Judgment, and to Plaintiff's answer to a certain interrogatory posed by Defendant. Defendant further seeks to prohibit counsel for Plaintiff from introducing or eliciting any additional testimony, statements, or evidence from Irani.

Initially, Plaintiff objects to Defendant's Motion on the grounds that it is vague and overbroad. For this reason alone, the Court should deny Defendant's Motion and defer any evidentiary rulings regarding Mr. Irani's testimony until trial. Defendant's Motion offers no

1

specificity regarding the statements or information Defendant seeks to bar. Defendant has failed to show what aspect of Mr. Irani's trial testimony is clearly inadmissible on all potential grounds.

      Irani is a former employee of Defendant and co-worker of Plaintiff, who was disclosed in Plaintiff's Fed. R. Civ. P. 26(a)(1) Initial Disclosures and referenced in Plaintiff's Answers to Interrogatories. Defendant seeks to limit the testimony of a witness Plaintiff disclosed in the early stages of this case, who Defendant had ample opportunity to depose, and without providing any particulars as to the testimony it purports to be inadmissible. The lack of any specificity in Defendant's Motion makes it difficult for Plaintiff to respond with much specificity and should result in its denial. *See, e.g., Fuery v. City of Chicago*, No. 07-C-5428, 2015 WL 13682033, at *9 (N.D.Ill. Nov. 30, 2015) ("Without knowing the exact statements Plaintiffs intend to introduce, however, the Court cannot specifically address their inadmissibility.").

      The Court may exclude evidence *in limine* "only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400-01 (N.D. Ill. 1993). Similarly, this Court ruled in *United States v. Sheffler*, No. 19-30067, 2021 WL 2711985, at *3 (C.D.Ill. July 1, 2021), that "[b]ecause Defendants' motion in limine does not establish such evidence is unequivocally inadmissible, the Court will defer evidentiary rulings until trial so questions of foundation, relevance, and prejudice may be resolved in context." In this case, because Defendant's Motion does not even identify any evidence which Plaintiff seeks to introduce which would be unequivocally inadmissible, the Court should defer any evidentiary rulings regarding Mr. Irani's testimony until trial so questions of foundation, relevance, and prejudice may be resolved in context.

While Defendant quoted from a portion of Plaintiff's Answer to one of Defendant's Interrogatories, Defendant pulled that quote completely out of context and failed to attach the full question and answer to its Motion. In its Motion, Defendant states, "Plaintiff identified Kaizad Irani and his possible testimony first in his Answers to Interrogatories as follows…" (Dkt. #116, at pg. 1). However, a more thorough review of the Interrogatory and Answer in question clearly show that the portion quoted in Defendant's Motion was not intended to be a summary of every possible topic to which Mr. Irani might testify at trial.

Attached hereto as Exhibit A to this Response are Plaintiff's Answers to Defendant's Interrogatories. The interrogatory in question is No. 6, which begins on page 5 of Plaintiff's Answers. That interrogatory requests a staggering amount of information:

> Identify all persons, including, without limitation, present or past employees with whom you have had any communications (oral or written) regarding any of the allegation [sic.] of the Complaint. In addition, set forth the content of the communication or contact, the date it occurred, all persons whom you believe have knowledge of the communication or contact, and the place or manner of the communication or contact. Identify all documents relating to this Answer.

Essentially, Defendant asked Plaintiff to identify anyone with whom he ever communicated in any way regarding any of the allegations in his Complaint, including the content of the communications, the date of the communications, the locations of the communications, anyone else who may have knowledge of the communications, etc. The allegations of retaliation in Plaintiff's Third Amended Complaint (Dkt. #26) for the most part span a period of nearly four years, from October 2015 through August 2019.

Plaintiff objected to Defendant's Interrogatory No. 6 "as overly board and unduly burdensome to the extent it requests the specific details of every conversation or communication Plaintiff has ever had with anyone related to the allegations he raised in this case; also calls for a

narrative response more properly suited for a deposition." *See* Exhibit A, pg. 5. Plaintiff then answered, subject to those objections, that "Plaintiff believes all of the individuals listed below have knowledge related to his claims and that he has communicated with all of them regarding the categories of information listed. Plaintiff cannot personally recall the date of every such communication. Some of those communications are being produced with these Answers." *Id.* at pgs. 5-6.

Clearly, the language quoted by Defendant in its Motion in relation to Irani – which appears in the attached Exhibit A at pg. 6 – was not intended to be a disclosure of the subjects of Mr. Irani's trial testimony. In fact, the interrogatory which Plaintiff was answering did not even ask for a list of possible trial witnesses and the subjects of their anticipated testimony. Thus, Defendant's statement in its Motion that Plaintiff identified Irani's "possible testimony first in his Answers to Interrogatories as follows," is misleading.

Furthermore, if Defendant wanted to know what information Irani possessed about which he could possibly testify at trial, Defendant could have taken his deposition. Of all of the individuals listed in Plaintiff's Answer to Interrogatory No. 6, Defendant took the depositions of only two (other than the deposition of Plaintiff himself), Cassandra Wolsic and Rochelle Harden. Interestingly, neither Cassandra Wolsic nor Rochelle Harden were included in Defendant's Witness List for trial, although Irani was included. *See* Exhibit B to Proposed Pretrial Order, Dkt. #120-2. Irani's Declaration (Dkt. #55-7) was filed with the Court on July 21, 2020 and was provided to Defendant prior to that date. It was never intended to be, nor was it represented to be, a recitation of every subject about which Plaintiff might want to elicit testimony from Irani at trial. While discovery has been closed since June 1, 2020, Defendant has not sought an order allowing it to take Irani's deposition in the nearly three years that have elapsed since then.

Finally, it bears noting that Irani was a former employee of Defendant who did not retire until 2019 (Declaration of Irani, Dkt. #55-7 at ¶ 3), after Plaintiff filed this lawsuit in 2018 and his EEOC Charge of Discrimination in 2017. Irani was a co-worker of nearly every other witness listed by both parties to this case and he worked in the same department at Parkland College with most of them. Defendant had ample opportunity to discuss with Irani what he might know about Plaintiff's allegations of retaliation. Defendant has also had ample opportunity to discuss with other witnesses at Parkland College what they believe Irani might know about Plaintiff's allegations.

Defendant's Fifth Motion in Limine is vague and overbroad; it offers no specificity regarding the statements or information Defendant seeks to bar at trial; it misrepresents a portion of an interrogatory answer as a disclosure of Irani's testimony; and it seeks to limit the scope of the testimony of a witness Defendant could have deposed, but chose not to depose. The subject of Defendant's Motion, Irani, was a long-time employee of Defendant who did not retire until well after the filing of Plaintiff's Charge of Discrimination and this lawsuit. For all of these reasons, Defendant's Fifth Motion in Limine should be denied.

WHEREFORE, for the foregoing reason, Plaintiff respectfully requests this Court deny Defendant's Fifth Motion In Limine (Dkt. # 116).

        RESPECTFULLY SUBMITTED,

        RYAN ROBB

        By:  /s/ David B. Levin
             Attorney for Plaintiff
             Law Offices of Todd M. Friedman, P.C.
             707 Skokie Blvd., Suite 600
             Northbrook, IL 60062
             Phone: (224) 218-0882
             Fax: (866) 633-0228
             dlevin@toddflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 16, 2023, a copy of the foregoing Response to Defendant's Fifth Motion in Limine was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff