E-FILED
Thursday, 23 February, 2023  06:47:58 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **RYAN ROBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 18-CV-2307** |
| | ) | |
| **BOARD OF TRUSTEES OF** | ) | |
| **COMMUNITY COLLEGE DISTRICT** | ) | |
| **NO. 505 (PARKLAND COLLEGE)** | ) | |
| **COUNTIES OF CHAMPAIGN,** | ) | |
| **COLES, DEWITT, DOUGLAS,** | ) | |
| **EDGAR, FORD, IROQUOIS,** | ) | |
| **LIVINGSTON, MCLEAN,** | ) | |
| **MOULTRIE, PIATT, VERMILION** | ) | |
| **AND STATE OF ILLINOIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on Defendant's Fifth
Motion in Limine (d/e 116) to which Plaintiff objects (d/e 128).  For
the following reasons, Defendant's Motion is DENIED.

Defendant seeks to limit the testimony of Mr. Kaizad Irani to
the information disclosed in Mr. Irani's Declaration (d/e 55-7).
That information establishes that Mr. Irani was employed by

Defendant with Plaintiff during the time of Plaintiff's alleged injuries and that Mr. Irani was also involved in the hiring process at Parkland.  Any other information either solicited by Plaintiff or offered by Mr. Irani at trial, Defendant argues, should be barred.

Courts generally exclude evidence in limine only when the inadmissibility of evidence at trial is clear.  Gao v. Snyder Cos., Case No. 10-1025, 2012 WL 13124728, at *1 (C.D. Ill. Feb. 7, 2012) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)); see also Hawthorne Partners v. AT&T Techs., Inc., 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).  Other "evidentiary submissions, however, cannot be evaluate accurately or sufficiently by the trial judge" in a motion in limine.  Id. (citing Jonasson v. Lutheran Child and Family Servs., 115 F.3d 436, 440 (7th Cir. 1997)).

Defendant has not shown that all testimony outside of that which is included in Mr. Irani's Declaration would be inadmissible at trial on all potential grounds.  Mr. Irani was an employee of Defendant and Plaintiff's coworker when Plaintiff's alleged injury occurred, when Plaintiff filed the initial EEOC Charge of Discrimination in 2017, and when Plaintiff filed this suit.  The

testimony Mr. Irani may provide, and which Defendant seeks to bar, has yet to be fully disclosed.  The Court, therefore, cannot rule on its admissibility at this time.

Accordingly, Defendant's Fifth Motion in Limine (d/e 116) is DENIED.  The Court reserves for trial ruling on any further objections to the testimony of Mr. Irani.

**ENTERED:  February 22, 2023**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**