**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| RYAN ROBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.    18-cv-02307 |
| | ) |
| BOARD OF TRUSTEES OF COMMUNITY COLLEGE | ) |
| DISTRICT NO. 505 (PARKLAND COLLEGE) | ) |
| COUNTIES OF CHAMPAIGN, COLES, DEWITT, | ) |
| DOUGLAS, EDGAR, FORD, IROQUOIS, | ) |
| LIVINGSTON, MCLEAN, MOULTRIE, PIATT, | ) |
| VERMILION AND STATE OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S NINETH MOTION IN LIMINE
(Cat's-Paw Theory of Liability)**

NOW COMES the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE

DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES,

DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE,

PIATT, VERMILION AND STATE OF ILLINOIS ("Parkland College,") by its attorneys Meyer

Capel, A Professional Corporation, and for its Nineth Motion in Limine requests that this Court

prohibit the Plaintiff from testifying or counsel for the Plaintiff from introducing or eliciting any

testimony, making any statement or offering any evidence relating to a "Cat's-Paw" theory of

liability. In support of its Nineth Motion in Limine, Defendant states as follows:

1.      Recently, the Seventh Circuit Appellate Court in *Bragg v. Munster Medical Rsch.*

*Foundation Inc.*, 58 F.4th 265, 273 (7th Cir. 2023) described the Cat's-Paw theory of liability as

"[W]hen a biased subordinate lacks decision-making power to fire an employee, but 'uses a formal

decision maker as a dupe in a deliberate scheme to trigger a discriminatory employment action,'

we will consider the biased subordinate's actions as direct evidence of discrimination."

2.      To prove a claim based on the Cat's-Paw theory of liability, a plaintiff must prove that: "(1) the biased subordinate 'actually harbored discriminatory animus against [her]'; and (2) '[the subordinate's] input was a proximate cause' of the adverse employment decision." *Id.*

3.      Under the Cat's Paw theory of liability, it is insufficient for a Plaintiff to submit evidence that is "'too remote ... or indirect' to support an inference of causation." *Id.* at 58 F.4th at 274.  Regarding such evidence, the court in *Bragg* explained that: "Without some evidence that [subordinates] expressed racial bias towards [plaintiff], [plaintiff] does not get past the first step in the cat's-paw theory." *Id.*

4.      During discovery, Defendant propounded the following interrogatory to the Plaintiff:

> 9.      Identify with specificity each instance of retaliatory treatment to which you claim to have been subjected (see ¶¶63 and 69 of the Complaint) that is not otherwise identified in the Plaintiff's Complaint.

5.      In Plaintiff's Answers to Defendant's Interrogatories (a copy of which is attached hereto as **Exhibit 1**), Plaintiff answered Interrogatory No. 9, as follows:

> Objection; a listing of every single instance of a comment or communication that could be construed as retaliatory treatment is overly board and unduly burdensome and calls for a narrative response more properly suited for a deposition. Subject to said objections, the [*sic*] all major categories of retaliatory treatment upon which Plaintiff's claims for damages are based are set forth in Plaintiff's Third Amended Complaint." [Emphasis added.]

6.      The Third Amended Complaint [# 26] does not contain any allegations that a subordinate held a discriminatory or retaliatory animus, expressed a discriminatory or retaliatory animus toward Plaintiff, or that a subordinate's input was a proximate cause of any alleged retaliation against the Plaintiff.

2

7.    The Illinois Central District has previously warned that a claim for relief which is not alleged in a complaint is not properly before the court.  *See*, *Tompkins v. Central Laborers' Pension Fund*, No. 09-cv-4004, 2011 U.S. Dist. LEXIS 85481, at *24 n.15 (C.D. Ill. Aug. 3, 2011), *citing Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996).

8.    Similarly, in *Jones v. Wexford Health Sources, Inc.*, No. 17-cv-8218, 2021 U.S. Dist. LEXIS 18569, at *8 (N.D. Ill. Feb. 1, 2021), the court explained that the "defendants cannot be expected to address a claim that has not been properly raised."  Citing *Cutrera v. Bd. of Supervisors of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005), the court in *Jones* explained that a "claim which is not raised in the complaint . . . is not properly before the court." Ultimately, the *Jones* court held that because a particular claim was not stated in the complaint, there was no claim based on that theory "to address at . . . trial." *Id.* at *8.

