**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RYAN ROBB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:18-cv-02307-SEM-EIL |
| | ) | |
| v. | ) | Honorable Judge Sue E. Myerscough |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| COMMUNITY COLLEGE DISTRICT | ) | |
| NO. 505 (PARKLAND COLLEGE) | ) | |
| COUNTIES OF CHAMPAIGN, COLES, | ) | |
| DEWITT, DOUGLAS, EDGAR, FORD, | ) | |
| IROQUOIS, LIVINGSTON, MCLEAN, | ) | |
| MOULTRIE, PIATT, VERMILION AND | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION IN LIMINE TO BAR ANY REFERENCE BEFORE THE JURY OF ANY ALLEGED FAILURE TO MITIGATE HIS DAMAGES

Now comes the Plaintiff, RYAN ROBB, by and through his attorneys, and for his Motion in Limine to Bar Any Reference Before the Jury of Any Alleged Failure to Mitigate His Damages, Plaintiff states as follows:

Defendant's Twelfth Affirmative Defense states, "The Third Amended Complaint, and each and every purported claim alleged therein, is barred because Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law." *See* Dkt. # 27, at p. 28. This is not an issue that will be determined by the jury, but rather, by the Court if Plaintiff prevails before the jury. *See* Minute Entry dated January 10, 2023, which states, in part, "Parties agree to a bifurcated trial. Options discussed. The possible need for changes to jury instructions and verdict form discussed. Experts to appear remotely. Court agrees to a bifurcated trial. Hearing on wages damages set for 2/8/2023 at 2:30 p.m. if necessary." *See also* Minute Entry dated January 25, 2023

1

("The hearing scheduled for Wednesday February 8, 2023 at 2:30 p.m. is reset for August 14, 2023 at 10:00 a.m.").

The ruling in *US Equal Employment Opportunity Commission v. Rent-A-Center East, Inc.*, No. 16-2222, 2018 WL 11326934 (C.D.Ill. January 25, 2018), is directly on point. In *Rent-A-Center East*, Honorable Magistrate Judge Long of this District ruled on the plaintiff's motion in limine to bar evidence of backpay and mitigation.

> Pursuant to Title VII, backpay is an equitable remedy and is not a component of compensatory damages. 42 U.S.C. § 2000e-5(g)(1). "A Title VII victim is presumptively entitled to full relief." *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994). All parties agree that backpay is an issue for the Court, and not the jury, to decide. *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000).
> …
> All parties agree that Title VII expressly states that backpay is an issue for the Court. Given the language of the statute and the discussion in *Stragapede* [*v. City of Evanston*, 865 F.3d 861 (7th Cir. 2017)], the Court concludes that failure to mitigate is a subsidiary issue of backpay, and therefore should be heard by the Court. All evidence related to the issue of mitigation is only relevant to the question of backpay. Therefore, it would follow that if the Court is to determine backpay, evidence relating to the issue of mitigation, which is a defense to backpay and only relevant to backpay, should also be presented to and determined by the Court.

*Id.* at *2-3.

To be admissible, evidence must be relevant. Fed. R. Evid. 402. To be relevant, evidence must have "…any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence may still be inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. As the jury will not be considering the issue of backpay damages in this case, any evidence Defendant attempts to present related to an alleged failure by Plaintiff to mitigate his damages would not tend to make the existence of any fact that is of consequence to

the jury's determination more probable or less probable. For the same reasons, the probative value of such evidence would also be substantially outweighed by the danger of unfair prejudice to Plaintiff, confusion of the issues, or misleading the jury.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order barring any evidence or reference before the jury at the trial of this matter related to any alleged failure by Plaintiff to mitigate his damages, and granting such further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

RYAN ROBB

By:   /s/ David B. Levin
      Attorney for Plaintiff
      Law Offices of Todd M. Friedman, P.C.
      707 Skokie Blvd., Suite 600
      Northbrook, IL 60062
      Phone: (224) 218-0882
      Fax: (866) 633-0228
      dlevin@toddflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 14, 2023, a copy of the foregoing Motion in Limine was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff