IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN ROBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02307-SEM-EIL |
| ) | |
| ) | Honorable Judge Sue E. Myerscough |
| BOARD OF TRUSTEES OF COMMUNITY ) | |
| COLLEGE DISTRICT NO. 505 (PARKLAND ) | |
| COLLEGE) COUNTIES OF CHAMPAIGN, ) | |
| COLES, DEWITT, DOUGLAS, EDGAR, FORD, ) | |
| IROQUOIS, LIVINGSTON, MCLEAN, ) | |
| MOULTRIE, PIATT, VERMILION AND ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
WITNESSES AND JURY INSTRUCTIONS**

Now comes the Plaintiff, RYAN ROBB ("Plaintiff"), by and through his undersigned attorney, and pursuant to the Court's Standing Order on Final Pretrial Conferences, Exhibits, and Jury Instructions, Plaintiff submits the following Objections to Defendant's Witnesses and Jury Instructions.[1]

**OBJECTIONS TO DEFENDANT'S WITNESSES**

<u>Ann Blackman, Tammy Kessler, Jon Ross and John Sheahan</u>: Plaintiff objects to these witnesses testifying regarding their involvement on the PAE Union Committee for Plaintiff's June 2015 grievance, for the same reasons Plaintiff objects to Defendant's Exhibits 2-7, which are related to that grievance. This testimony and evidence is not relevant because it predates the

---

[1] Plaintiff noted his objections to Defendant's exhibits on Defendant's Exhibit List, which was filed as an attachment to the Proposed Final Pretrial Order on July 24, 2023. *See* Dkt. No. 152-4. Plaintiff does not object to Defendant's Proposed Voir Dire Questions, many of which relate to similar issues as Plaintiff's proposed questions. Plaintiff does, however, request the Court explore those issues in further detail if positive responses are given by any prospective jurors.

allegations in this case. The earliest date of retaliation alleged in Plaintiff's Third Amended Complaint (Dkt. No. 26) is December 2015. Further, these witnesses were not identified in Defendant's Rule 26 Disclosures (*See* Exhibit 1 hereto), nor were they identified in any subsequent discovery responses in such a manner as would notify Plaintiff to expect that they might testify at trial.

Lori Lobdell, Nancy Sutton, and Matthew Watt: Plaintiff objects to these witnesses testifying at trial, as they were not identified in Defendant's Rule 26 Disclosures (*See* Ex. 1), nor were they identified in any subsequent discovery responses in such a manner as would notify Plaintiff to expect that they might testify at trial.

Paul Sarantakos: Plaintiff objects to this witness testifying at trial as to anything other than "the decision making process and decision for the Reduction in Force recommendation." That is how this witness was listed in Defendant's Rule 26 Disclosures (*See* Ex. 1, p. 3). He was not identified in any subsequent discovery responses in such a manner as would notify Plaintiff to expect that he might testify at trial as to any other issues.

## **OBJECTIONS TO DEFENDANT'S JURY INSTRUCTIONS**

Defendant's Instruction No. 1: Upon further consideration, Plaintiff has no objection to this instruction.

Defendant's Instruction No. 2: The only difference between this instruction and Plaintiff's Instruction No. 3 is Plaintiff's inclusion of "[the witness's age;]" from the Federal Civil Jury Instructions of the Seventh Circuit, No. 1.13. Plaintiff believes this language should be included, as it is a factor which the jury should be allowed to consider. It appears the Seventh Circuit Committee believed it was appropriate under certain circumstances as well.

