**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RYAN ROBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-02307-SEM-EIL |
| | ) | |
| | ) | Honorable Judge Sue E. Myerscough |
| BOARD OF TRUSTEES OF COMMUNITY | ) | |
| COLLEGE DISTRICT NO. 505 (PARKLAND | ) | |
| COLLEGE) COUNTIES OF CHAMPAIGN, | ) | |
| COLES, DEWITT, DOUGLAS, EDGAR, FORD, | ) | |
| IROQUOIS, LIVINGSTON, MCLEAN, | ) | |
| MOULTRIE, PIATT, VERMILION AND | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

Now comes the Plaintiff, RYAN ROBB ("Plaintiff"), by and through his attorney, and

hereby provides the following as his Additional Proposed Jury Instructions:

## PLAINTIFF'S JURY INSTRUCTION NO. 10

### MATERIALLY ADVERSE ACTION

A materially adverse action is one which might well have dissuaded a reasonable worker from engaging in protected activity such as making or supporting a charge of discrimination. The harm is judged by an objective standard but context matters: as the Court noted, a retaliatory schedule change, for example, may not be significant for some employees but may matter enormously to a parent with young children. An act that is immaterial in some situations might be material in others.

Although petty bureaucratic nastiness might not be enough to meet the materiality requirement for an employee bringing a retaliation claim on her own behalf, when an employee is supporting a colleague's charge of discrimination, this lesser retaliation might induce the employee to withhold support because it takes less to deter

an altruistic act than to deter a self-interested one, possibly meeting the standard in that circumstance.

<u>Source</u>: *Robinson v. Perales*, 894 F.3d 818, 830 (7th Cir. 2018), citing *Burlington Northern and Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68-69 (2006) and *Washington v. Illinois Dept. of Revenue*, 420 F.3d 658, 661-662 (7th Cir. 2005).

## PLAINTIFF'S JURY INSTRUCTION NO. 11

### DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching

your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

In this case, such circumstantial evidence may include suspicious timing, ambiguous statements of animus, evidence other employees were treated differently, or evidence the employer's proffered reason for the adverse action was pretextual.

<u>Source</u>: Federal Civil Jury Instructions of the Seventh Circuit No. 1.12; *Robb v. Board of Trustees of Community College District No. 505*, No. 2:18-cv-02307-SEM-EIL, (C.D. Ill. April 16, 2021), quoting *Greengrass v. International Monetary Systems Ltd.*, 776 F.3d 481, 486 (7th Cir. 2015).

RESPECTFULLY SUBMITTED,

RYAN ROBB

By:    <u>/s/ David B. Levin</u>
        Attorney for Plaintiff
        Law Offices of Todd M. Friedman, P.C.
        707 Skokie Blvd., Suite 600
        Northbrook, IL 60062
        Phone: (224) 218-0882
        dlevin@toddflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 14, 2023, a copy of the foregoing Plaintiff's Additional Proposed Jury Instructions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

<u>/s/ David B. Levin</u>
Attorney for Plaintiff