**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case the Defendant is a public community college. All parties are equal before the law. A unit of local government is entitled to the same fair consideration that you would give any individual person.

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**MULTIPLE CLAIMS**

You must give separate consideration to each of Plaintiff's claims in this case. In this case Plaintiff claims that he was the subject of retaliation: 1) in regard to his terms and conditions of employment; and 2) as a result of a reduction in force.

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## STIPULATIONS OF FACT

The parties have stipulated, or agreed, that:

1.    Plaintiff began his employment with Defendant at Parkland College on August 18, 2003.

2.    Plaintiff became a full-time faculty member in the Parkland College Agriculture Program beginning September 1, 2003.

3.    As a full-time faculty member, the Plaintiff was a member of the Parkland Academic Employees Union.

4.    On January 18, 2006, the Defendant Board of Trustees approved the recommendation of Plaintiff's Department Head, Bruce Henrikson, and granted Plaintiff tenure.

5.    At all times relevant to this case, Plaintiff and Defendant were and are "persons," as defined in 42 U.S.C. § 2000e(a).

6.    At all times relevant to this case, Defendant was and is an "employer," as defined in 42 U.S.C. § 2000e(b).

7.    At all times relevant to this case, Plaintiff was an "employee" of Defendant, as defined in 42 U.S.C. § 2000e(f).

8.    Plaintiff filed his Charge of Discrimination with the EEOC on April 5, 2017.

9.    Plaintiff filed a Harassment/Discrimination Complaint with the Parkland College human resources department against Jennifer Fridgen, which is dated April 4, 2017.

10.    Plaintiff filed a Harassment/Discrimination Complaint with the Parkland College human resources department against James (Jim) Mansfield, which is dated April 4, 2017.

11.    Plaintiff's position with Defendant and Parkland College was eliminated through a reduction-in-force, which was approved by the Defendant Board of Trustees on October 17, 2018.

12.    The reduction-in-force resulted in the layoff of Plaintiff from Parkland College, beginning with the 2019-2020 Academic Year.

13.    Defendant did not terminate Plaintiff's employment as a result of any misconduct or wrongdoing by Plaintiff.

14.    Plaintiff was employed by Parkland College from August 18, 2003 through May 16, 2019.

15.    Plaintiff's most recent position with Defendant was as a full-time faculty member and college professor in the Agricultural Program within the Agriculture, Engineering, Science, and Technologies Department of Parkland College.

16.    Cassandra Wolsic filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 22, 2015.

You must now treat these facts as having been proved for the purpose of this case.

**MATERIALLY ADVERSE EMPLOYMENT ACTION**

Plaintiff must prove that his less favorable terms and conditions of employment were a "materially adverse employment action." Not everything that makes an employee unhappy is a materially adverse employment action. It must be something more than a minor or trivial inconvenience. For example, a materially adverse employment action exists when someone's pay or benefits are decreased; when his job is changed in a way that significantly reduces his career prospects; or when job conditions are changed in a way that significantly changes his work environment in an unfavorable way.

**DAMAGES: GENERAL**

If you find that Plaintiff has proved that he was retaliated against by being subjected to less favorable terms and conditions of employment by Defendant because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, he filed his own EEOC charge of retaliation, then you must determine what amount of damages, if any, Plaintiff is entitled to recover because of being subjected to less favorable terms and conditions of employment.

Additionally, if you find that Plaintiff has proved that he was terminated pursuant to a reduction in force by Defendant because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, or he filed his own EEOC charge of retaliation, then you must determine what amount of damages, if any, Plaintiff is entitled to recover because he was terminated pursuant to a reduction in force.

Plaintiff must prove his damages in relation to each of his claims by a preponderance of the evidence.

If you find that Plaintiff has failed to prove his claims, then you will not consider the question of damages.

**COMPENSATORY DAMAGES**

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the mental aspects of injury, even if it is not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1. The mental/emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of

pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

2.  The reasonable value of the impairment to Plaintiff's future earning capacity caused by the Defendant.

**SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**COMMUNICATION WITH COURT**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**DISAGREEMENT AMONG JURORS**

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**RETALIATION**

**Terms and Conditions of Employment**

Plaintiff claims that he was retaliated against by being subjected to less favorable terms and conditions of employment by Defendant because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, and he filed his own EEOC charge of retaliation.

To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant both retaliated against him by subjecting him to less favorable terms and conditions of employment and the Defendant did so because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, or he filed his own EEOC charge of retaliation.

To determine that Plaintiff was subjected to less favorable terms and conditions of employment because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, or he filed his own EEOC charge of retaliation, you must decide that Defendant would not have subjected him to the same terms and conditions of employment if he

had not acted as a witness in the investigation of a coworker's EEOC charge of discrimination, filed internal retaliation complaints, or filed his own EEOC charge of retaliation.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff on this claim. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on this claim.

**Reduction in Force**

Plaintiff claims that his employment was retaliated against by termination of his employment pursuant to a reduction in force by Defendant because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, and he filed his own EEOC charge of retaliation. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant terminated his employment pursuant to a reduction in force because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, and he filed his own EEOC charge of retaliation. To determine that Plaintiff's employment was terminated pursuant to a reduction in force because

he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, or he filed his own EEOC charge of retaliation, you must decide that Defendant would not have terminated his employment pursuant to a reduction in force if he had not acted as a witness in the investigation of a coworker's EEOC charge of discrimination, filed internal retaliation complaints, or filed his own EEOC charge of retaliation.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff on this claim. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on this claim.