## PLAINTIFF'S JURY INSTRUCTION NO. 1

### IN-TRIAL INSTRUCTION ON NEWS COVERAGE

Reports about this trial may be appearing in the newspapers or on radio and television and the internet. The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

Source: Federal Civil Jury Instructions of the Seventh Circuit No. 2.02 (as modified).

## PLAINTIFF'S JURY INSTRUCTION NO. 2

### JUDICIAL NOTICE

I have decided to accept as proved the fact that [*e.g., the city of Milwaukee is north of the city of Chicago*]. You must now treat this fact as having been proved for the purpose of this case.

<u>Source</u>: Federal Civil Jury Instructions of the Seventh Circuit No. 2.06.

## PLAINTIFF'S JURY INSTRUCTION NO. 3

### TESTIMONY OF WITNESSES
### (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- [the witness's age;]

-    and the reasonableness of the witness's testimony in light of all the evidence in the case.

Source: Federal Civil Jury Instructions of the Seventh Circuit No. 1.13.

## PLAINTIFF'S JURY INSTRUCTION NO. 4

### PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

<u>Source</u>: Federal Civil Jury Instructions of the Seventh Circuit No. 1.14 (as modified to add "or her").

## PLAINTIFF'S JURY INSTRUCTION NO. 5

### RETALIATION

Plaintiff claims that he was subject to adverse employment actions by Defendant. These adverse employment actions include, but are not limited to:

1.  Reducing Plaintiff's course loads;

2.  Assigning Plaintiff course loads that were inequitably lower than his fellow Agriculture Department faculty members;

3.  Failing to assign Plaintiff an equivalent number of student interns as other Agriculture Department faculty members;

4.  Denying Plaintiff access to students' contact information, thereby impeding his ability to discuss with those students the prospect of enrolling in courses he taught;

5.  Finding that Plaintiff was not qualified to teach courses he had been qualified to teach in the past; and

6.  Terminating Plaintiff's employment contract pursuant to a reduction-in-force.

Plaintiff claims that he was subject to these adverse employment actions by Defendant because:

1.  He acted as a witness on behalf of his co-worker in the EEOC's investigation of her Charge of Discrimination;

2.  He made internal complaints at Parkland College regarding various ways he believed he was being retaliated against; and

3.  He filed his own Charge of Discrimination with the EEOC.

To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant took any of

the alleged adverse employment actions against him because (1) he acted as a witness on behalf of his co-worker in the EEOC's investigation of her Charge of Discrimination; (2) he made internal complaints at Parkland College regarding various ways he believed he was being retaliated against; or (3) he filed his own Charge of Discrimination with the EEOC.

To determine that Defendant took any of the adverse employment actions against him because he acted as a witness on behalf of his co-worker in the EEOC's investigation of her Charge of Discrimination, he made internal complaints at Parkland College regarding various ways he believed he was being retaliated against, or he filed his own Charge of Discrimination with the EEOC, you must decide that Defendant would not have taken adverse employment actions against him if Plaintiff had not acted as a witness on behalf of his co-worker in the EEOC's

investigation of her Charge of Discrimination, made internal complaints at Parkland College regarding various ways he believed he was being retaliated against, <u>or</u> filed his own Charge of Discrimination with the EEOC, but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

Plaintiff may prevail on this claim by proving that the person or persons who made the final decision to terminate his employment contract pursuant to the reduction-in-force were biased against Plaintiff because he acted as a witness on behalf of his co-worker in the EEOC's investigation of her Charge of Discrimination, he made internal complaints at Parkland College regarding various ways he believed he was

being retaliated against, <u>or</u> he filed his own Charge of Discrimination with the EEOC.

Plaintiff may also prevail on this claim by proving that one or more other employees of Defendant who had a retaliatory bias against Plaintiff provided factual information or other input to the final decision maker that may have influenced the decision to take any of the adverse employment actions against Plaintiff.

<u>Sources</u>: Federal Civil Jury Instructions of the Seventh Circuit No. 3.02 (as modified); *Matthews v. Waukesha County*, 759 F.3d 821, 829 (7th Cir. 2014); *Hicks v. Forest Preserve Dist. of Cook County, Ill.*, 677 F.3d 781, 789-790 (7th Cir. 2012).