9.    Further, Federal district courts in Illinois have specifically held that a cat's-paw theory fails when it is not pled in a complaint.  *See*, *Kenese v. Catholic Charities of the Archdiocese of Chicago*, No. 18-cv-08272, 2021 U.S. Dist. LEXIS 60850, at *13 (N.D. Ill. Mar. 30, 2021); and, *Higgins v. Lake County Circuit Court Office*, No. 17-cv-07637, 2019 U.S. Dist. LEXIS 54866, at *10 fn.1 (N.D. Ill. Mar. 29, 2019).

10.    To be admissible, evidence must be relevant. Fed. R. Evid. 402. To be relevant, evidence must have "…any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

11.    In this case, where the Plaintiff's Third Amended Complaint fails to contain any allegations of a Cat's-Paw theory of liability, any testimony, statement, or evidence that a Parkland subordinate held a discriminatory or retaliatory animus toward Plaintiff, or that a Parkland

subordinate's input was a proximate cause of any retaliation against the Plaintiff would be irrelevant because a Cat's-Paw theory of liability is not before the Court.

WHEREFORE, the Defendant respectfully request that the court prohibit the Plaintiff from testifying or counsel for the Plaintiff from introducing or eliciting any testimony, making any statement or offering any evidence relating to a Cat's-Paw theory of liability, including but not limited to, any testimony, statement, or evidence that a Parkland subordinate held a discriminatory or retaliatory animus toward Plaintiff, or that a Parkland subordinate's input was a proximate cause of any retaliation against the Plaintiff.

GRANTED:_____    DENIED: _____

Respectfully submitted,

**BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS**, Defendant,

By: Meyer Capel, A Professional Corporation

By: **/s/ Lorna K. Geiler**_____
Lorna K. Geiler, Bar#6192940
Attorney for the Defendant
Meyer Capel, A Professional Corporation
306 W. Church St.
Champaign, IL 61820
Phone: (217) 352-9294
Email: lgeiler@meyercapel.com

4

## <u>CERTIFICATE OF SERVICE BY ATTORNEY</u>

In accordance with Fed.R.Civ.P. 5(a) and LR5.3(c) the undersigned attorney certifies that the foregoing **DEFENDANT'S NINETH MOTION IN LIMINE (Cat's-Paw Theory of Liability)** was filed with the Clerk of this Court by submission of the same via this Court's Electronic Case File System ("ECF") on July 11, 2023 and that notice of said electronic filing will automatically be transmitted by email to:

**David Brian Levin -** dlevin@toddflaw.com

**Steven Gene Perry -** sperry@toddflaw.com

By:     **/s/ Lorna K. Geiler** _____
Lorna K. Geiler, Bar#6192940
Attorney for the Defendant
Meyer Capel, A Professional Corporation
306 W. Church St.
Champaign, IL 61820
Phone: (217) 352-1800
Email: lgeiler@meyercapel.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

RYAN ROBB,

      Plaintiff,

  v.

BOARD OF TRUSTEES OF
COMMUNITY COLLEGE
DISTRICT NO. 505 (PARKLAND
COLLEGE) COUNTIES OF
CHAMPAIGN, COLES, DEWITT,
DOUGLAS, EDGAR, FORD,
IROQUOIS, LIVINGSTON,
MCLEAN, MOULTRIE,
PIATT, VERMILION AND STATE
OF ILLINOIS,

      Defendant.

Case No. 2:18-cv-02307-CSB-EIL

**PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES**

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his

Answers to the Interrogatories propounded by the Defendant, BOARD OF TRUSTEES OF

COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF

CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON,

MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS, Plaintiff hereby

states as follows:

1.     Identify each expert who you intend to call at trial or who has been consulted,

retained or specially employed by you in anticipation of this litigation or in order to assist your

preparation of this case, whether or not such person is expected to be called as a witness at trial,

1



and with respect to each expert provide the information required by Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure. Identify all documents relating to this Answer.

**ANSWER:**    Objection; this interrogatory is premature. Plaintiff has not yet determined who he will call as expert witnesses in this case. Plaintiff will disclose his expert witnesses in accordance with any deadlines set by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any orders of this Court regarding expert witness disclosures. Investigation continues.