<u>Defendant's Instruction No. 3</u>: The only difference between this instruction and Plaintiff's Instruction No. 3 is Plaintiff's inclusion of "under oath" from the Federal Civil Jury Instructions of the Seventh Circuit, No. 1.14. The following is Committee Comment (a) from the Seventh Circuit Instruction:

> **Statements Under Oath and Admissions by Party-Opponents:** Where prior inconsistent statements have been admitted only for impeachment, FED. R. EVID. 105 gives a party the right to a limiting instruction explaining that use of the prior inconsistent statement is limited to credibility. See *United States v. Hall*, 109 F.3d 1227, 1237 (7th Cir. 1997) (instruction on impeachment need be given only if impeachment was reasonably raised by the evidence). A court should not give such a limiting instruction, however, if the prior inconsistent statement was "given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition," FED. R. EVID. 801(d)(1)(A), or if the prior statement is considered an admission by a party-opponent under FED. R. EVID. 801(d)(2). These statements are not hearsay and may be used to prove the truth of the matters asserted. This instruction should be adapted to fit the situation in which the prior inconsistent statements have been admitted.

Given the nature of this comment, Plaintiff believes the Court should reserve ruling on exactly how this instructions should be given to the jury until the close of evidence. The Court and the Parties can discuss the language again at that time in light of any prior inconsistent statements which may have been made during the course of the trial.

<u>Defendant's Instruction No. 4</u>: This instruction misstates the nature of the claims raised in Plaintiff's Third Amended Complaint (Dkt. No. 26). Count I of Plaintiff's Third Amended Complaint, as worded, seeks relief for retaliation against Plaintiff for acting as a witness in the investigation resulting from his co-worker's EEOC Charge of Discrimination. Count II, as worded, seeks relief for retaliation against Plaintiff for filing his own EEOC Charge of Discrimination/Retaliation. However, the relief available is the same. Whether the jury believes, for example, that the Reduction-In-Force was instituted

3

against Plaintiff in retaliation for acting as a witness in support of his co-worker's Charge of Discrimination or for filing his own Charge of Discrimination/Retaliation, or both, does not necessarily matter. The relief to which he would be entitled is the same.

Defendant's Instruction No. 5:  Upon further consideration, Plaintiff has no objection to this instruction.

Defendant's Instruction No. 6:  As with Defendant's Instruction No. 4, Plaintiff does not believe it is necessary for the jury to separate its findings in the manner suggested by Defendant. If the jury finds that Plaintiff suffered any adverse employment actions in retaliation for any of the protected activity in which he engaged, then the jury can determine the amount of compensatory damages to which Plaintiff is entitled.

Defendant's Instruction No. 7:  As with many of the instructions on which Plaintiff and Defendant do not agree, the differences are in their modifications to the Seventh Circuit's Pattern Instruction. Here, Plaintiff simply believes his instruction more accurately reflects the nature of his allegations and the testimony and evidence which will be elicited in this case.

Defendant's Instruction No. 8:  Upon further consideration, Plaintiff has no objection to this instruction.

Defendant's Instruction No. 9:  Again, Plaintiff simply believes his instruction more accurately reflects the nature of his allegations and the testimony and evidence which will be elicited in this case. Further, as with the instruction above related to prior inconsistent statements, Plaintiff believes the Court should reserve ruling on exactly how this instructions should be given until the close of evidence. The Court and the Parties can discuss the language again at that time in light of the various items and categories of

compensatory damages for which Plaintiff has presented testimony and evidence during the course of the trial.

<u>Defendant's Proposed Verdict Form</u>:  Defendant indicates that its verdict form is based upon Seventh Circuit Pattern Jury Instruction 10.80. This appears to be an error, as Plaintiff was unable to locate a pattern instruction bearing this number. As with some of the instructions discussed above, Plaintiff believes his verdict form more accurately reflects the nature of his allegations and the testimony and evidence which will be elicited in this case. Furthermore, Plaintiff objects to the reference to "the nominal amount of One Dollar $1.00" as an improper suggestion to the jury that it should award that amount.

RESPECTFULLY SUBMITTED,

RYAN ROBB

By:    /s/ David B. Levin
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 28, 2023, a copy of the foregoing Objections to Defendant's Witnesses and Jury Instructions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin<br>
Attorney for Plaintiff