## PLAINTIFF'S JURY INSTRUCTION NO. 6

### CAUTIONARY INSTRUCTION ON REASONABLENESS OF DEFENDANT'S ACTION

In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant took adverse employment actions against him because he acted as a witness on behalf of his co-worker in the EEOC's investigation of her Charge of Discrimination, he made internal complaints at Parkland College regarding various ways he believed he was being retaliated against, or he filed his own Charge of Discrimination with the EEOC.

Source: Federal Civil Jury Instructions of the Seventh Circuit No. 3.02 (as modified).

## PLAINTIFF'S JURY INSTRUCTION NO. 7

### REDUCTION IN NUMBER OF FACULTY MEMBERS

The employment of a tenured faculty member such as Plaintiff may not be terminated while any other employee with less seniority is retained to render a service which Plaintiff was competent to render.

For the period of 24 months from the beginning of the school year for which Plaintiff was dismissed, Plaintiff had the preferred right to reappointment to any positions entailing services he was competent to render prior to the appointment of the new faculty member. No non-tenured faculty member or other employee with less seniority should have been employed to render a service which Plaintiff was competent to render.

Source: 110 ILCS 805/3B-5.

## PLAINTIFF'S JURY INSTRUCTION NO. 8 (OPTION 1)

### PRINCIPAL SUED BUT NOT AGENT—
### NO ISSUE AS TO AGENCY

Each of Defendant's employees and administration members who have been mentioned throughout this trial were the agents of Defendant at the time of the occurrences at issue in this case. Therefore, any acts or omissions of the agents at those times were in law the acts or omissions of Defendant.

<u>Source</u>: Illinois Pattern Jury Instruction 50.02 (as modified).

# PLAINTIFF'S JURY INSTRUCTION NO. 8 (OPTION 2)

## AGENT—DEFINITION

An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts business, manages some affair or does some service for the principal, with or without compensation. The agreement may be oral or written, express or implied.

If you find that one person has the right to control the actions of another at a given time, you may find that the relation of principal and agent exists, even though the right to control may not have been exercised.

Source: Illinois Pattern Jury Instruction 50.05.

## PLAINTIFF'S JURY INSTRUCTION NO. 9

### COMPENSATORY DAMAGES

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1.     The mental/emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is

reasonably certain to experience in the future. No evidence of the dollar value of mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

[2.    The reasonable value of medical care that Plaintiff reasonably needed and actually received [as well as the present value of the care that he is reasonably certain to need and receive in the future.]]

[3.    *Describe any expenses, other than lost pay, that Plaintiff reasonably incurred or will incur in the future as a direct result of the Defendant's discrimination/retaliation.*]

4.    The reasonable value of harm caused by Defendant to Plaintiff's future earning capacity.

<u>Source</u>: Federal Civil Jury Instructions of the Seventh Circuit No. 3.10 (as modified).

*objection refused*

*— reserved.*

## PLAINTIFF'S PROPOSED VERDICT FORM

### A.   Liability

*(If you find for Plaintiff Ryan Robb on one or more of the following claims, you must proceed to Section B.)*

**1.**   We, the jury, find as follows on Plaintiff Ryan Robb's claim against Defendant that he was retaliated against for engaging the protected activities of acting as a witness on behalf of his co-worker in the EEOC's investigation of her Charge of Discrimination, making internal complaints at Parkland College regarding various ways he believed he was being retaliated against, and/or filing his own Charge of Discrimination with the EEOC.

_____ Yes – for Plaintiff Ryan Robb

_____ No – for Defendant ~~Board of Trustees~~ *Parkland College*

**2.**   We, the jury, find as follows on Plaintiff Ryan Robb's claim against Defendant that his employment was terminated as a result of the reduction-in-force in retaliation

for engaging the protected activities of acting as a witness on behalf of his co-worker in the EEOC's investigation of her Charge of Discrimination, making internal complaints at Parkland College regarding various ways he believed he was being retaliated against, and/or filing his own Charge of Discrimination with the EEOC.

_____ Yes – for Plaintiff Ryan Robb

_____ No – for Defendant ~~Board of Trustees~~ *Parkland College.*

## B. Damages

We, the jury, award Plaintiff damages as follows:

$ _____ Compensatory Damages (mental or emotional pain and suffering, loss of a normal life, mental anguish, loss of enjoyment of life, stress, and other damages) that Plaintiff suffered because of retaliation in the form of termination of his employment. (Answer only if you found for Plaintiff on Claim No. 1 above.)