2.    Have you obtained a statement, either written or recorded, from any person who has knowledge of the facts alleged in the Complaint? If so, please attach a copy of said statement to your answers to these Interrogatories.

**ANSWER:**    No such statements have been obtained at this time. Plaintiff will supplement his answer to Interrogatory No. 2 if any statements are obtained in the future.

3.    State whether you have filed any other lawsuit, charge or grievance against any employer, including but not limited to the Defendant, and describe the forum, nature and disposition of any such lawsuit, charge or grievance.  Identify all documents relating to this Answer.

**ANSWER:**    Objection; irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objection, Plaintiff has not filed any such lawsuit, charge, or grievance against any employer other than Defendant. All charges, grievances, or other complaints filed against Defendant have been previously listed and disclosed in Plaintiff's Third Amended Complaint. If Defendant seeks a particular document related to one of the Plaintiff's grievances filed against Defendant, please specify which document so Plaintiff can produce it, if

2

it is in his possession. Plaintiff's EEOC charges are attached to his Responses to Defendant's Requests to Produce.

  4.  State whether the Plaintiff has been self-employed or employed in manner, other than with the Defendant, at any time since, January 1, 2016 and if so:

    a. state the name and address of each and every company or business employer where Plaintiff is or has been employed (or self-employed), and the dates of the Plaintiff's employment in each position;

**ANSWER:**  Objection as to any employment of Plaintiff prior to the circumstances alleged in Plaintiff's Third Amended Complaint as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections:

- Plaintiff has been self-employed from January 1, 2016, to the present.

- Plaintiff has been employed by Richland Community College, One College Park, Decatur, IL 62521, from January 2017 to present.

- Plaintiff has been employed by American Chianina Association, 1708 N. Prairie View Road, Platte City, MO 64079, from February 2019 to present.

    b. for each of the above companies or business enterprises, state the title of each position the Plaintiff has held, the date he held the position and the salary he received in each position;

**ANSWER:**  Objection as to any employment of Plaintiff prior to the circumstances alleged in Plaintiff's Third Amended Complaint as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections:

- Self-employed farm owner and operator; earnings dependent on production.

- Richland Community College, Adjunct Instructor of Agriculture, $3,632.10.
- American Chianina Association, Director of Sales and Marketing, $30,000/year starting March 1, 2019.

c. state the Plaintiff's gross earnings to date received from each of the above employers or businesses and the gross earnings Plaintiff has received from self-employment;

**ANSWER:** Objection as to any employment of Plaintiff prior to the circumstances alleged in Plaintiff's Third Amended Complaint as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections:

- Self-employment gross earnings to date: $220,693.00. Plaintiff's 2018 income has not yet been finalized, as Plaintiff obtained an extension for the filing of his 2018 tax returns.
- Richland Community College gross earnings to date: $8,750.00
- American Chianina Association gross earnings to date: $10,000.00

d. state any discipline received and if Plaintiff has terminated employment with any company, and the reason for that termination; and

**ANSWER:** Plaintiff has not been terminated or disciplined by any previous or current employer other than Defendant.

e. Identify all document relating to the foregoing answers.

**ANSWER:** Objection as to any employment of Plaintiff prior to the circumstances alleged in Plaintiff's Third Amended Complaint as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections:

4

- Plaintiff will provide a Schedule F 1040 form to verify his farm income.

- Plaintiff will provide a W-2 statement to verify his Richland Community College Earnings.

- Plaintiff will provide his most recent paystub to verify his year-to-date gross earnings with American Chianina Association.

- Plaintiff will supplement his answer to this interrogatory as he obtains the above-mentioned documents.

5.    State whether the Plaintiff has received income since January 1, 2016 from sources other than those identified in the answer to Interrogatory No. 4 and, if so, state the nature and source of any such income, the gross amount of any such income and the dates on which such income was received.  Identify all documents relating to this Answer.

**ANSWER:**  Plaintiff has earned no additional income not identified above.

6.    Identify all persons, including, without limitation, present or past employees with whom you have had any communications (oral or written) regarding any of the allegation of the Complaint.   In addition, set forth the content of the communication or contact, the date it occurred, all persons whom you believe have knowledge of the communication or contact, and the place or manner of the communication or contact.   Identify all documents relating to this Answer.