*refused*

*no obj*
*given*

*[signature]*

$ _____ Compensatory Damages (mental or emotional pain and suffering, loss of a normal life, mental anguish, loss of enjoyment of life, stress, and other damages) that Plaintiff suffered because of retaliation. (Answer only if you found for Plaintiff on Claim No. 2 above.)

_____          _____
Presiding Juror                              Juror

_____          _____
Juror                                          Juror

_____          _____
Juror                                          Juror

_____          _____
Juror                                          Juror

Dated: _____

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case the Defendant is a public community college. All parties are equal before the law. A unit of local government is entitled to the same fair consideration that you would give any individual person.

Given _____

Given as Modified_____

Refused _____

Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO. 1.03 modified DEFENDANT'S INSTRUCTION NO. 1

## TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Page **1** of **2**

Given _____

Given as Modified_____

Refused _____

Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO. 1.13 DEFENDANT'S INSTRUCTION NO. 2

Page **2** of **2**

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Given _____
Given as Modified_____
Refused _____
Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO.
1.14 DEFENDANT'S INSTRUCTION NO. 3

*Reserve ruling*
*refused obj.*

Page **2** of **2**

## MULTIPLE CLAIMS

You must give separate consideration to each of Plaintiff's claims in this case. In this case Plaintiff claims that he was the subject of retaliation: 1) in regard to his terms and conditions of employment; and 2) as a result of a reduction in force.

Given _____

Given as Modified_____

Refused _____

Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO. 1.25 modified DEFENDANT'S INSTRUCTION NO. 4

## NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the Defendant on the question of liability, then you should not consider the question of damages.

Given _____

Given as Modified_____

Refused _____

Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO.
1.31DEFENDANT'S INSTRUCTION NO. 5

## RETALIATION

### Terms and Conditions of Employment

Plaintiff claims that he was subjected to less favorable terms and conditions of employment by Defendant because he acted as a witness in the investigation of a coworker's charge of discrimination or filing his own charge of retaliation. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant both subjected him to less favorable terms and conditions of employment and the Defendant did so because he acted as a witness in the investigation of a coworker's charge of discrimination or filing his own charge of retaliation. To determine that Plaintiff was subjected to less favorable terms and conditions of employment because he acted as a witness in the investigation of a coworker's charge of discrimination or filing his own charge of retaliation, you must decide that Defendant would not have subjected him to the same terms

and conditions of employment if he had not acted as a witness in the investigation of a coworker's charge of discrimination or filed his own charge of retaliation under the same circumstances.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff on this claim. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on this claim.

## Reduction in Force

Plaintiff claims that his employment was terminated pursuant to a reduction in force by Defendant because he acted as a witness in the investigation of a coworker's charge of discrimination or filing his own charge of retaliation. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant terminated his employment pursuant to a reduction in force because he

acted as a witness in the investigation of a coworker's charge of discrimination or filing his own charge of retaliation. To determine that Plaintiff's employment was terminated pursuant to a reduction in force because he acted as a witness in the investigation of a coworker's charge of discrimination or filing his own charge of retaliation, you must decide that Defendant would not have terminated his employment pursuant to a reduction in force if he had not acted as a witness in the investigation of a coworker's charge of discrimination or filed his own charge of retaliation under the same circumstances.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff on this claim. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on this claim.

Page **3** of **4**

Given _____
Given as Modified_____
Refused _____
Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO.
3.02 modified DEFENDANT'S INSTRUCTION NO. 6

*obj. refused*

Page **4** of **4**

# CAUTIONARY INSTRUCTION ON REASONABLENESS OF DEFENDANT'S ACTION

In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant subjected him to less favorable terms and conditions of employment or terminated his employment pursuant to a reduction in force because he acted as a witness in the investigation of a coworker's charge of discrimination or filed his own charge of retaliation.

Given _____
Given as Modified_____
Refused _____✓_____
Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO. 3.07 modified DEFENDANT'S INSTRUCTION NO. 7

## DAMAGES: GENERAL

If you find that Plaintiff has proved any of his claims against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove his claims, then you will not consider the question of damages.