**ANSWER:**  Objection to this Interrogatory as overly board and unduly burdensome to the extent it requests the specific details of every conversation or communication Plaintiff has ever had with anyone related to the allegations he raised in this case; also calls for a narrative response more properly suited for a deposition. Subject to said objection, Plaintiff believes all of

5

the individuals listed below have knowledge related to his claims and that he has communicated with all of them regarding the categories of information listed. Plaintiff cannot personally recall the date of every such communication. Some of those communications are being produced with these Answers.

Cassandra Wolsic – Agriculture Instructor at Parkland College who filed an EEOC Charge of Discrimination against Defendant; has knowledge of Plaintiff's role as a witness in that investigation.

Bruce Henrikson – Department Chair; has knowledge of Defendant's course load assignment procedures. Also aware of Plaintiff's involvement in Wolsic's EEOC charges.

Kathleen Charleston – Human Resources Director; has knowledge of investigations into complaints made by Cassandra Wolsic and Plaintiff.

James Mansfield – Replaced Bruce Henrikson as Department Chair; has knowledge of Defendant's reduction in course load and familiarity with Defendant's process for assigning courses. Also aware of Plaintiff's involvement in Wolsic's EEOC charges.

Kaizad Irani – Instructor of Agriculture and Horticulture; has knowledge relating to Defendant excluding Plaintiff from certain department meetings; also has knowledge of the fact that he only has an architecture degree but was allowed to teach courses outside of that subject, including agricultural business courses Plaintiff was qualified to teach.

Jennifer Fridgen – Agriculture Program Director; has knowledge of her involvement in assigning pay for agriculture club and assigning course load to instructors. Also aware of Plaintiff's involvement with Wolsic's EEOC charges.

Roberta "Bobbi" Scholze – Dean of Career and Technical Education; has knowledge of Defendant's retaliatory course assignments to Plaintiff and inequitable pay to Plaintiff. Also aware of Plaintiff's involvement in Wolsic's EEOC charges.

Pamela Lau – Vice President of Academics; has knowledge of Plaintiff's complaints regarding retaliation and harassment. Also has knowledge of Plaintiff's involvement with Wolsic's EEOC charge.

Aimee Densmore –Advisor and recruiter for the agriculture program during Plaintiff's employment with Defendant; has knowledge of Plaintiff being excluded from certain department meetings.

Betty Zeedyk – Human resources personnel; has knowledge regarding Plaintiff's inequitable pay.

Thomas Ramage – President of Parkland College; has knowledge of Plaintiff's appeal of his complaint of harassment filed in April of 2017 and his involvement in the process of hearing Plaintiff's appeal. Also has knowledge of Plaintiff's and Wolsic's EEOC charges.

Brian Mercer – President of the Parkland Academic Employees Union; has knowledge pertaining to the Union's grievance and complaint process; also has knowledge of Defendant's reduction in force.

Curtis Shoaf – Chair of the Grievance Committee that handled all of Plaintiff's grievances; has knowledge of the factual allegations underlying Plaintiff's claims.

Paul Sarantakos – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of his involvement in hearing grievances filed by Plaintiff.

7

<u>Tammy Kesler</u> – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of her involvement in hearing grievances filed by Plaintiff.

<u>Jon Ross</u> – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of his involvement in hearing grievances filed by Plaintiff.

<u>Chris Randles</u> – Vice President for Administrative Services and Chief Financial Officer of Parkland College; likely to have knowledge of Plaintiff's grievances, and Plaintiff's complaints about inequitable pay and his banked hours.

<u>Don Bergfield</u> – Previously worked as a Program Director with Defendant; has knowledge of his assignment of course loads for Cassandra Wolsic and Plaintiff.

<u>Toni Burkhalter</u> – Taught biology courses for multiple years when Plaintiff was not allowed to teach them despite having the same or a substantially similar degree to Plaintiff; has knowledge of Defendant's process for assigning courses.

<u>Scott Seichen</u> – Department Chair of Natural Sciences; has knowledge his involvement in the decision to deny Plaintiff the opportunity to teach certain courses.

<u>Nancy Sutton</u> – Department Chair of Natural Sciences; has knowledge his involvement in the decision to deny Plaintiff the opportunity to teach certain courses.

<u>Marcia Hamor</u> – Administrator in charge of payroll; has knowledge relating to Plaintiff's reduction in pay; also was in charge of recording banked hours and therefore likely has knowledge of any banked hours which Plaintiff alleges were not honored.