Given _____
Given as Modified_____
Refused _____
Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO. 3.09 DEFENDANT'S INSTRUCTION NO. 8

## COMPENSATORY DAMAGES

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the mental aspects of injury, even if it is not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1. The mental/emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No

evidence of the dollar value of mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

2. The reasonable value of the impairment to Plaintiff's future earning capacity caused by the Defendant.

*objection*

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO. 3.09 DEFENDANT'S INSTRUCTION NO. 9

*See IIS 9*
*refused*

*given no obj*

*Withdrawn*

Page **2** of **2**

## **VERDICT FORM**

On the retaliation claim of plaintiff Ryan Robb based on less favorable terms and conditions of employment, we find in favor of:

_____        or        _____

Plaintiff Ryan Robb        Defendant Parkland
College


On the retaliation claim of plaintiff Ryan Robb based on termination of his employment pursuant to a reduction in force, we find in favor of:

_____        or        _____

Plaintiff Ryan Robb        Defendant Parkland
College


***Note:***

***Complete the following paragraph only if one of the above finding is in favor of the plaintiff. If the above findings are both in favor of the defendant, sign and***

Page **1** of **2**

*date this form because you have completed your deliberations.*

We find the plaintiff's damages, which does not include lost wages or benefits, to be:

$ _____

     state the amount or, if you find that

     the plaintiff's damages do not have

     a monetary value, write in the

     nominal amount of One Dollar

     $1.00.

[signature lines]

*Objection*

Given _____
Given as Modified _____
Refused _____ *Refused* _____
Withdrawn _____

~~PATTERN~~ CIVIL JURY INSTRUCTION 7TH CIRCUIT NO. 10.80 modified DEFENDANT'S INSTRUCTION NO. 10

Page **2** of **2**

*Plaintiff's New*

## **PLAINTIFF'S JURY INSTRUCTION NO. 10**

### **MATERIALLY ADVERSE ACTION**

A materially adverse action is one which might well have dissuaded a reasonable worker from engaging in protected activity such as making or supporting a charge of discrimination. The harm is judged by an objective standard but context matters: as the Court noted, a retaliatory schedule change, for example, may not be significant for some employees but may matter enormously to a parent with young children. An act that is immaterial in some situations might be material in others.

Although petty bureaucratic nastiness might not be enough to meet the materiality requirement for an employee bringing a retaliation claim on her own behalf, when an employee is supporting a colleague's charge of discrimination, this lesser retaliation might induce the employee to withhold support because it takes less to deter

*OB) refused*

an altruistic act than to deter a self-interested one, possibly

meeting the standard in that circumstance.

**PLAINTIFF'S JURY INSTRUCTION NO. 11**

### DEFINITION OF "DIRECT"
### AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching

your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

In this case, such circumstantial evidence may include suspicious timing, ambiguous statements of animus, evidence other employees were treated differently, or evidence the employer's proffered reason for the adverse action was pretextual.

*Defendant's New*

# DAMAGES: GENERAL

If you find that Plaintiff has proved that he was subjected to less favorable terms and conditions of employment by Defendant because he acted as a witness in the investigation of a coworker's charge of discrimination or *+ 'inter* filing his own charge of retaliation, then you must determine *gv* what amount of damages, if any, Plaintiff is entitled to recover because of being subjected to less favorable terms and conditions of employment.

Additionally, if you find that Plaintiff has proved that he was terminated pursuant to a reduction in force by Defendant because he acted as a witness in the investigation of a coworker's charge of discrimination or filing his own charge of retaliation, then you must determine what amount of damages, if any, Plaintiff is entitled to recover because he was terminated pursuant to a reduction in force.

Plaintiff must prove his damages in relation to each of

his claims by a preponderance of the evidence.

If you find that Plaintiff has failed to prove his claims,

then you will not consider the question of damages.

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO. 3.09 DEFENDANT'S INSTRUCTION NO. 8 (modified)

New

## Materially Adverse Employment Action

Plaintiff must prove that his less favorable terms and conditions of employment were a "materially adverse employment action." Not everything that makes an employee unhappy is a materially adverse employment action. It must be something more than a minor or trivial inconvenience. For example, a materially adverse employment action exists when someone's pay or benefits are decreased; when his job is changed in a way that significantly reduces his career prospects; or when job conditions are changed in a way that significantly changes his work environment in an unfavorable way.

Given _Over obj._

Given as Modified_____

Refused _____

Withdrawn _____

PATTERN CIVIL JURY INSTRUCTION 7TH CIRCUIT NO. 3.01 (Committee Comments (e) (Modified) DEFENDANT'S INSTRUCTION NO. ____

## AGREED JURY INSTRUCTION NO. 3

## JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

500.