8

Deanna Blackford – Replaced Marcia Hamor in payroll during Plaintiff's employment; has knowledge relating to Plaintiff's reduction in pay; also was in charge of recording banked hours and therefore likely has knowledge of any banked hours which Plaintiff alleges were not honored.

Cathie Stalter – Dean of Career and Technical Education; has knowledge of Defendant's retaliatory course assignments and inequitable pay. Also has knowledge of Plaintiff's involvement with Wolsic's EEOC charges.

Kristine Young – Previously worked as Vice President of Academics during Cassandra Wolsic's employment with Defendant; likely has knowledge regarding Cassandra Wolsic's EEOC Charge and investigation; also likely has knowledge of Plaintiff's role as a witness in that process.

Megan Pryzgoda – Secretary for Dean Roberta Scholze; has knowledge pertaining to Defendant's procedures for recording lost time and coordinating substitute instructors.

Christine Murphy-Lucas – Secretary for Department Chair James Mansfield; has knowledge pertaining to Defendant's procedures for recording lost time and coordinating substitute instructors.

Terri Jones –Formerly worked as secretary for Department Chair Bruce Henrikson; has knowledge of Defendant's procedures for assigning courses, recording lost time, and coordinating substitute instructors.

Rochelle Harden – Board of Administration member; has knowledge of Cassandra Wolsic's EEOC Charge; also has knowledge of Plaintiff's role as a witness in that process and subsequent retaliation against Plaintiff.

Patricia Verstrat – Faculty member who shared an office with Rochelle Harden; has knowledge of Defendant's retaliation against Plaintiff, specifically pertaining to course load reduction. Also has knowledge of Plaintiff's involvement in multiple college committees.

Amy Myers – Economics Instructor who was allowed to substitute as an instructor for Plaintiff's course without proper credentials; has knowledge of her involvement in the retaliation against Plaintiff by Defendant when she intentionally solicited complaints from Plaintiff's classes; was on Plaintiff's hiring committee and reviewed his credentials.

Theresa Meers – Horticulture Instructor who was allowed to teach economics courses despite not having proper credentials; has knowledge of her involvement in the retaliation against Plaintiff by Defendant when she intentionally solicited complaints from Plaintiff's classes.

Ann Blackman – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of her involvement in hearing grievances filed by Plaintiff.

Lisa Eller – Instructor who replaced Plaintiff when he was terminated; has knowledge of Defendant's teaching credential rubric and that her credentials do not fulfill the requirements of the rubric set up by the college and used to terminate Plaintiff's employment.

Matthew Watt – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of his involvement in hearing grievances filed by Plaintiff.

<u>Laurie Lobdell</u> – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of her involvement in hearing grievances filed by Plaintiff.

<u>John Sheahan</u> – Member of Grievance Committee; has knowledge pertaining to Plaintiff's grievances filed against Defendant; also has knowledge of his involvement in hearing grievances filed by Plaintiff.

<u>Lori Wendt</u> – Professional Development and Instructional Technology Learning Management Systems Specialist; has knowledge of and familiarity with Defendant's online system; likely also has knowledge of administrators' access and control over Plaintiff's course content.

<u>Sean Mauney</u> – Replaced Cassandra Wolsic as an Agriculture Instructor despite being hired to teach computer science; has knowledge of Defendant's process for approving instructors' department transfers.

<u>Heidi Leuszler</u> – Member of Defendant's hiring committee; has knowledge of Plaintiff's teaching credentials and Defendant's professional evaluations of Plaintiff.

<u>Kevin Knott</u> – Dean of Institutional Accountability and Research who oversaw student evaluations of Plaintiff's courses; has knowledge regarding Plaintiff's professional reputation and the harm caused by Amy Myers' and Theresa Meer's statements to students.

<u>Derek Dallas</u> – Program Director for Computer Science and Technology who was allowed to substitute as instructor for Plaintiff's course despite not having proper qualifications; likely to have knowledge of Defendant's procedure for selecting substitute instructors.

11

<u>All members of Grievance Committees</u> – Plaintiff believes there may be other members of grievance committees who are not named above, but possess information or knowledge pertaining to Plaintiff's grievances and any hearings that arose out of those grievances.