**AGREED JURY INSTRUCTION NO. 4**

**FUNCTIONS OF THE COURT AND THE JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## AGREED JURY INSTRUCTION NO. 5

### NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Not Given

## AGREED INSTRUCTION NO. 6

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

I have taken judicial notice of certain facts. You must accept those facts as proved.

**AGREED JURY INSTRUCTION NO. 7**

**WHAT IS NOT EVIDENCE**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the

issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## AGREED JURY INSTRUCTION NO. 8

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**AGREED JURY INSTRUCTION NO. 9**

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## AGREED JURY INSTRUCTION NO. 10

### LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**AGREED JURY INSTRUCTION NO. 11**

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.



## AGREED JURY INSTRUCTION NO. 12

### DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## **AGREED JURY INSTRUCTION NO. 13**

### **LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

## **AGREED JURY INSTRUCTION NO. 14**

### **NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## AGREED JURY INSTRUCTION NO. 15

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**AGREED JURY INSTRUCTION NO. 16**

**DEMONSTRATIVE EXHIBITS**

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

*refused*
*no demos. ex¹*

**AGREED JURY INSTRUCTION NO. 17**

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## **AGREED JURY INSTRUCTION NO. 18**

### **SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**AGREED JURY INSTRUCTION NO. 19**

**COMMUNICATION WITH COURT**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## AGREED JURY INSTRUCTION NO. 20

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**AGREED JURY INSTRUCTION NO. 21**

**DAMAGES: GENERAL**

If you find that Plaintiff has proved any of his retaliation claims against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of his claims, then you will not consider the question of damages.

You must give separate consideration to each claim in this case.

## AGREED JURY INSTRUCTION NO. 1

### CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**AGREED JURY INSTRUCTION NO. 2**

**STIPULATIONS OF FACT**

The parties have stipulated, or agreed, that [*stipulated fact*].

You must now treat this fact as having been proved for the purpose

of this case.

**AGREED JURY INSTRUCTION NO. 2**

**STIPULATIONS OF FACT**

The parties have stipulated, or agreed, that:

1.    Plaintiff began his employment with Defendant at Parkland College on August 18, 2003.

2.    Plaintiff became a full-time faculty member in the Parkland College Agriculture Program beginning September 1, 2003.

3.    As a full-time faculty member, the Plaintiff was a member of the Parkland Academic Employees Union.

4.    On January 18, 2006, the Defendant Board of Trustees approved the recommendation of Plaintiff's Department Head, Bruce Henrikson, and granted Plaintiff tenure.

5.    At all times relevant to this case, Plaintiff and Defendant were and are "persons," as defined in 42 U.S.C. § 2000e(a).

6.    At all times relevant to this case, Defendant was and is an "employer," as defined in 42 U.S.C. § 2000e(b).

7.    At all times relevant to this case, Plaintiff was an "employee" of Defendant, as defined in 42 U.S.C. § 2000e(f).

8.    Plaintiff filed his Charge of Discrimination with the EEOC on April 5, 2017.

9.    Plaintiff filed a Harassment/Discrimination Complaint with the Parkland College human resources department against Jennifer Fridgen, which is dated April 4, 2017.

10.    Plaintiff filed a Harassment/Discrimination Complaint with the Parkland College human resources department against James (Jim) Mansfield, which is dated April 4, 2017.

11.    Plaintiff's position with Defendant and Parkland College was eliminated through a reduction-in-force, which was approved by the Defendant Board of Trustees on October 17, 2018.

12.    The reduction-in-force resulted in the layoff of Plaintiff from Parkland College, beginning with the 2019-2020 Academic Year.

13.    Defendant did not terminate Plaintiff's employment as a result of any misconduct or wrongdoing by Plaintiff.

14.    Plaintiff was employed by Parkland College from August 18, 2003 through May 16, 2019.

15.    Plaintiff's most recent position with Defendant was as a full-time faculty member and college professor in the Agricultural Program within the Agriculture, Engineering, Science, and Technologies Department of Parkland College.

16.    Cassandra Wolsic filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 22, 2015.

You must now treat these facts as having been proved for the purpose of this case.

## RETALIATION

## **Terms and Conditions of Employment**

Plaintiff claims that he was retaliated against by being subjected to less favorable terms and conditions of employment by Defendant because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, and he filed his own EEOC charge of retaliation.