7.    With respect to your claim for damages in this case, please provide the following information:

a.    state precisely and separately each item of damage which you claim, and the amount alleged for each said item;

**<u>ANSWER:</u>**

- Lost benefits related to Plaintiff's banked hours calculated with denied contract load and overload; Plaintiff would be entitled to approximately $322,191.09.

- Punitive and compensatory damages based on Defendant's willful conduct and number of employees; amounts to be determined.

- Loss based on Plaintiff's lost tenure position. Plaintiff is unable to calculate the damages he has sustained by his loss of tenure at this time. Plaintiff is currently investigating this item of damages. Plaintiff will supplement his response to this interrogatory as investigation continues.

- Lost past and future pay based on Plaintiff's tenure and contractual provisions. At this time, Plaintiff is what his past and future lost wages amount to in total. Plaintiff is currently investigating this item of damages. Plaintiff will supplement his response to this interrogatory as investigation continues. However, at this time, Plaintiff believes his lost wages total at least $36,480.16.

12

- Lost profits from the farm Plaintiff owns. Due to Defendant's retaliatory actions against him, Plaintiff was required to prematurely sell multiple assets to pay his bills. Plaintiff is still investigating the total amount of the losses sustained by his farming business. Plaintiff will update his answer to this interrogatory as investigation continues.

- Reputational damages.  Plaintiff is unable to calculate the damages he has sustained to his reputation at this time. Plaintiff is currently investigating this item of damage. Plaintiff will update his response to this interrogatory as investigation continues.

b.      provide a detailed description as to how the total damages and each itemized element above were calculated;

**ANSWER:**  See Plaintiff's response to subsection a, above.

c.      to the extent not previously provided, state each assumption and fact upon which your calculations of damages were based; and

**ANSWER:**  Objection to this Interrogatory as overly board and unduly burdensome to the extent it requests every single assumption and fact upon which Plaintiff's damages are based; also calls for a narrative response more properly suited for a deposition. Subject to said objection, Plaintiff believes he is entitled to damages based upon Defendant's intentional and willful conduct in retaliating against Plaintiff for participating in Cassandra Wolsic's EEOC investigation and for filing his own EEOC charge, which ultimately led to his wrongful termination. Further explanation is more appropriate for a deposition. However, to the extent

13

Defendant can narrow the scope of this question, Plaintiff will attempt to provide a more specific answer.

        d.      Identify each person who has knowledge of the information sought by this Interrogatory.

**ANSWER:**  Plaintiff has personal knowledge as to all losses he has sustained. See also, Plaintiff's Answer to Interrogatory No. 6.

        8.      Identify each and every individual who assisted in preparing these answers to Interrogatories or a response to the Request for Production of Documents, and for each such individual, describe his or her role in answering these discovery requests.  Identify all documents relating to the foregoing Answer.

**ANSWER:**  Plaintiff Ryan Robb; his attorneys David Levin and Steven Perry; and his attorneys' law clerk, Andrew Brashler. Any documents including attorney notes of discussions and confidential client emails to his attorneys are subject to the attorney-client privilege and/or work product protections. Any evidentiary documents serving as the basis for Plaintiff's answers are included in Plaintiff's Responses to Defendant's Requests for Production.

        9.      Identify with specificity each instance of retaliatory treatment to which you claim to have been subjected (see ¶¶63 and 69 of the Complaint) that is not otherwise identified in the Plaintiff's Complaint.

**ANSWER:** Objection; a listing of every single instance of a comment or communication that could be construed as retaliatory treatment is overly board and unduly burdensome and calls for a narrative response more properly suited for a deposition. Subject to said objections, the all

14

major categories of retaliatory treatment upon which Plaintiff's claims for damages are based are set forth in Plaintiff's Third Amended Complaint.

10.     Identify all healthcare conditions from which you suffered that caused absences from January 1, 2018 through May 15, 2019.

**ANSWER:**  Objection; overly board and unduly burdensome; irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, Plaintiff has suffered from respiratory distress, acute maxillary sinusitis, shortness of breath, heart palpations, tachycardia, migraine headaches, insomnia, anxiety, depression, and chronic pain.

11.     Identify all healthcare providers who provided treatment for any healthcare conditions you listed in Interrogatory No. 10 hereinabove.