To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant both retaliated against him by subjecting him to less favorable terms and conditions of employment and the Defendant did so because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, or he filed his own EEOC charge of retaliation.

To determine that Plaintiff was subjected to less

favorable terms and conditions of employment because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, or he filed his own EEOC charge of retaliation, you must decide that Defendant would not have subjected him to the same terms and conditions of employment if he had not acted as a witness in the investigation of a coworker's EEOC charge of discrimination, filed internal retaliation complaints, or filed his own EEOC charge of retaliation.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff on this claim. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on this claim.

## **Reduction in Force**

Plaintiff claims that his employment was retaliated

against by termination of his employment pursuant to a reduction in force by Defendant because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, and he filed his own EEOC charge of retaliation. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant terminated his employment pursuant to a reduction in force because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, and he filed his own EEOC charge of retaliation. To determine that Plaintiff's employment was terminated pursuant to a reduction in force because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, or he filed his own EEOC charge of retaliation, you must decide that Defendant would not have terminated his employment pursuant to a

Page **3** of **4**

reduction in force if he had not acted as a witness in the investigation of a coworker's EEOC charge of discrimination, filed internal retaliation complaints, or filed his own EEOC charge of retaliation.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff on this claim. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on this claim.

## DAMAGES: GENERAL

If you find that Plaintiff has proved that he was retaliated against by being subjected to less favorable terms and conditions of employment by Defendant because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, he filed his own EEOC charge of retaliation, then you must determine what amount of damages, if any, Plaintiff is entitled to recover because of being subjected to less favorable terms and conditions of employment.

Additionally, if you find that Plaintiff has proved that he was terminated pursuant to a reduction in force by Defendant because he acted as a witness in the investigation of a coworker's EEOC charge of discrimination, he filed internal retaliation complaints, or he filed his own EEOC charge of retaliation, then you must determine what amount of damages, if any, Plaintiff is entitled to recover because he

was terminated pursuant to a reduction in force.

Plaintiff must prove his damages in relation to each of his claims by a preponderance of the evidence.

If you find that Plaintiff has failed to prove his claims, then you will not consider the question of damages.

## **VERDICT FORM**

**A.   Liability**

(If you find for Plaintiff Ryan Robb on one or more of the following claims, you must then proceed to Section B.)

**1.**   We, the jury, find as follows on Plaintiff Ryan Robb's claim against Defendant that he was subjected to less favorable terms and conditions of employment in retaliation for engaging in the protected activities of acting as a witness in the investigation of his co-worker's EEOC charge of discrimination, filing internal retaliation complaints, or filing his own EEOC charge of retaliation.

_____   Yes – for Plaintiff Ryan Robb

_____   No – for Defendant Board of Trustees of Community College District No. 505 (Parkland College) Counties Of Champaign, Coles, Dewitt, Douglas, Edgar, Ford, Iroquois, Livingston, Mclean, Moultrie, Piatt, Vermilion and State Of Illinois

**2.** We, the jury, find as follows on Plaintiff Ryan Robb's claim against Defendant that his employment was terminated pursuant to a reduction in force in retaliation for engaging in the protected activities of acting as a witness in the investigation of his co-worker's EEOC charge of discrimination, filing internal retaliation complaints, or filing his own EEOC charge of retaliation.

_____     Yes – for Plaintiff Ryan Robb

_____     No – for Defendant Board of Trustees of Community College District No. 505 (Parkland College) Counties Of Champaign, Coles, Dewitt, Douglas, Edgar, Ford, Iroquois, Livingston, Mclean, Moultrie, Piatt, Vermilion and State Of Illinois

## B. **Damages**

**1.** We, the jury, award Plaintiff Ryan Robb compensatory damages as follows: $ _____

(Answer only if you found for Plaintiff on Claim No. 1 above.)

**2.**   We,   the   jury,   award   Plaintiff   Ryan   Robb

compensatory damages as follows:  $ _____

(Answer only if you found for Plaintiff on Claim No. 2

above.)

_____            _____

Presiding Juror                          Juror

_____            _____

Juror                                    Juror

_____            _____

Juror                                    Juror

_____

Juror

Dated: _____

**AGREED JURY INSTRUCTION NO. 16**

**DEMONSTRATIVE EXHIBITS**

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

*Withdrawn*

## AGREED JURY INSTRUCTION NO. 20

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.