**ANSWER:**  Objection; overly board and unduly burdensome; irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, Plaintiff has sought treatment from the following persons.

- Dr. Judy Ronan Woodburn

- Dr. Andre Francois

- Elizabeth Scanlon, CNP

- Dr. Osji Onachukwu

- Dr. Janine S. Fruhling

- Dr. Jacob Gray

- Scott Anderson D.D.S.

- Erik Bergwald OD

15

- Kelly Sanders

- See attachments with Medical Document supplements for medical provider contact information

12.  Identify with specificity all of Plaintiff's teaching credentials.

**ANSWER:**  Defendant should already be in possession of this information, but see Plaintiff's attached curriculum vitae.

13.  Identify with specificity all courses offered in the spring of 2016 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 133: Intro to Agricultural Mkt/Stand (3.6 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 290: Agri-Business Seminar (1 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

14.    Identify with specificity all courses offered in the fall of 2016 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 133: Intro to Agricultural Mkt/Stand (3.6 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 217: Principles of Animal Feed & Nutrition (3.6 ECH per section)

- AGB 232: Agriculture Business & Farm Management (4.0 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

15.    Identify with specificity all courses offered in the spring of 2017 that Plaintiff

17

claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 133: Intro to Agricultural Mkt/Stand (3.6 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 290: Agri-Business Seminar (1 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

16. Identify with specificity all courses offered in the fall of 2017 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 217: Principles of Animal Feed & Nutrition (3.6 ECH per section)

- AGB 232: Agriculture Business & Farm Management (4.0 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

17.    Identify with specificity all courses offered in the spring of 2018 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 133: Intro to Agricultural Mkt/Stand (3.6 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 290: Agri-Business Seminar (1 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

18.    Identify with specificity all courses offered in the fall of 2018 that Plaintiff claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 217: Principles of Animal Feed & Nutrition (3.6 ECH per section)

- AGB 232: Agriculture Business & Farm Management (4.0 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

19.     Identify with specificity all courses offered in the spring of 2019 that Plaintiff

claims to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 133: Intro to Agricultural Mkt/Stand (3.6 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 233: Grain Marketing (3 ECH per section)

- AGB 290: Agri-Business Seminar (1 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)

20.     Identify with specificity all courses offered in the fall of 2019 that Plaintiff claims

21

to have been qualified to teach but was not assigned to teach.

**ANSWER:**

- AGB 101: Introduction to Animal Science (4.6 ECH per section)

- AGB 102: Introduction to Agricultural Economics (4.0 ECH per section)

- AGB 105: Agricultural Application of Computer (3 ECH per section)

- AGB 112: Concepts in Agriculture (1 ECH per section)

- AGB 135: Agricultural Business Management (4 ECH per section)

- AGB 155: Agricultural Salesmanship (3 ECH per section)

- AGB 191: Agri-Business Work Exploration (0.33 ECH per student)

- AGB 209: Companion Animal Management (3.6 ECH per section)

- AGB 232: Agriculture Business & Farm Management (4.0 ECH per section)

- AGB 290: Agri-Business Seminar (1 ECH per section)

- AGB 291: Agri-Business Work Experience (0.33 ECH per student)

- FYE 101

- Biology courses (generally)

- Chemistry courses (generally)


RESPECTFULLY SUBMITTED,

RYAN ROBB

By:   /s/ David B. Levin
      Attorney for Plaintiff
      Illinois Attorney No. 6212141
      Law Offices of Todd M. Friedman, P.C.
      333 Skokie Blvd., Suite 103
      Northbrook, IL 60062

Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

## VERIFICATION OF INTERROGATORY ANSWERS

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the

United States of America that the foregoing Answers to Defendant's Interrogatories are true and

correct to the best of my knowledge and belief.

Signed: _____
        Ryan Robb, Plaintiff

Dated:    7/23/19 _____, 2019

## <u>CERTIFICATE OF SERVICE</u>

I, David B. Levin, attorney for Plaintiff, certify that a copy of Plaintiff's Answers to

Defendant's Interrogatories was served upon the following individual by sending the same via

email transmission, and by depositing a copy in the U.S. Mail with first-class postage prepaid

thereon, on July 10, 2019.

Lorna K. Geiler
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
lgeiler@meyercapel.com

<u>/s/ David B. Levin</u>
Attorney for Plaintiff